Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Cirstan Fitch (268646)
cfitch@gerardfoxlaw.com
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone:   (310) 441-0500
Facsimile:   (310) 441-4447

*Attorneys for Plaintiffs*
Andy Stone and Troy Powers

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual, | Case No.: 2:23-cv-09216 |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | **(1) DIRECT COPYRIGHT INFRINGEMENT** |
| | **(2) UNJUST ENRICHMENT** |
| MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY/ATV TUNES LLC., a Delaware limited liability company, SONY MUSIC ENTERTAINMENT, a New York General Partnership, KOBALT MUSIC PUBLISHING AMERICA, INC. a Delaware Corporation, UNIVERSAL MUSIC CORP., a Delaware Corporation, WALLY WORLD MUSIC LLC., a California limited liability company, and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

-1-

Plaintiffs, ANDY STONE and TROY POWERS, hereby allege as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 because the case arises under the Copyright Act (17 U.S.C. § 501).

2.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for related claims arising from the same incident herein alleged.

3.      This Court has diversity jurisdiction, pursuant to 28 U.S.C. §1332(a) pursuant to diversity jurisdiction.

4.      Venue in this judicial district is proper under pursuant to 28 U.S.C. §1400(a) because the Defendants reside or may be found within this district and personal jurisdiction may be properly obtained over the Defendants.

## PARTIES

5.      Plaintiff ANDY STONE ("Stone"), is a singer, songwriter and musician, a resident of the State of Louisiana. Stone's stage name is Vince Vance, of the band Vince Vance and the Valiants. ("Vance") Vance and Stone are used interchangeably and refer to the same person. Stone is a co-author of the musical composition entitled "*All I Want for Christmas Is You*" and a legal and/or beneficial owner of a ½ copyright interest in and to that musical composition with Troy Powers

6.      Plaintiff TROY POWERS ("Powers"), is a songwriter and musician, a resident of the State of Tennessee. Powers is a co-author of the musical composition entitled "*All I Want for Christmas Is You*" and a legal and/or beneficial owner of a ½ copyright interest in and to that musical composition with Andy Stone.

7.      On information and belief, Defendant MARIAH CAREY ("Carey"), is a singer, songwriter, and a resident of the State of New York and, at all material times, is and was doing business in the State of California within this judicial district.

8.      On information and belief, Defendant WALTER AFANASIEFF ("Afanasieff"), is a record producer, songwriter, and a resident of the State of

COMPLAINT FOR DIRECT COPYRIGHT INFRINGEMENT

California, and, at all material times, is and was doing business in the State of California within this judicial district.

9.      On information and belief, Defendant SONY/ATV MUSIC PUBLISHING, LLC. ("Sony/ATV") is a limited liability company existing under the law of the State of Delaware, authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California. On information and belief, plaintiffs allege that Sony owns or co-owns the publishing rights in and to the infringing musical composition "*All I Want for Christmas Is You*."

10.     On information and belief, Defendant SONY MUSIC ENTERTAINMENT ("Sony Ent.") is a general partnership existing under the law of the State of New York, authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California. On information and belief, Plaintiffs allege that Sony Ent. owns or co-owns the distribution rights in and to the infringing musical composition "*All I Want for Christmas Is You*."

11.     On information and belief, Defendant UNIVERSAL MUSIC CORP. ("Universal") is a corporation existing under the law of the State of Delaware, admitted and authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California. On information and belief, Plaintiffs allege that Universal owns or co-owns the publishing rights in and to the infringing musical composition "*All I Want for Christmas Is You*."

12.     KOBALT MUSIC PUBLISHING AMERICA INC. ("Kobalt") is a Delaware corporation formed with its principal place of business in Tennessee and doing business throughout the state of California, including Los Angeles County. On Information and belief, Plaintiffs allege that Kobalt owns or co-owns the publishing rights in and to the infringing musical composition "*All I want for Christmas is You.*"

13.     WALLY WORLD MUSIC LLC. ("Wally") is a California limited liability company existing under the laws of the State of California, active and authorized to conduct business in the State of California, and with offices in the

COMPLAINT FOR DIRECT COPYRIGHT INFRINGEMENT

County of Los Angeles, State of California. On information and belief, Plaintiffs allege that Wally owns or co-owns the publishing rights in and to the infringing musical composition "*All I Want for Christmas is You."*

14.     The true names and capacities of all defendants sued herein as Does 1 through 10 (the "Doe Defendants") are unknown to Plaintiffs, who therefore sues such defendants by such fictitious names. If necessary, Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiffs are informed and believes, and on that basis alleges, that the Doe Defendants direct, control, ratify, participate in, materially contribute to, profit from, induce, encourage, facilitate, and/or are the moving force behind the violations of Plaintiffs' copyrights or are otherwise liable to Plaintiffs as a result of their participation in all or some of the acts set forth hereinafter. Plaintiffs are further informed and believes and therefore alleges that each of the Doe Defendants 1 through 10 are liable to Plaintiffs in connection with one or more claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## **GENERAL ALLEGATIONS**

### **Vince Vance and the Valiants' "*All I Want for Christmas is You."***

15.     Plaintiff Stone is a musician, singer, and songwriter.  He performs under the stage name of Vince Vance, as the lead musician and vocalist for the country music band Vince Vance and the Valiants. Since roughly 1971, Stone has performed his hit songs in over 8,000 concerts across more than twenty countries.

16.     Vance was inducted into the Louisiana Music Hall of Fame in 2010.

17.     Since their inception Vince Vance and the Valiants have released 30 CD albums, of which 3 songs have attained Number One status on various charts, including their number one Christmas song released in 1989: "All I Want for Christmas is You."

18.     In 1988, Plaintiffs Stone and Powers co-authored the song entitled "*All I Want for Christmas Is You*," which was recorded by Vince Vance and Valiants and

released to the public in 1989. Plaintiffs Stone and Powers are co-authors of the work in this action.

19.    After its release, "*All I Want for Christmas Is You*" became a country music hit.  After extensive seasonal airplay in 1993, "*All I Want for Christmas Is You*" appeared on Billboard's Hot Country chart in January 1994. Vince Vance's "*All I Want for Christmas Is You*" returned seasonally to Billboard's Hot Country chart five more times throughout the 1990s, peaking at No. 31.

20.    "*All I Want for Christmas Is You*" helped Vince Vance and the Valiants gain national prominence. In April 1994, Vince Vance and the Valiants performed at the White House, and were invited back again for a second performance in 1995.

21.    In 2002 Vance's song "*All I Want for Christmas Is You*" crossed over to Billboard's Hot 100 Airplay chart and peaked at No. 23.

22.    In 2021, singer songwriter and the premier American Idol Kelly Clarkston properly licensed "*All I Want for Christmas Is You"* before recording her version to a holiday album she put out that same year.

23.    "*All I Want for Christmas Is You*" contains a unique linguistic structure where a person, disillusioned with expensive gifts and seasonal comforts, wants to be with their loved one, and accordingly writes a letter to Santa Claus saying, "I don't need . . . sleigh rides in the snow," and that "Santa can't bring me what I need. . . ."

24.    The next lines of "*All I Want for Christmas Is You*" further the linguistic sequence with the lyrical phrases that "just one thing"—an unnamed "you" standing "underneath the Christmas tree"— amounts to the narrator's "dream come true."

25.    The inclusion and universality apparent in these lyrics is a contributing factor to its phenomenal success. Anyone can inhabit these lyrics, the loved one is not named, the speaker is not gendered, allowing anyone to put themselves in that same position as needing the presence of a loved one at the holidays. Moreover, it is a secular song and not a religious Christmas carol.

COMPLAINT FOR DIRECT COPYRIGHT INFRINGEMENT

26.     Through Plaintiffs' own originality they created these original and unique lyrical phrases, and syncopated melodies.

27.     Plaintiffs' work further uses the lyrical phrase "All I want for Christmas is you" at the end of every verse throughout the song.  This phrase emotes a sentiment and "feel" of longing in which the narrator favorably contrasts their desire for their unnamed loved one, to their indifference to material goods and seasonal comforts. The only thing on their mind and heart this Christmas, is "you".

**28.**     While previous artists have used the phrase "all I want for Christmas is you," within their copyrighted works, those do not make Plaintiffs' expression any less original. The phrase describes the human condition, and the need for the company of another above all else at Christmastime.

**29.**     The phrase "all I want for Christmas is you" may seem like a common parlance today[1], in 1988 it was, in context, distinctive.[2] Moreover, the combination of the specific chord progression in the melody paired with the verbatim hook was a greater than 50% clone of Vance's original work, in both lyric choice and chord expressions.

**30.**     The lyrics and melody are the most significant aspects of intellectual property claims in music, and in this case the lyrics and melody provide the clearest evidence of similarity between the two works. There are also notable similarities in the harmonic and rhythmic aspects. "All I Want for Christmas is You." is featured prominently in the chorus of Plaintiffs' work and similarly, that identical hook appears in the introduction, within every chorus, and in every refrain of defendants' work.

### Defendants' Infringement

---

[1] In large part due to the success of the infringing song by Mariah Carey, "*All I Want for Christmas is You.*"

2.  The popularity of Defendants' infringing work, in large part, served to diffuse this phrase in popular culture.

31.     In 1994, Defendants Carey and Afanasieff claim to have co-authored the musical composition entitled "*All I Want for Christmas Is You*."  The composition was recorded and performed by Defendant Carey and was released to the general public on or about October 29, 1994, as a part of her first Christmas album "*Merry Christmas.*"

32.     Carey's "*All I Want for Christmas Is You*" copies Plaintiffs' compositional structure of an extended comparison between a loved one and trappings of seasonal luxury, and further includes several of Plaintiffs' lyrical phrases. Beyond the lyrical hook "[a]ll I want for Christmas is you," Defendants directly copy and include the exact lyrics "I don't need . . . " presents "underneath the Christmas tree." Instead, like Plaintiffs' original work, Carey implores Santa to "bring me the one thing I really need," an unnamed "you," to make their "wish come true."  In all, the infringed copyrighted lyrics account for approximately 50% of "*All I Want for Christmas Is You.*" The chord progression and melodic similarities push this percentage of infringement still higher.[3]

33.     Just like "*All I Want for Christmas Is You*," Defendants' work contains a repeated two-part sequence with seasonal trappings being rejected in favor of a longing to be with an unnamed "you" through an extended comparison. In Defendants' version, changes to Plaintiffs' phrases are de minimis, including the term "wish" replacing the term "dream," and verb "want" replacing the verb "need." Regardless of these nominal alterations, the sequence is substantially similar to the sequence in "*All I Want for Christmas Is You*" created by Plaintiffs.

34.     Defendants undoubtedly had access to "*All I Want for Christmas Is You*" prior to writing and releasing "*All I Want for Christmas Is You*" given its wide commercial and cultural success. The timeline of distribution of the two songs and the appearance of Vance's performing the work at the White House in the spring of '94

---

[3] From Dr. Sakakeeny's July 11, 2022 report.

and charting on the Billboard Hot Country Chart in January of 1994, 9 months before Carey's version was included in her own holiday album, points to the overwhelming likelihood that Carey and Afanasieff both career musicians and songwriters, who knew the importance of charting on Billboard, had access to the Vance work prior to the composition of the infringing work in question.

35.     Defendant Carey has capitalized on the success of her infringing work. *"All I Want for Christmas is You,"* has become a ubiquitous part of popular culture, and Carey's name has become synonymous with the season. Defendant Carey has fully embraced her coronation as the "Queen of Christmas." The success of this song, in particular, has led Carey to build what Billboard magazine described as "A growing holiday mini-empire." In March 2021, Carey attempted to trademark the phrase "Queen of Christmas." In November of 2022, the trademark trial and appeal board rejected her request.

36.     Indeed, the glow of success from this one song, has revitalized Defendant Carey's career, as she headlines concert and events at all times of the year. "*All I Want for Christmas is you*" helped to propel Mariah Carey's career, and boost her revenue from performance requests.

37.     Within weeks of its release, Carey's "*All I Want for Christmas Is You*" reached No. 6 on Billboard's Hot Adult Contemporary chart and No. 12 on Billboard's Hot 100 Airplay chart. The song went on to become a massive worldwide hit for Carey. There was a remix version released in 1994 dubbed "*All I Want for Christmas is You (So So Def Remix)".* Carey re-recorded and re-issued the song in 2010 dubbed the "Extra Festive version", and in 2011 yet another version with Justin Bieber dubbed the "Super Festive version." By 2019, Carey's "*All I Want for Christmas Is You*" reached No. 1 on Billboard's Hot Holiday100 chart, and continues its chart dominance returning to this rank seasonally every subsequent year.

38.    In 2021 the Work crossed over and garnered the #1 spot on Billboards Hot 100 list. The highest rank possible across all genres, the holy grail of any song charting.

39.    Carey's "*All I Want for Christmas Is You*" was released digitally on April 1, 2003, becoming RIAA Platinum certified in 2009. By December 14, 2022, the digital version of Carey's "*All I Want for Christmas Is You*" has been certified 12 times Platinum by RIAA, with over 12 million certified units sold.[4]

40.    "According to a 2016 Nielsen report, "*All I want for Christmas is You*" was the only song to make the top five holiday songs for radio airplay, streaming services and song purchases, helping to demonstrate the track's appeal across generations of platforms. (In 2018) Nielsen, found that total digital streaming of audio and video for the song clocked in at just under 229 million, while digital sales this song were 100,000 and radio airplay checked in at over 42,000. The multi-platinum song consistently tops the Billboard holiday Hot 100 and made history in early 2019 when the hit #3 on the Billboard Hot 100, became the first holiday song in 60 years to break up the top five, and the second ever holiday song to chart that high."… In 2018 "Spotify saw an increase in streams of "*All I want for Christmas is you*" of 2077% between October and December."… "All I Want for Christmas is You" hitting # 1 on the Billboard Hot 100 in 2019, 25 years after it was first released, is a testament to the song's lasting power and influence." [5]

41.    When we are talking about the success of the song, we are not just talking about streaming, and traditional purchases. There are a number of other ways the song has created a windfall for the infringing Defendants – a windfall the original copyright

---

[4] *McIntyre, Hugh. "Mariah Carey's All I Want For Christmas Is You' Becomes The First Holiday Single To Be Certified Diamond". Forbes. Archived from the original on December 3, 2021. Retrieved December 3, 2021*

[5] "Wish Come True: Mariah Carey's 'All I Want for Christmas Is You' Hits No. 1 on Hot 100 After 25-Year Wait". *Billboard*. Archived from the original on December 16, 2019. Retrieved December 16, 2019.

holders do not get to partake in. Carey has appeared in a multitude of "live performances, tours and residencies she has done in honor of the song, including her upcoming limited run tour in the honor of the songs 25th anniversary date, which will include stops at her Las Vegas residency at the Coliseum and Madison Square Garden. Carey also plans to release a reissued version of the original Christmas album.[6]"

42.     In 2017 The Economist wrote, "The 13 most popular Christmas songs on Spotify, a music streaming service, have amassed 1 billion plays between them. The most popular of them, "*All I want for Christmas is you,*" written in 15 Minutes and recorded by Mariah Carey in 1994, accounts for 210 million of those plays. It has earned over $60 million in royalties since its release.[7]" Noting that this was years before the song switched to the Billboard hot 100 chart, and rose to the very top. Conservative estimates put that number at closer to having earned $80 million in royalties by 2022 year's end.

43.     The undeniable success of what the Plaintiffs' claim infringes their original work requires the highlighting of just a few illustrative facts. "*"All I Want for Christmas is You,*" became the first holiday song to be certified Diamond by the Recording Industry Association of America."[8] "Carey's holiday album *Merry Christmas* has sold over 15 million copies worldwide, and is the best-selling Christmas album."[9] The single has sold similarly stellar numbers, "With sales of over 14 million copies worldwide, it is one of the best-selling physical singles in music

---

[6] Lang, Cady. "How Mariah Carey's "*All I Want for Christmas is You" Supra.*

[7] Graphic detail/ Daily Chart by the Data Team "The music industry should be dreaming of a white Christmas." The Economist, 11/30/2017 https://economist.com/graphic-detail/2017/11/30/the-music-industry-should-be-dreaming-of-a-white-christmas. Accessed: 10/30/23

[8] *"Mariah Carey's "All I Want for Christmas is You" Makes History"*. Recording Industry Association of America. *Recording Industry Association of America.* December 3, 2021. Retrieved December 4, 2021.

[9] Frere-Jones, Sasha (April 3, 2006). *"On Top: Mariah Carey's Record-Breaking Career".* The New Yorker. Retrieved December 10, 2010.

COMPLAINT FOR DIRECT COPYRIGHT INFRINGEMENT

history and the best-selling holiday song by a female artist."[10] Streaming receipts are also galactic, "hold(ing) the record for the most Spotify streams in a single day (over 20 million plays on December 24, 2022)."[11] "In 2021, the song earned one billion streams on Spotify, making it both Carey's first song and the first holiday song overall to do so."[12] Even the *"All I Want for Christmas is You*," ringtone is breaking records as "the only holiday ringtone to reach multi-platinum status in the US."[13]

44.     ""*All I Want for Christmas is You*," is the gift that keeps on giving for its writers and label. In 2021 the master recording of Carey's version of her song co-written with Walter Afanasieff, generated 1.747 million song consumption units in the United States, according to Luminate. Of that, 48,000 were from track downloads, 200 million came from on demand audio streams, 52.5 million came from video on-demand streams and 24 million from programmed streams. Combined, those plays and downloads generated $1.36 million for Carey and her label, Sony Music, *Billboard* estimates. Meanwhile, the songs publishing, including mechanicals for the track from the physical sales of the five Carey albums it appears on brought in another $378,000 last year. However, the United States only accounted for 51% of download sales and 30.7% of on demand streaming, so when you look at the song globally and take into account the total of 94,000 song downloads and 823 million streams, billboard estimates that in 2021 the Carey master recording version of the song brought in almost $4.5 million, while it's publishing royalties generated another $1.66

---

[10] *"Everything You Need to Know About 'All I Want for Christmas Is You' By Mariah Carey"*. abc News. December 23, 2014. *Archived* from the original on December 12, 2022. *Retrieved December 12, 2022*

[11] Butler, Karen (December 25, 2020). *"Mariah Carey celebrates stream record for 'All I Want For Christmas'"*. *Upi*. Retrieved July 18, 2021

[12] "Mariah Carey's 'All I Want For Christmas Is You' Reaches Both A Billion Streams And Diamond Certification". *UPROXX*. December 6, 2021. Retrieved December 8, 2021.

[13] "Mariah Carey's '*All I Want For Christmas Is You*' Is World's First Double Platinum Holiday Ringtone". TheStreet. PR Newswire. December 17, 2009. Archived from the original on January 12, 2012. Retrieved June 29, 2010

million. Combined, that comes to $6.16 million in global revenue and publishing royalties. Of the master recording revenue, billboard estimates Carey's royalties at $1.55 million, which would leave Sony with $2.95 million."[14]

45.     The success of the song is not limited to fiscal calculus of its earnings, "In 2023, the song was selected by the Library of Congress for preservation in the National Recording Registry, due to its "cultural, historical and aesthetic importance" in the American soundscape."[15]

46.     Defendant Afansieff, who is a professional record producer and songwriter, purportedly composed "*All I Want for Christmas Is You*" in a mere quarter of an hour with co-defendant Carey. But even this hubristic retelling strains credulity. Apparently, Carey created a conflicting provenance, seemingly out of thin air, about writing the song in 15 minutes when she was a minor. Afansieff later voiced his strong dissenting opinion on Carey's version of the song's origin story. It is Plaintiff's contention that however short that period of minutes it took for co-defendants to create their '94 version, the resulting song was unlicensed and it infringed upon Plaintiff's original Copyrighted work.

47.     On the Podcast Hot Takes & Deep Dives with Jess Rothschild, Afansieff blasted Carey's retelling of how they allegedly co-wrote *All I Want for Christmas is You* 28 years ago… Afansieff claimed "that he and Carey 'were on the same page' about how they wrote the song. However, it wasn't until 10 years ago that 'an alternative story' was shared about the(ir) songwriting process"… "when she started to hint that at the fact that 'Oh, I wrote that song when I was a little girl!' But why weren't you saying that 12 or 13 or 15 years prior to that?" Afansieff said on the podcast. "So, it sort of developed in her mind? Over the years, Carey has claimed to

---

[14] 'How much does Mariah Carey make from 'All I want for Christmas is You'? December 19th 2022 Billboard Business News by Ed Christman.

[15] "Mariah Carey Is 'Honored Beyond Belief' to Be Inducted Into the Library of Congress' National Recording Registry". *Billboard*. April 13, 2023. Retrieved April 13, 2023.

have come up with the concept of the song when she was a child." Afanasieff goes on in the same podcast, "…she doesn't play anything, she doesn't play keyboard or piano," … "she doesn't understand music, she doesn't know chord changes in music theory or anything like that. She doesn't know a diminished chord, from an A minor 7th chord to A major 7th chord. So to claim that she wrote a very complicated chord structured song with her finger on a Casio keyboard when she was a little girl, it's kind of a tall tale. … She doesn't play any instrument."[16]

48.     Musicologists and commentators have suggested that the festive holiday mood created in the song is actually because of its dulcet harmony, including a specific minor subdominant chord, which these commentators have dubbed the most "Christmassy" chord of all (a diminished C-[6] chord). This chord is of course already found throughout Plaintiffs' version of the song. Specifically, the songs share a similar syncopated chord pattern. Using the same harmonic language for the C and G and diminished C-[6] chords throughout the two songs and that dulcet harmony directly lifted from Plaintiffs' original.

49.     Additionally, had Defendants listened to any country radio station in 1994, "*All I Want for Christmas Is You*" likely would have played, charting in January 1994 on the Billboard Country 100 list, further informing Defendants of Plaintiffs' copyrighted work. This occurred just as Defendants began work in earnest on what would become "*All I Want for Christmas Is You*" and was ultimately included on Mariah Carey's first holiday album, some 11 months later in December 1994.

50.     Defendants knew or should have known that "*All I Want for Christmas Is You*" could not be used in a musical work by Defendants without a license and/or songwriting credit, as is customary practice in the music industry.

---

[16] Rothschild, Jess Host. "Interview w/Mariah Carey's "All I Want For Christmas Is You" co-writer Walter Afanasieff." Hot Takes and Deep Dives, December 24, 2022, URL: http://redef.com/source/63a783e378aae6584ca29b2b. Accessed Date October 30th 2023.

51.    For example, Beyoncé's song "*Hold Up*" features lyrics from two previous copyrighted works—the Yeah Yeah Yeahs' "*Maps*" and Soulja Boy's "*Turn My Swag On*."  The chorus in "*Maps*" includes the lyrics "Wait, they don't love you like I love you / Slow down, they don't love you like I love you / Back up, they don't love you like I love you."

52.    Similarly, "*Turn My Swag On*" includes the lyrics "Hopped up out the bed turn my swag on / Took a look in the mirror said what's up" while "*Hold Up*" interpolates this lyric with "I hop up out the bed and get my swag on / I look in the mirror, say, 'What's up?'" Similar to how Carey's "*All I Want for Christmas Is You*" repeats the catalogue of things that Carey doesn't want from Santa, in comparison to "just one thing" she needs in each verse, the lyrics in "*Hold Up*" repeat the phrase "*What's Up*" three times at the end of the phrase.

53.    Even though "*Hold Up*" did not use the lyrics, nor the hook from "*Turn My Swag On*" or "*Maps*" verses verbatim, still the use of the lyrics from both these songs was cleared in advance with the copyright owners. This demonstrates the industry standard practice to clear such musical similarities.

54.    Beyoncé went further with her latest album, *Renaissance*. "She's marketed the album as a tribute to black and brown queer dance music innovators and has named them throughout her album when she has sampled them… For example, "*Break My Soul*" the first single off the record interpolated the house music diva Robin S. …Artists now realize that their music being interpolated into another song is beneficial for a lot of reasons; you can revive a career, it can give a leg up to an unknown artist because they are not credited. If they're not respected, if they're not credited, it's all meaningless.[17]" Beyoncé is an industry leader advocating for a new ethics of compositional credit and attribution.

---

[17] "Inspiration or theft? The rise of interpolation in the music industry" May 11, 2023 4:26 pm ET Ann Powers All Things Considered. NPR Music.

55.    To play or use any part of a song that is copyright protected, you will need two different licenses: a sync license for the composition and master use license for the sound recording. This requires permission from the composer or songwriter as well as the music producer or record label. Despite this industry standard practice, and a 50% overlap in exact lyrical syntax, Defendants never sought a license or other permission from Plaintiffs or their producers nor label.

56.    Defendants' infringing acts include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, licensing marketing and/or distributing the musical composition and sound recording of "*All I Want for Christmas Is You*". Defendants' infringement amounts to the unlawful appropriation of Plaintiffs' copyrighted material.

57.    Carey's "*All I Want for Christmas Is You*" has also been extensively licensed by Defendants to various third parties for commercial and advertising uses including film, advertisements, television, and video games. Including a featured performance scene in the penultimate act in the mega hit film *Love Actually* of 2003[18]. It also is the hit single off the RIAA certified Platinum[19] album from the film's soundtrack, also entitled *Love Actually*.

58.    On information and belief, Defendants have exploited, and continue to exploit "*All I Want for Christmas Is You*" in this District, the State of California, and throughout the United States and the World by reproducing, preparing derivative works, distributing, licensing, publicly performing and otherwise exploiting Carey's infringing work "*All I Want for Christmas Is You*" without crediting, licensing or even mentioning the songwriters who hold the Copyright to the original composition.

59.    Melody, lyrics, feel, when you combine these three elements and base your derivative copy on something that is more alike than dislike, it is those substantial

---

[18] The *Love Actually* film box office gross was $246.8 Million USD.
[19] The *Love Actually* soundtrack sold 1,625,654 copies in 32 countries.

COMPLAINT FOR DIRECT COPYRIGHT INFRINGEMENT

similarities that will upon closer inspection reveal the truth of Plaintiffs' claim of infringement. Carey has without licensing, palmed off these works with her incredulous origin story, as if those works were her own. Her hubris knowing no bounds, even her co-credited songwriter doesn't believe the story she has spun. This is simply a case of actionable infringement.

## FIRST CLAIM FOR RELIEF

### (For Direct Copyright Infringement Against All Defendants)

60.    Plaintiffs reallege and incorporate by reference each of the allegations in paragraphs 1 through 59 set forth above.

61.    Plaintiffs' composition "*All I Want for Christmas Is You*" contains copyrightable subject matter under the copyright laws of the United States. At all relevant times herein, Plaintiff was the owners of the copyright to "*All I Want for Christmas Is You*" which is the subject of a valid Certificate of Copyright Registration number: Pau001163343 issued by the Register of Copyrights on November 21st 1988. Attached here as EXH A.

62.    The lyrical phrases "Santa can't bring me what I need," and "you . . . [standing] underneath the Christmas tree . . . . All I want for Christmas is You" along with the two part sequence of comparison of unwanted seasonal material goods and a beloved person for Christmas detailed above is unique and original, and as such, is properly the subject of copyright protection.

63.    Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and prepare derivative works.

64.    Defendants have continued to copy and publicly perform Plaintiffs' copyrighted material and have authorized the making or distribution of phonorecords substantially utilizing Plaintiffs' copyrighted material in and as part of "*All I Want for Christmas Is You*" throughout the world.

65.     Defendants' exploitation of "*All I Want for Christmas Is You*" was made without Plaintiffs' knowledge or consent and constitutes a violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

66.     Plaintiffs are informed and believe, and thereon allege, that the foregoing acts of direct infringement have been willful and intentional, in disregard for and indifferent to Plaintiffs' rights.

67.     Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiff. Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities, whether or not collected and retained by them, as practical partners.

68.     As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c), or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b), at Plaintiffs' election, and such other relief as is provided by law. Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

69.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyright, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

70.     Defendants' actions have harmed Plaintiffs in an amount subject to proof at trial, but not less than $20,000,000.00, twenty million dollars.

## SECOND CLAIM FOR RELIEF

### (For Unjust Enrichment)

71. Plaintiffs reallege and incorporate by reference each of the allegations in paragraphs 1 through 70 set forth above.

72. On information and belief, Defendants have and continue to enjoy financial benefits, including profits from records sales and digital downloads, royalties, and licensing fees from their unauthorized and wanton use of Plaintiffs' unique creative work as the essence of Carey's "*All I Want for Christmas Is You*."

73. As of the time of filing of the above-captioned Complaint, Defendants have kept the aforesaid financial windfall generated by their unauthorized, unlicensed, and uncompensated use of Plaintiffs' copyrighted creative work "*All I Want for Christmas Is You*," thereby wrongfully taking the benefits of Plaintiffs' copyright property rights, depriving Plaintiffs of these benefits to Plaintiffs' detriment.

74. Defendants' actions have harmed Plaintiffs in an amount subject to proof at trial, but not less than $20,000,000.00, twenty million dollars.

**WHEREFORE**, Plaintiffs ANDY STONE and TROY POWERS pray for the following relief:

1. For a judicial determination that Plaintiffs' copyright has been infringed upon by Defendants.

2. For a temporary injunction to prevent or restrain infringement and misappropriation of Plaintiffs' copyrights and exclusive ownership interests.

3. For the impounding of all copies of Defendants' infringing work, including tangible phonorecord copies and electronic or digital copies.

4. For a final injunction to prevent or restrain further infringement and misappropriation of Plaintiffs' copyrights and exclusive ownership interests.

5. For the destruction of all copies of Defendants' infringing work, including tangible phonorecord copies and electronic or digital copies.

6. For damages in such amount as may be found subject to proof, but not less than $20,000,000.00 twenty million dollars.

7. For damages as permitted by law, including statutory damages.

8. For attorneys' fees and costs pursuant to 17 U.S.C. § 505.

9. For prejudgment interest.

10. For post-judgment interest, including post-judgment interest on statutory damages and attorneys' fees.

11. For any such other and further relief as the Court may deem just and proper.

## *DEMAND FOR JURY TRIAL*

*12.* Plaintiffs respectfully demand a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the U.S. Constitution.

DATED: November 1, 2023          BY:   GERARD FOX LAW P.C.

_____
Cirstan S. Fitch

Gerard P. Fox
Cirstan S. Fitch
*Attorneys for Plaintiffs*
ANDY STONE and TROY POWERS

## PROOF OF SERVICE

I, Adriana Diaz, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above referenced matter. My business address is: GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On November 1, 2023, I served the following documents, described as : **COMPLAINT FOR (1) DIRECT COPYRIGHT INFRINGEMENT; (2) UNJUST ENRICHMENT - DEMAND FOR JURY TRIAL** on the person(s) listed in the attached Service List. The document was served by the following means :

| | |
|---|---|
| ☐ | **By personal service**. I personally delivered the document to the persons at the addresses listed in the attached Service List. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m. For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**. I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**. I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List to and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached. |
| ☒ | **By electronic service**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 1, 2023

_____

Adriana Diaz

### SERVICE LIST

| | |
|---|---|
| Freedman + Taitelman, LLP<br>Bryan J. Freedman<br>1801 Century Park W<br>Los Angeles, CA 90067 | *Party Represented:* Mariah Carey |
| Walter Afanasieff<br>8636 Allenwood Road<br>Los Angeles, CA 90046 | *Party Represented:* Walter Afanasieff |
| Agent for Service of Process:<br>The Prentice-Hall Corporation System, Inc.<br>251 Little Falls Drive<br>Wilmington, DE 19808 | *Party Represented:* Sony/ATV Tunes LLC. DE LLC |
| Agent for Service of Process:<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | *Party Represented:* Sony Music Entertainment NY G.P. |
| Agent for Service of Process:<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | *Party Represented:* Kolbat Music Publishing America, Inc. DE Corp. |

PROOF OF SERVICE

| Agent for Service of Process:<br>The Corporation Trust Co.: Corporation Trust Center<br>1209 Orange Steet<br>Wilmington, DE 19801 | *Party Represented:* Universal Music Corp.<br>DE Corp. |
|---|---|
| Agent for Service of Process:<br>David R. Shrawn<br>2225 Barham Dr. Suite B.<br>Escondido, California 9202 | *Party Represented:* Wally World Music<br>LLC. |

SERVICE LIST