Peter Anderson, Esq. (Cal. Bar No. 88891)
     peteranderson@dwt.com
Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
     lindsaysamuel@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
     ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MARIAH CAREY, UNIVERSAL MUSIC
CORP., and SONY MUSIC ENTERTAINMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual, | Case No. 2:23-cv-09216-PA-JDEx |
| Plaintiffs, | ANSWER TO FIRST AMENDED COMPLAINT |
| vs. | |
| MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY/ATV TUNES LLC., a Delaware limited liability company, SONY MUSIC ENTERTAINMENT, a New York General Partnership, KOBALT MUSIC PUBLISHING AMERICA, INC. a Delaware Corporation, UNIVERSAL MUSIC CORP., a Delaware Corporation, WALLY WORLD MUSIC LLC., a California limited liability company, and DOES 1 through 10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**PRELIMINARY STATEMENT**

Plaintiffs Andy Stone and Troy Powers ("Plaintiffs"), after sitting silent for nearly thirty years—which itself is telling—now make the outrageous and insulting claim that Mariah Carey's *All I Want for Christmas* copies Plaintiffs' obscure and obviously different song.  Not only does Plaintiffs' song unlawfully copy an even earlier hit song, but the two songs' music and lyrics are completely different, with Plaintiffs absurdly relying on, for example, both song's references—like untold Christmas songs before them—to snow, mistletoe, presents under Christmas trees, and wanting a loved one for Christmas, and relying on generalized and unprotectable themes such as "the human condition, and the need for the company of another above all else at Christmastime."  First Amended Complaint at 6 ¶ 28.  Plaintiffs' claim is not only false but frivolous.

Defendants Mariah Carey, Universal Music Corp., and Sony Music Entertainment ("Defendants") answer the First Amended Complaint of plaintiffs Andy Stone and Troy Powers ("Plaintiffs"), as follows:

**"JURISDICTION AND VENUE"**[1]

1.      Answering paragraph 1 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that Plaintiffs contend that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 insofar as Plaintiffs purport to assert a claim under the Copyright Act, and Defendants deny each and every remaining allegation contained therein.

///

///

---

[1]      Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendants deny each and every allegation thereof.

2.      Answering paragraph 2 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that Plaintiffs allege that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 of related claims, Defendants deny that the First Amended Complaint includes any related claims, and Defendants deny each and every remaining allegation contained therein.

3.      Answering paragraph 3 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

4.      Answering paragraph 4 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that they have not challenged venue of this action as to them in this judicial district, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

## **"PARTIES"**

5.      Answering paragraph 5 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

6.      Answering paragraph 6 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

///

7.      Answering paragraph 7 of the First Amended Complaint, Defendants admit that Ms. Carey is, among other things, a singer, a songwriter, and a resident of the State of New York,  and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.

8.      Answering paragraph 8 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

9.      Answering paragraph 9 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

10.     Answering paragraph 10 of the First Amended Complaint, Sony Music Entertainment admits that it is a general partnership with its principal place of business in New York, has offices in the County of Los Angeles, California, is able to conduct business in California, and owns rights in a sound recording of the performance of the allegedly infringing work, and denies the remaining allegations contained therein. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

11.     Answering paragraph 11 of the First Amended Complaint, Universal Music Corp. admits that it is a Delaware corporation, has offices in the County of Los Angeles, California, is able to conduct business in California, and owns an interest in the allegedly infringing work, and denies the remaining allegations contained therein. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

///

3

12.     Answering paragraph 12 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

13.     Answering paragraph 13 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

14.     Answering paragraph 14 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph insofar as they relate to Defendants, or any of them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

15.     Answering paragraph 15 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

16.     Answering paragraph 16 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

17.     Answering paragraph 17 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

18.     Answering paragraph 18 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

///

///

19.     Answering paragraph 19 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

20.     Answering paragraph 20 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

21.     Answering paragraph 21 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

22.     Answering paragraph 22 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

23.     Answering paragraph 23 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

24.     Answering paragraph 24 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

25.     Answering paragraph 25 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent

the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

26.    Answering paragraph 26 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

27.    Answering paragraph 27 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

28.    Answering paragraph 28 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information

1  sufficient to form a belief as to the truth or falsity of the allegations in this paragraph
2  and, on that basis, deny those allegations.

3      29.    Answering paragraph 29 of the First Amended Complaint, Defendants
4  object that the allegations in this paragraph require the opinion of an expert and
5  purporting to require that Defendants respond at this time is improper and premature
6  under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this
7  paragraph, Defendants deny that the allegedly infringing work copies Plaintiffs'
8  alleged work or otherwise infringes Plaintiffs' alleged copyright, and Defendants lack
9  knowledge or information sufficient to form a belief as to the truth or falsity of the
10  allegations in this paragraph and, on that basis, deny those allegations.

11     30.    Answering paragraph 30 of the First Amended Complaint, Defendants
12  object that the allegations in this paragraph require the opinion of an expert and
13  purporting to require that Defendants respond at this time is improper and premature
14  under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this
15  paragraph, Defendants deny that the allegedly infringing work copies Plaintiffs'
16  alleged work or otherwise infringes Plaintiffs' alleged copyright, and Defendants lack
17  knowledge or information sufficient to form a belief as to the truth or falsity of the
18  allegations in this paragraph and, on that basis, deny those allegations.

19                    **"Defendants' Infringement"**

20     31.    Answering paragraph 31 of the First Amended Complaint, Defendants
21  admit that Ms. Carey and Mr. Afanasieff co-authored the musical composition titled
22  *All I Want for Christmas Is You*, that a sound recording of Ms. Carey's performance
23  of that musical composition was released to the public on or about October 29, 1994,
24  and included in her Christmas album titled *Merry Christmas*, and Defendants deny
25  the remaining allegations contained therein.

26     32.    Answering paragraph 32 of the First Amended Complaint, to the extent
27  the allegations contained therein allege conclusions of law, Defendants are not
28  required to plead thereto; to the extent the allegations in that paragraph are deemed to

1  be allegations of fact, Defendants object that the allegations in this paragraph require

2  the opinion of an expert and purporting to require that Defendants respond at this time

3  is improper and premature under Federal Rule of Civil Procedure 26, and as to any

4  non-expert allegations in this paragraph, Defendants deny those allegations.

5     33.     Answering paragraph 33 of the First Amended Complaint, Defendants

6  object that the allegations in this paragraph require the opinion of an expert and

7  purporting to require that Defendants respond at this time is improper and premature

8  under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this

9  paragraph, Defendants deny those allegations.

10    34.     Answering paragraph 34 of the First Amended Complaint, to the extent

11  the allegations contained therein allege conclusions of law, Defendants are not

12  required to plead thereto; to the extent the allegations in that paragraph are deemed to

13  be allegations of fact, Defendants deny those allegations.

14    35.     Answering paragraph 35 of the First Amended Complaint, Defendants

15  object that the allegations are argument to which no response is required; to the extent

16  the allegations in that paragraph are deemed to be allegations of fact, Ms. Carey admits

17  that a trademark application for "Queen of Christmas" was submitted and denies that

18  it was rejected, and Defendants admit that the allegedly infringing work and sound

19  recordings of performances of that musical composition have long been popular, and

20  Defendants lack knowledge or information sufficient to form a belief as to the truth

21  or falsity of the remaining allegations contained therein and, on that basis, deny those

22  remaining allegations.

23    36.     Answering paragraph 36 of the First Amended Complaint, Defendants

24  object that the allegations are argument to which no response is required; to the extent

25  the allegations in that paragraph are deemed to be allegations of fact, Defendants

26  object that the allegations in this paragraph require the opinion of an expert and

27  purporting to require that Defendants respond at this time is improper and premature

28  under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this

paragraph, Ms. Carey admits that she has performed in concerts and events, and denies the remaining allegations contained therein, and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

37.    Answering paragraph 37 of the First Amended Complaint, Defendants object that the allegations are irrelevant given, for example, that any and all claims as to alleged infringements prior to November 1, 2020, are time-barred and, as the First Amended Complaint concedes, outside the scope of Plaintiffs' pleading; Defendants deny that the *So So Def Remix* was released in 1994, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those remaining allegations.

38.    Answering paragraph 38 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

39.    Answering paragraph 39 of the First Amended Complaint, Defendants object that the allegations are irrelevant given, for example, that any and all claims as to alleged infringements prior to November 1, 2020, are time-barred and, as the First Amended Complaint concedes, outside the scope of Plaintiffs' pleading; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

40.    Answering paragraph 40 of the First Amended Complaint, Defendants object that the allegations are irrelevant given, for example, that any and all claims as to alleged infringements prior to November 1, 2020, are time-barred and, as the First Amended Complaint concedes, outside the scope of Plaintiffs' pleading; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

41.    Answering paragraph 41 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent

1  the allegations in that paragraph are deemed to be allegations of fact, Defendants
2  object that the allegations in this paragraph require the opinion of an expert and
3  purporting to require that Defendants respond at this time is improper and premature
4  under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this
5  paragraph, Ms. Carey admits that she has performed in concerts and events Ms. Carey
6  admits that she has had a Las Vegas residency at the Colosseum in Caesar's Palace
7  since 2015, admits that she has performed in live performances, tours, and residencies,
8  denies that they were done "in honor of the song," and admits that the album, *Merry*
9  *Christmas*, has been reissued several times, and Defendants lack knowledge or
10 information sufficient to form a belief as to the truth or falsity of the remaining
11 allegations in this paragraph and, on that basis, deny those remaining allegations, and
12 the remaining Defendants lack knowledge or information sufficient to form a belief
13 as to the truth or falsity of the allegations in this paragraph and, on that basis, deny
14 those allegations.

15       42.    Answering paragraph 42 of the First Amended Complaint, Defendants
16 object that the allegations are irrelevant given, for example, that any and all claims as
17 to alleged infringements prior to November 1, 2020, are time-barred and, as the First
18 Amended Complaint concedes, outside the scope of Plaintiffs' pleading; Defendants
19 admit that the allegedly infringing work and sound recordings of performances of that
20 musical composition have long been popular, and Defendants lack knowledge or
21 information sufficient to form a belief as to the truth or falsity of the remaining
22 allegations contained therein and, on that basis, deny those remaining allegations.

23       43.    Answering paragraph 43 of the First Amended Complaint, Defendants
24 admit that the allegedly infringing work and sound recordings of performances of that
25 musical composition have long been popular, and Defendants lack knowledge or
26 information sufficient to form a belief as to the truth or falsity of the remaining
27 allegations contained therein and, on that basis, deny those remaining allegations.
28 ///

44.     Answering paragraph 44 of the First Amended Complaint, Defendants admit that the allegedly infringing work and sound recordings of performances of that musical composition have long been popular, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

45.     Answering paragraph 45 of the First Amended Complaint, Defendants admit that in 2023 a sound recording of Ms. Carey's performance of the allegedly infringing work was selected for the Library of Congress' National Recording Registry, and  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

46.     Answering paragraph 46 of the First Amended Complaint, Defendants admit that over the nearly thirty years since the creation of the allegedly infringing work various statements about its creation have been reported, Defendants deny that Plaintiffs' alleged copyright was infringed, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

47.     Answering paragraph 47 of the First Amended Complaint, Defendants admit that over the nearly thirty years since the creation of the allegedly infringing work various statements about its creation have been reported, Defendants deny that Plaintiffs' alleged copyright was infringed, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

48.     Answering paragraph 48 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants deny that Plaintiffs' alleged work, and that any portion of that

alleged work, was copied, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

49.     Answering paragraph 49 of the First Amended Complaint, Defendants deny that the creators of the allegedly infringing work had access to Plaintiffs' alleged work, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

50.     Answering paragraph 50 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants deny that the allegedly infringing work "used" Plaintiff's alleged work or otherwise copied that alleged work, deny that any license from Plaintiffs was required, and deny that there is an industry practice of obtaining a license, providing songwriter credit, or both, when no copying has occurred and/or when the claimed copying is of musical building blocks, commonplace words, or other public domain elements, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

51.     Answering paragraph 51 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants object that the allegations contained therein are irrelevant, and ///

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

52.   Answering paragraph 52 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants object that the allegations contained therein are irrelevant, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

53.   Answering paragraph 53 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants object that the allegations contained therein are irrelevant, Defendants deny that there is an industry practice to "clear … musical similarities" when no copying has occurred and/or when the claimed copying is of musical building blocks, commonplace words, or other public domain elements, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

54.   Answering paragraph 54 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and

purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants object that the allegations contained therein are irrelevant, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

55.     Answering paragraph 55 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that did not seek a license or other permission from Plaintiffs, Defendants deny that any such license or permission was required, deny that there is a "50% overlap in exact lyrical syntax" between the allegedly infringing work and Plaintiffs' work, deny that the allegedly infringing work copies Plaintiffs' work, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations

56.     Answering paragraph 56 of the First Amended Complaint, Defendants deny the allegations contained therein.

57.     Answering paragraph 57 of the First Amended Complaint, Defendants admit that the allegedly infringing work has been licensed to third parties, including in the 2003 motion picture *Love Actually*, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

58.     Answering paragraph 58 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants admit that the allegedly infringing work has been licensed to

14

third parties for use in this District and elsewhere, that Plaintiffs, and each of them, have not been credited as songwriters of the allegedly infringing work, and that Plaintiffs have not been licensed, whatever that is supposed to mean, and Defendants deny that Plaintiffs, and each of them, are songwriters of the allegedly infringing work, deny that the allegedly infringing work copied Plaintiffs' alleged work, deny that any license was required from Plaintiffs, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

59.   Answering paragraph 59 of the First Amended Complaint, Defendants object that the allegations are argument to which no response is required; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants deny the allegations contained therein.

"**<u>FIRST CLAIM FOR RELIEF</u>**

"(**For Direct Copyright Infringement Against All Defendants**)"

60.   Answering paragraph 60 of the First Amended Complaint, Defendants repeat and reallege their responses set forth above in paragraphs 1 through 59 as if fully set forth herein.

61.   Answering paragraph 61 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

62.   Answering paragraph 62 of the First Amended Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and

purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants deny the allegations contained therein.

63.     Answering paragraph 63 of the First Amended Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

64.     Answering paragraph 64 of the First Amended Complaint, Defendants deny the allegations contained therein.

65.     Answering paragraph 65 of the First Amended Complaint, Defendants deny the allegations contained therein.

66.     Answering paragraph 66 of the First Amended Complaint, Defendants deny the allegations contained therein, including but not limited to the allegation that Defendants have infringed Plaintiffs' alleged copyright.

67.     Answering paragraph 67 of the First Amended Complaint, Defendants deny the allegations contained therein.

68.     Answering paragraph 68 of the First Amended Complaint, Defendants deny the allegations contained therein.

69.     Answering paragraph 69 of the First Amended Complaint, Defendants deny the allegations contained therein.

70.     Answering paragraph 70 of the First Amended Complaint, Defendants deny the allegations contained therein.

///

///

///

///

**FIRST AFFIRMATIVE DEFENSE**[2]

**(Failure to State a Claim)**

71.    Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Independent Creation)**

72.    The allegedly infringing work was created independently of the allegedly infringed work.

**THIRD AFFIRMATIVE DEFENSE**

**(Plaintiffs' Claimed Copyright Is Invalid)**

73.    Plaintiffs' allegedly copied work copies and employs other earlier works, including, Bobby Vinton's 1964 *My Heart Belongs Only to You*, without the permission of the owners of the earlier works and, as a result, Plaintiff's alleged copyright is invalid.  17 U.S.C. § 103(a).

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

74.    Plaintiffs' claims and/or relief Plaintiffs seek are barred by the doctrine of unclean hands, including by reason of Plaintiffs' copying of earlier works, including Bobby Vinton's 1964 *My Heart Belongs Only to You*, without the permission of the owners of the earlier works.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Originality or Protectability)**

75.    The allegedly copied elements or materials lack originality or otherwise are not protected by copyright.

///

---

[2]    To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with Plaintiffs, Defendants raise the defense out of an abundance of caution and do not thereby assume that burden of proof.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

76.     The alleged infringements, or the remedies Plaintiffs seek, or Plaintiffs' claim of authorship or ownership of the allegedly infringed copyright, are barred in whole or part by statutes of limitation, including, *inter alia*, 17 U.S.C. § 507(b).

### SEVENTH AFFIRMATIVE DEFENSE

#### (Requested Relief Not Authorized by Statute)

77.     The Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* does not confer on copyright owners rights that Plaintiffs complain were not accorded them, including but not limited to the alleged failure to credit Plaintiffs as songwriters of the allegedly infringing work.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Abandonment)

78.     Plaintiffs, including by failing to assert the alleged claim for nearly thirty years, abandoned the copyright, or the allegedly infringed copyright rights, in the allegedly infringed works.

### NINTH AFFIRMATIVE DEFENSE

#### (Waiver)

79.     Plaintiffs, including by failing to assert the alleged claims for nearly thirty years, waived the alleged claim and/or the remedies Plaintiffs seek.

### TENTH AFFIRMATIVE DEFENSE

#### (Laches)

80.     Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the doctrine of laches.

///

///

///

///

## **ELEVENTH AFFIRMATIVE DEFENSE**

### **(Fair Use)**

81.     Without admitting the alleged use of any copyrighted material allegedly owned by plaintiffs, which is denied, the conduct of which Plaintiffs complain constitutes fair use.

82.     Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

### **PRAYER FOR RELIEF**

**WHEREFORE**, defendants Mariah Carey, Universal Music Corp., and Sony Music Entertainment pray for judgment as follows:

1.     That Plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed, with prejudice;

2.     That Defendants be awarded their costs and attorneys' fees; and

3.     For such other and further relief as the Court deems just and proper.

Dated: January 17, 2024

_____/s/ Peter Anderson_____

Peter Anderson, Esq.
Lindsay M. Samuel, Esq
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
UNIVERSAL MUSIC CORP., and
SONY MUSIC ENTERTAINMENT

1

## **DEMAND FOR JURY TRIAL**

Defendants Mariah Carey, Universal Music Corp., and Sony Music Entertainment respectfully demand trial by jury.

Dated: January 17, 2024

                              /s/ Peter Anderson
                         _____
                         Peter Anderson, Esq.
                         Lindsay M. Samuel, Esq
                         Eric H. Lamm, Esq
                         DAVIS WRIGHT TREMAINE LLP
                         Attorneys for Defendants
                         MARIAH CAREY,
                         UNIVERSAL MUSIC CORP., and
                         SONY MUSIC ENTERTAINMENT