Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 683-6900
Fax: (310) 943-3397

*Attorneys for Defendant*
*Sony Music Publishing (US) LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARIAH CAREY, an individual; WALTER AFANASIEFF, an individual; SONY/ATV TUNES, LLC, a Delaware limited liability company; SONY MUSIC ENTERTAINMENT, a New York General Partnership; KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware Corporation; UNIVERSAL MUSIC CORP., a Delaware Corporation; WALLY WORLD MUSIC, LLC., a California limited liability company; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:23-cv-09216-PA-PD<br><br>**DEFENDANT SONY MUSIC PUBLISHING (US) LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Sony Music Publishing (US) LLC (incorrectly sued as Sony/ATV Tunes, LLC) ("SMP" or "Defendant") responds to the First Amended Complaint dated December 27, 2023 ("FAC") of Plaintiffs Andy Stone and Troy Powers ("Plaintiffs") as follows:[1]

## ANSWER

## Jurisdiction and Venue

1.    Answering Paragraph 1, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 1 of the FAC and the legal conclusions therein, except admits that Plaintiffs purport to base jurisdiction on the statutes alleged therein.

2.    Answering Paragraph 2, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 2 of the FAC and the legal conclusions therein, except admits that Plaintiffs purport to base supplemental jurisdiction on the statute alleged therein and avers that there is no claim to which supplemental jurisdiction relates.

3.    Answering Paragraph 3, Defendant denies the allegations in Paragraph 3 of the FAC and the legal conclusions therein, except admits that Plaintiffs purport to base diversity jurisdiction on the statute alleged therein and avers that there is no claim to which diversity jurisdiction relates.

4.    Answering Paragraph 4, Defendant denies the allegations in Paragraph 4 of the FAC and the legal conclusions therein, except admits that SMP is a Delaware limited liability company registered to do business in California.

## Parties

5.    Answering Paragraph 5, Defendant avers that no response to paragraph 5 is required because the paragraph is compound and violative of Federal Rule of Civil

---

[1] To the extent any response is required, SMP denies the allegations in all headings and titles in the FAC.

1

1  Procedure 10(b).  To the extent that a response to Paragraph 5 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 5 of the FAC.

6. Answering Paragraph 6, Defendant avers that no response to paragraph 6 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b).  To the extent that a response to Paragraph 6 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 6 of the FAC.

7. Answering Paragraph 7, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 7 of the FAC.

8. Answering Paragraph 8, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 8 of the FAC.

9. Answering Paragraph 9, Defendant denies the allegations of Paragraph 9 of the FAC and the legal conclusions therein, except admits that SMP is a Delaware limited liability company, is registered to do business in California, and has an office in Los Angeles.  Defendant further admits that SMP is one of the publishers and/or administrators of the musical composition, *All I Want for Christmas is You* ("Defendants' Song").

10. Answering Paragraph 10, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 10 of the FAC.

11. Answering Paragraph 11, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 11 of the FAC.

12. Answering Paragraph 12, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 12 of the FAC.

13. Answering Paragraph 13, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 13 of the FAC.

14. Answering Paragraph 14, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 14 of the FAC, except deny any allegations of infringement.

### **General Allegations**

15. Answering Paragraph 15, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 15 of the FAC.

16. Answering Paragraph 16, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 16 of the FAC.

17. Answering Paragraph 17, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 17 of the FAC.

18. Answering Paragraph 18, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 18 of the FAC and the legal conclusions contained therein.

19. Answering Paragraph 19, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 19 of the FAC, and respectfully refers the Court to the charts referenced therein for the full and complete contents thereof.

20. Answering Paragraph 20, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 20 of the FAC.

21. Answering Paragraph 21, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 21 of the FAC, and respectfully refers the Court to the charts referenced therein for the full and complete contents thereof.

22. Answering Paragraph 22, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 22 of the FAC.

23. Answering Paragraph 23, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

1  24.     Answering Paragraph 24, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

4  25.     Answering Paragraph 25, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

7  26.     Answering Paragraph 26, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

10  27.     Answering Paragraph 27, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

13  28.     Answering Paragraph 28, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations, except admits that artists and songwriters have used the phrase "all I want for Christmas is you" prior to Plaintiffs.

17  29.     Answering Paragraph 29, Defendant avers that no response to Paragraph 29 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). Further answering Paragraph 29, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations, including the footnotes, which Defendant deems part of the compound paragraph which Defendant denies.

23  30.     Answering Paragraph 30, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

26  31.     Answering Paragraph 31, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 31 of the FAC, except admit that Carey and Afanasieff are credited authors of Defendants' Song, and that a

4

version of this song was recorded by Carey and released in 1994 on the album entitled, *Merry Christmas*.

32. Answering Paragraph 32, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations and any allegations of infringement.

33. Answering Paragraph 33, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations and any allegations of infringement.

34. Answering Paragraph 34, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations and any allegations of infringement.

35. Answering Paragraph 35, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 35 of the FAC, except denies any allegations of infringement.

36. Answering Paragraph 36, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 36 of the FAC.

37. Answering Paragraph 37, Defendant avers that no response to Paragraph 37 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 37 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 37 of the FAC, and respectfully refers the Court to the charts referenced therein for the full and complete contents thereof.

38. Answering Paragraph 38, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 38 of the FAC, and respectfully refers the Court to the chart referenced therein for the full and complete contents thereof.

39. Answering Paragraph 39, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 39 of the FAC.

40. Answering Paragraph 40, Defendant avers that no response to Paragraph 40 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 40 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 40 of the FAC, and respectfully refers the Court to the charts and publications referenced therein for the full and complete contents thereof.

41. Answering Paragraph 41, Defendant avers that no response to Paragraph 41 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 41 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 41 of the FAC, except denies any allegations of infringement.

42. Answering Paragraph 42, Defendant avers that no response to Paragraph 42 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 42 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 42 of the FAC, and respectfully refers the Court to the charts and publications referenced therein for the full and complete contents thereof.

43. Answering Paragraph 43, Defendant avers that no response to Paragraph 43 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 43 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 43 of the FAC, except denies any allegations of infringement.

44. Answering Paragraph 44, Defendant avers that no response to Paragraph 44 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 44 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 44 of the FAC, except denies any allegations of infringement.

45. Answering Paragraph 45, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 45 of the FAC.

46. Answering Paragraph 46, Defendant avers that no response to Paragraph 46 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 46 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 46 of the FAC, except denies any allegations of infringement.

47. Answering Paragraph 47, Defendant avers that no response to Paragraph 47 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 47 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 47 of the FAC.

48. Answering Paragraph 48, Defendant avers that no response to Paragraph 48 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 48 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 48 of the FAC, except denies any allegations of infringement.

49. Answering Paragraph 49, Defendant avers that no response to Paragraph 49 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 49 is deemed

necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 49 of the FAC, except denies any allegations of infringement.

50. Answering Paragraph 50, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

51. Answering Paragraph 51, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 51 of the FAC, except denies any allegations of infringement and avers that the allegations of Paragraph 51 are also entirely irrelevant to Plaintiffs' claims in this action.

52. Answering Paragraph 52, Defendant avers that no response to Paragraph 52 is required because the paragraph is compound and violative of Federal Rule of Civil Procedure 10(b). To the extent that a response to Paragraph 52 is deemed necessary, appropriate, and practicable, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 52 of the FAC, except denies any allegations of infringement and avers that the allegations of Paragraph 52 are also entirely irrelevant to Plaintiffs' claims in this action.

53. Answering Paragraph 53, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

54. Answering Paragraph 54, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 54 of the FAC, except denies any allegations of infringement and avers that the allegations of Paragraph 54 are also entirely irrelevant to Plaintiffs' claims in this action.

55. Answering Paragraph 55, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations, except admits that no license was sought from Plaintiffs because no such license was required.

56. Answering Paragraph 56, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

57. Answering Paragraph 57, Defendant denies knowledge or information sufficient to respond to the truth of the allegations in Paragraph 57 of the FAC, except admits that SMP (or its predecessor) licensed its share of Defendants' Song to third parties.

58. Answering Paragraph 58, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

59. Answering Paragraph 59, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

## **First Claim for Relief**

60. Answering Paragraph 60, Defendant repeats and realleges each of its responses to Paragraphs 1-59 of the FAC as if fully set forth herein.

61. Answering Paragraph 61, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations, and respectfully refers the Court to the purported registration attached as Exhibit A to the FAC for the true and complete contents thereof.

62. Answering Paragraph 62, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

63. Answering Paragraph 63, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required and Defendant respectfully refers the Court to the Copyright Act for the relevant rights and limitations on such rights provided thereunder.

64. Answering Paragraph 64, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

65. Answering Paragraph 65, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

66. Answering Paragraph 66, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

67. Answering Paragraph 67, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

68. Answering Paragraph 68, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

69. Answering Paragraph 69, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

70. Answering Paragraph 70, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendant denies those allegations.

### **Prayer for Relief**

To the extent that a response to Plaintiffs' prayer for relief is required, Defendant denies the allegations and denies that Plaintiffs are entitled to any such relief.

### **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations set forth in the FAC and without admitting or suggesting that Defendant bears the burden of proof on any of the following defenses, as separate and independent affirmative defenses, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

The FAC fails to state any claim against SMP upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because any allegedly copied portions of the work at issue lie in the public domain.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the allegedly similar portions of the works at issue are not original to Plaintiffs or otherwise protectable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because SMP did not commit any act of infringement.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims involve alleged infringement and resulting damages for alleged infringements that occurred outside of the United States, these claims are barred under the U.S. Copyright Act.

## SIXTH AFFIRMATIVE DEFENSE

Without admitting the use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the alleged use is *de minimis*.

## SEVENTH AFFIRMATIVE DEFENSE

Without admitting the use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the conduct of which Plaintiffs complain constitutes fair use.

## EIGHTH AFFIRMATIVE DEFENSE

Without admitting the use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the alleged infringement was innocent.

## NINTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because Plaintiffs have suffered no damages.

## TENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because Plaintiffs failed to mitigate their damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

The request for injunctive relief must be rejected because Plaintiffs have an adequate remedy at law, they cannot establish irreparable harm, and they cannot establish that the equities balance in their favor and they have waited for some thirty (30) years to bring their claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, acquiescence and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, to the extent that Plaintiffs have failed to name necessary and/or indispensable parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, to the extent that Plaintiffs have sued the improper parties, defendants, or entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because Defendants' Song was independently created.

## RESERVATION

SMP reserves the right to assert additional affirmative defenses in the event that a further investigation or discovery in this action reveals them to be proper.

**WHEREFORE**, SMP prays for judgment dismissing the FAC in its entirety and awarding SMP such other and further relief as the Court deems just and proper, including its attorney's fees and costs in accordance with the Copyright Act.

Respectfully submitted,

**PRYOR CASHMAN LLP**

Dated: January 17, 2024   By:   */s/ Benjamin Akley*
Benjamin S. Akley
Shamar Toms-Anthony
*Attorneys for Defendant*
Sony Music Publishing (US) LLC