KENDALL BRILL & KELLY LLP
Bert H. Deixler (70614)
  bdeixler@kbkfirm.com
Patrick J. Somers (318766)
  psomers@kbkfirm.com
Emma Tehrani (329603)
  etehrani@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendant Kobalt Music Publishing America, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY/ATV TUNES LLC., a Delaware limited liability company, SONY MUSIC ENTERTAINMENT, a New York General Partnership, KOBALT MUSIC PUBLISHING AMERICA, INC. a Delaware Corporation, UNIVERSAL MUSIC CORP., a Delaware Corporation, WALLY WORLD MUSIC LLC., a California limited liability company, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-09216-PA-JDEx <br><br> **DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge: Hon. Percy Anderson <br> Courtroom 9A |

Defendant Kobalt Music Publishing America, Inc. ("Defendant") by and through its undersigned counsel, hereby answers the First Amended Complaint of Plaintiffs Andy Stone and Troy Powers ("Plaintiffs") as set forth below.

To the extent not specifically admitted herein, all allegations in the First Amended Complaint ("FAC") are denied. Further, Defendant specifically denies any factual or legal allegations in section headings and footnotes used in the FAC. To the extent any allegation relates to persons and/or entities other than Defendant, Defendant denies that such allegations support any claim for relief against Defendant. To the extent any allegations state legal conclusions, no response is required and no answer should be construed as a response to or any agreement with any legal assertion, all of which are specifically denied. Defendant reserves the right to amend and/or supplement this Answer, its defenses, and all other pleadings as additional facts and information become known. All defenses are preserved.

## ANSWER

1. Admit that Plaintiffs contend that the Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 because they purport to bring a claim under the Copyright Act (17 U.S.C. § 501). Otherwise denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

2. Admit that Plaintiffs contend that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 of related claims. Otherwise denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

3. Denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

4. Denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

1    5.   Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further denied to the extent that the allegations state a legal conclusion for which no response is required.

6.   Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further denied to the extent that the allegations state a legal conclusion for which no response is required.

7.   Admit that Defendant Mariah Carey ("Carey") is a singer and songwriter, among other things. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further denied to the extent that the allegations state a legal conclusion for which no response is required.

8.   Admit that Defendant Walter Afanasieff ("Afanasieff") is a record producer and songwriter, among other things. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further denied to the extent that the allegations state a legal conclusion for which no response is required.

9.   Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further denied to the extent that the allegations state a legal conclusion for which no response is required.

10.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further denied to the extent that the allegations state a legal conclusion for which no response is required.

11.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations. And further

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

denied to the extent that the allegations state a legal conclusion for which no response is required.

12.  Admit that Defendant is a Delaware corporation and has done business in California and Los Angeles County, California.  Otherwise denied, including, but not limited to, that "*All I want for Christmas is You*" is an infringing musical composition, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.  And further denied to the extent that the allegations state a legal conclusion for which no response is required.

13.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.  And further denied to the extent that the allegations state a legal conclusion for which no response is required.

14.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.  And further denied to the extent that the allegations state a legal conclusion for which no response is required.

15.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

16.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

17.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

18.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

19.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

20.  Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3
DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

21. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

22. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

23. Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

24. Denied, and further avers that the best source of the lyrics in a particular song is the song itself.  Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

25. Denied.  Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

26. Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those

allegations.

27. Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

28. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.  Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any factual, non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

29. Denied, including any allegations referenced in the purported footnotes, and further denied to the extent that the allegations state a legal conclusion for which no response is required.  Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any factual, non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

30. Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations and, on that basis, denies those allegations.

1  31.  Admit.

2  32.  Admit that Carey's "*All I Want for Christmas is You*" contains the phrase "all I want for Christmas is you."  Aver that Carey's "*All I Want for Christmas is You*" does not contain the phrase "I don't need . . ." presents "underneath the Christmas tree," but instead contains the phrase "Don't care about the presents [u]nderneath the Christmas tree."  Aver that Carey's "*All I Want for Christmas is You*" does not contain the phrase "bring me the one thing I really need," but instead contains the phrase "won't you bring me the one I really need?" Otherwise denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

11  33.  Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

13  34.  Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

15  35.  Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful.  Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

19  36.  Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful.  Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

23  37.  Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful, admit that *All I Want for Christmas is You* reached No. 6 on Billboard's Hot Adult Contemporary chart and No. 12 on Billboard's Hot 100 Airplay chart, and reached No.1 on Billboard's Hot Holiday 100 chart by 2019.  Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

6

38. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" reached the No.1 spot on Billboard's Hot 100 list in 2021. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

39. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" was digitally released on or about April 1, 2003, and has been certified 12x Platinum by RIAA. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

40. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

41. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

42. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

43. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

44. Admit that Defendant Carey's work, "*All I Want for Christmas is You*" has been commercially successful. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

7
DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

45. Admit that "*All I Want for Christmas is You*" was selected by the Library of Congress for preservation in the National Recording Registry. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

46. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

47. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

48. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

49. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

50. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

51. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

52. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

53. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

54. Denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

55. Admit that a copyright protected musical composition may involve multiple licenses for use, such as a sync license or master use license. Otherwise denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

56. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

57. Admit that Defendant Carey's work "*All I Want for Christmas is You*" appears in the film *Love Actually*. Otherwise denied, and further denied because Defendant lacks information or belief on the subject sufficient to enable it to answer the allegations.

58. Admit that Defendant Carey's work "*All I Want for Christmas is You*" continues to be played and performed in various jurisdictions. Otherwise denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

59. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

60. No response is required, but to the extent it is, denied and Defendant expressly incorporates by reference its answers set forth in the preceding paragraphs.

61. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

62. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

63. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

64. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

65. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

66. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

67. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

68. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

69. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

70. Denied, and further denied to the extent that the allegations state a legal conclusion for which no response is required.

## **DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S RESPONSE TO THE PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to obtain any of the relief set forth in the Prayer for Relief.

## **DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S AFFIRMATIVE DEFENSES**

Defendant further pleads the following and separate additional defenses. By pleading these defenses, Defendant does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues. Defendant reserves the right to assert such additional affirmative defenses as appropriate based on any further pleadings of the parties and discovery.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

1. Plaintiffs' FAC, and its purported claim, fail to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Fair Use)**

2. Plaintiffs' FAC, and its purported claim, are barred, in whole or in part, by the doctrine of fair use under Section 107 of the Copyright Act (17 U.S.C. § 107).

### **THIRD AFFIRMATIVE DEFENSE**
### **(Waiver)**

3. The Claim is barred, in whole or in part, by the doctrine of waiver, including because Plaintiffs failed to assert the alleged claims for nearly thirty years.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

7. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

8. Plaintiffs' alleged copyrighted work consists of material that is not original.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Claimed Copyright is Invalid)

9. Plaintiffs' allegedly copied work copies and employs other earlier works, including Bobby Vinton's 1964 work "*My Heart Belongs Only to You*," without permission from the owners of the earlier works and, as a result, Plaintiffs' alleged copyright is invalid.  17 U.S.C. § 103(a).

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10. Plaintiffs' FAC and any claim therein is barred by the doctrine of unclean hands, including by reason of Plaintiffs' copying of earlier works, including Bobby Vinton's 1964 "*My Heart Belongs Only to You*," without the permission of the owners of the earlier works.

## ELEVENTH AFFIRMATIVE DEFENSE

### (License)

11. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of implied license.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12. Certain of Defendant's alleged infringing conduct occurred more than three years before the commencement of this action. Plaintiffs' claim is therefore barred in whole or in part by Section 507(b) of the Copyright Act (17 U.S.C. § 507(b)) precluding claims commenced more than three years after the claim accrues.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Independent Creation)

13. The musical composition and sound recording of which Plaintiffs complain were created independently of Plaintiffs' claimed work.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Scenes a Faire)

14. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of Scenes a Faire.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Merger)

15. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited by the doctrine of merger.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

16. Plaintiffs' FAC and any claim therein is barred, precluded, and/or limited because Plaintiffs abandoned the copyright, or the allegedly infringed copyright rights, by failing to assert the alleged claim for nearly thirty years.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

17. This answering Defendant alleges that at no time within the applicable limitations period did this Answering Defendant have any of the following:

   a. The intent to knowingly or willfully utilize any copyright-protected material;

   b. Knowledge of the claimed copyright alleged by Plaintiffs; and

   c. The intent to willfully damage Plaintiffs by any act or omission.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses and Rights – No Waiver)

18. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses and/or affirmative defenses as may be appropriate.

## PRAYER

WHEREFORE, Defendant Kobalt Music Publishing America, Inc., respectfully prays for Judgments as follows:

1. That Plaintiffs take nothing by way of their First Amended Complaint and that their First Amended Complaint be dismissed, with prejudice;

2. That Defendant be awarded their costs and attorneys' fees; and

/ / /

/ / /

/ / /

3.     For such other and further relief as the Court deems just and proper.

DATED: January 17, 2024         KENDALL BRILL & KELLY LLP

By:     /s/ Bert H. Deixler
       Bert H. Deixler
       Attorneys for Defendant Kobalt Music
       Publishing America, Inc.

**DEMAND FOR JURY TRIAL**

Defendant Kobalt Music Publishing America, Inc. respectfully demands trial by jury.

DATED: January 17, 2024          KENDALL BRILL & KELLY LLP

By: ___/s/ Bert H. Deixler___
Bert H. Deixler
Attorneys for Defendant Kobalt Music Publishing America, Inc.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

15
DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT