Peter Anderson, Esq. (Cal. Bar No. 88891)
  peteranderson@dwt.com
Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
  lindsaysamuel@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
  ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MARIAH CAREY, SONY MUSIC,
ENTERTAINMENT, and UNIVERSAL
MUSIC CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ANDY STONE, *etc.*, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> MARIAH CAREY, *etc.*, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-09216-PA-JDEx <br><br> JOINT RULE 26(F) REPORT <br><br> Date: March 4, 2024 <br> Time: 10:30 a.m. <br><br> Courtroom of the Honorable <br> Percy Anderson <br> United States District Judge |

# **TABLE OF CONTENTS**

JOINT RULE 26(F) REPORT ........................................................................................... 1

1. OVERVIEW OF THE CASE ................................................................................. 1

    (a) Brief Statement of the Case ....................................................................... 1

    (b) The Court's Subject Matter Jurisdiction ................................................... 1

    (c) Short Synopsis of the Principal Issues in the Case ................................... 1

    (d) Amendment of the Pleadings Is Unlikely ................................................. 3

    (e) The Appearance of Additional Parties Is Unlikely .................................. 3

    (f) The Parties' Request that the Court Establish an Initial Phase as to Expert Disclosures and Discovery Under the Extrinsic Test ................. 3

2. ISSUES THAT MAY BE DETERMINED BY MOTION .............................. 4

3. DISCOVERY ...................................................................................................... 4

    (a) Subjects and Proposed Schedule of Discovery ....................................... 4

        (1) If the Court Orders an Initial Expert Phase as to the Extrinsic Test ................................................................................................ 4

            i. Subjects of Discovery in an Initial Expert Phase ............. 4

            ii. Proposed Schedule of Discovery in an Initial Phase ......... 5

        (2) If the Court Does Not Order an Initial Expert Phase as to the Extrinsic Test ................................................................................... 6

            i. Subjects of Discovery ........................................................ 6

            ii. Proposed Schedule of Discovery ....................................... 7

    (b) Initial Disclosures ...................................................................................... 7

    (c) Changes to the Limitations on Discovery ............................................... 7

    (d) Privilege Issues .......................................................................................... 8

4. PROPOSED LAW AND MOTION SCHEDULE ........................................... 8

5. SETTLEMENT EFFORTS AND MEDIATION ............................................. 8

6. PROPOSED PRETRIAL AND TRIAL DATES AND TRIAL ESTIMATE FOR JURY TRIAL .................................................................................. 8

7. MANUAL FOR COMPLEX LITIGATION ....................................................... 9

8. OTHER ISSUES AFFECT MANAGEMENT OF CASE ................................. 9

**JOINT RULE 26(F) REPORT**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), this Court's Local Rule 26-1, and the Court's Order Scheduling Meeting of Counsel and Scheduling Conference (Doc. 38), plaintiffs Andy Stone and Troy Powers ("Plaintiffs"), and defendants Mariah Carey, Sony Music Entertainment, Universal Music Corp., Walter Afanasieff, Sony Music Publishing (US) LLC, incorrectly sued as Sony/ATV Tunes, LLC, and Kobalt Music Publishing America, Inc. ("Defendants"), conducted their Rule 26(f) conference on February 9, 2024, and respectfully submit this Joint Rule 26(f) Report.

**1.   OVERVIEW OF THE CASE**

   **(a)   Brief Statement of the Case**

In their First Amended Complaint (Doc. 31), Plaintiffs assert a claim for direct copyright infringement based on the allegation that a musical work copyright in the musical composition titled "All I Want for Christmas Is You" and released in 1989 ("Plaintiffs' Song") is infringed by a song of the same title written by Ms. Carey and Mr. Afanasieff and released in 1994 ("Defendants' Song").  Defendants dispute Plaintiffs' claim and, on January 18, 2024, filed their Answers denying the claim and raising various affirmative defenses (Doc. 32, 34, 35, and 36).

   **(b)   The Court's Subject Matter Jurisdiction**

Plaintiffs and Defendants agree that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Sections 1331 and 1338(a), insofar as Plaintiffs assert a claim for copyright infringement under Section 501(a) of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*

   **(c)   Short Synopsis of the Principal Issues in the Case**

Plaintiffs and Defendants agree that the principal issues in this Case are:

   (1)   Whether Plaintiffs' Song and Defendants' Song are substantially similar under this Circuit's extrinsic test for substantial similarity in protected expression.

The foregoing principal issue is the subject of the parties' joint request that the Court establish an initial expert phase as to the extrinsic test. *See below* at 3-4. Additional and separate principal issues include:

    (2) The creation of Plaintiffs' Song and ownership and registration of the copyright in that musical composition, including the validity of that registration with the United States Copyright Office.

    (3) The creation of Defendants' Song.

    (4) Whether those involved in the creation of Defendants' Song had access to Plaintiffs' Song, including the nature and extent of the dissemination of Plaintiffs' Song in all media and relevant geographical areas before the creation of Defendants' Song in 1994.

    (5) Whether Plaintiffs can satisfy the intrinsic test necessary to establish their claim for copyright infringement.

    (6) Whether Defendants' Song was created independently of Plaintiffs' Song.

    (7) If Plaintiffs prove copyright infringement, each Defendants' respective revenues from the alleged infringement, respective deductible expenses, and respective profits, if any, under 17 U.S.C. Section 504(b).

    (8) The allocation under 17 U.S.C. Section 504(b), of each Defendants' respective profits attributable to factors other than the allegedly copied Plaintiffs' Song.

    (9) If Plaintiffs prove copyright infringement, Plaintiffs' claimed actual damages under 17 U.S.C. Section 504(b), due to the alleged infringement.

    (10) If Plaintiffs prove copyright infringement and in connection with Plaintiffs' alternative claim for statutory damages under 17 U.S.C. Section 504(c), whether the alleged infringement was

1 innocent or willful and the amount of statutory damages for the alleged
2 infringement.

3 **(d) Amendment of the Pleadings Is Unlikely**

4 Plaintiffs and Defendants do not anticipate the amendment of Plaintiff's First
5 Amended Complaint or Defendants' respective Answers to that pleading.

6 **(e) The Appearance of Additional Parties Is Unlikely**

7 Plaintiffs and Defendants do not anticipate the appearance of additional parties.
8 The only named defendant who has not appeared in this case is Wally World Music
9 LLC, which Mr. Afanasieff advises is a "defunct" company that "does not own or co-
10 own the publishing rights in [Defendants' Song]." W. Afanasieff Answer (Doc. 36)
11 at 4 ¶ 13.

12 **(f) The Parties' Request that the Court Establish an Initial Phase as to**
13 **Expert Disclosures and Discovery Under the Extrinsic Test**

14 Plaintiffs and Defendants agree that whether Plaintiffs' Song and Defendants'
15 Song are substantially similar under this Circuit's extrinsic test for substantial
16 similarity in protected expression is a discrete and dispositive issue requiring
17 analytical dissection and expert testimony, and separate from all other liability issues
18 and all remedy issues in this case. *See, e.g.,* Motion Memo. (Doc. 41.1) at 6-7.
19 Further, discovery as to the extrinsic test is very limited – Plaintiffs and Defendants
20 already have their respective songs, and all that is lacking is their respective expert
21 reports and deposition testimony regarding the extrinsic test – and separate and apart
22 from discovery as to other liability issues such as, for example, access and independent
23 creation, and from discovery as to remedies. *Id.* at 18-20.

24 Accordingly, after conferring pursuant to Local Rule 7-3, Plaintiffs and
25 Defendants agreed to stipulate to an Order establishing an initial phase of expert
26 disclosures and discovery as to the extrinsic test, and staying all other discovery.
27 However, they were unable to complete and file that stipulation and proposed Order
28 by the deadline to file a motion for that relief for hearing before the Court's March 4,

2024, Scheduling Conference. Accordingly, on February 5, 2024, Ms. Carey, Sony Music Entertainment, and Universal Music Corp. filed their Motion for an Order establishing that initial phase (Doc. 41) and all other Defendants joined in that Motion (Doc. 42, 43, and 44).

Plaintiffs timely filed their Non-Opposition (Doc. 45) to that Motion, confirming that they agree to the Court's issuance of the requested Order, with the sole question being the timing of the parties' respective expert disclosures as to the extrinsic test. *See below* at 5.

**2.    ISSUES THAT MAY BE DETERMINED BY MOTION**

Plaintiffs and Defendants agree that whether Plaintiffs' Song and Defendants' Song are substantially similar under this Circuit's extrinsic test is an issue that may be determined by a Federal Rule of Civil Procedure 56 motion.

Other issues that may be determined by Motion include whether those who created Defendants' Song had access to Plaintiffs' Song, and whether Defendants' Song was independently created. Discovery might identify other issues that may be determined by motion.

**3.    DISCOVERY**

    **(a)    Subjects and Proposed Schedule of Discovery**

        **(1)    If the Court Orders an Initial Expert Phase as to the Extrinsic Test**

            **i.    Subjects of Discovery in an Initial Expert Phase**

If the Court orders an initial phase as to the extrinsic test, Plaintiffs and Defendants already have the Plaintiffs' Song and Defendants' Song, and, accordingly, the subjects of discovery in that initial phase would be limited to:

- The parties' exchange of initial expert disclosures as to the extrinsic test;
- The parties' exchange of rebuttal expert disclosures as to the extrinsic test; and

4

1. • The parties' subpoenas to and depositions of the experts as to the extrinsic test.

Plaintiffs and Defendants propose filing a Joint Status Report following the completion of the foregoing initial phase, reporting to the Court whether any parties intend to file an early Rule 56 motion and, if not, providing proposed schedules for the completion of fact discovery and the completion of expert discovery as to subjects other than the extrinsic test.

### ii. Proposed Schedule of Discovery in an Initial Phase

In the pending Motion, Defendants propose a schedule for an initial phase as to the extrinsic test. *See* proposed Order (Doc. 41-8) at 2-3. Plaintiffs have filed a notice of non-opposition and propose slightly more time for the parties to provide their initial reports, as follows:

|  | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|
| Initial expert reports as to the extrinsic test: | Two weeks from the Order establishing the initial phase. | 75 days from the Order establishing the initial phase. |
| Rebuttal reports as to the extrinsic test: | Four weeks after the exchange of initial reports. | Six weeks after the exchange of initial reports. |
| Cutoff of expert discovery as to the extrinsic test: | Three weeks after the exchange of rebuttal reports. | Three weeks after the exchange of rebuttal reports. |
| Joint Status Report due: | Ten days after the close of expert discovery as to the extrinsic test. | Ten days after the close of expert discovery as to the extrinsic test. |

5

### (2) If the Court Does Not Order an Initial Expert Phase as to the Extrinsic Test

#### i. Subjects of Discovery

If the Court does not order an initial phase as to the extrinsic test, the parties anticipate the following discovery:

Plaintiffs would serve on Defendants initial sets of requests for admission, interrogatories, and requests for production, as to the creation of Defendants' Song and each Defendants' respective revenues, deductible expenses, and profits from Defendants' Song. Plaintiffs would follow the completion of that written discovery with the depositions of Ms. Carey and Mr. Afanasieff regarding the creation of Defendants' Song, and the depositions of their respective representatives and the four entity defendants by designated witnesses, regarding their respective revenues, deductible expenses, and profits from Defendants' Song. Upon the completion of the foregoing written and deposition discovery, Plaintiffs may direct subpoenas to and take the depositions of third parties identified in discovery. Plaintiffs also anticipate identifying expert witnesses as to the extrinsic test and as to other subjects, potentially including experts as to revenues, deductible expenses, and profits recoverable under 17 U.S.C. Section 504(b).

Defendants would serve on Plaintiffs initial sets of requests for admission, interrogatories, and requests for production as to the creation of Plaintiffs' Song, and Plaintiffs' claimed widespread dissemination of Plaintiffs' Song following its 1989 release and before the 1994 creation of Defendants' Song. Defendants would then take the depositions of Plaintiffs and direct documents-only and/or deposition subpoenas to third parties identified in discovery. In addition, Defendants anticipate identifying expert witnesses as to the extrinsic test and potentially including experts as to Plaintiffs' claim of access, Defendants' respective revenues, deductible expenses, and profits with respect to Defendants' Song, and the apportionment of any profits to factors other than the alleged copying of Plaintiffs' Song.

### ii. Proposed Schedule of Discovery

If the Court does not order an initial phase as to the extrinsic test, Defendants propose the bifurcation of liability and remedies and the following schedule:

Liability phase:

| | |
|---|---|
| Fact discovery cut-off: | July 26, 2024 |
| Initial expert disclosures: | July 26, 2024 |
| Rebuttal expert disclosures: | August 23, 2024 |
| Expert discovery cut off: | September 20, 2024 |

Remedies phase:

| | |
|---|---|
| Fact discovery begins: | December 2, 2024 |
| Fact discovery cut-off: | February 3, 2025 |
| Initial expert disclosures: | February 3, 2025 |
| Rebuttal expert disclosures: | March 3, 2025 |
| Expert discovery cut off: | March 31, 2025 |

Plaintiffs will oppose any motion for further bifurcation, beyond the present motion for the advancement of the initial phase as to the extrinsic test.

**(b)   Initial Disclosures**

If the Court Orders an initial phase as to the extrinsic test, Plaintiffs and Defendants propose deferring their exchange of Rule 26(a) initial disclosures to a date to be proposed in their Joint Status Report to be filed after the completion of that initial phase.

If the Court does not order an initial phase as to the extrinsic test, Plaintiffs and Defendants proposed exchange Rule 26(a) initial disclosures two weeks after the Court rules on the pending Motion to establish that initial phase.

**(c)   Changes to the Limitations on Discovery**

Plaintiffs and Defendants do not propose changes to the limitation on discovery under the Federal Rules of Civil Procedure.

7

1  Pursuant to Rule 26(f)(3)(C), Plaintiffs and Defendants have agreed to produce emails and other electronic information in PDF format to the extent practicable, and agree to meet and confer if a receiving party requests that a given document or documents be produced in native format. Any electronic form of materials (such as Pro Tools, Avid, .wav, *etc.*) that cannot be produced as a PDF will be required to be produced in native format.

**(d)   Privilege Issues**

Pursuant to Rule 26(f)(3)(D) and (F), Plaintiffs and Defendants do not anticipate significant privilege issues, and agree that, except for expert disclosures and discovery in an initial phase as to the extrinsic test, a two-tiered protective order will be appropriate to protect proprietary and confidential financial information and/or competitively sensitive information.  The parties have agreed to work together to submit a mutually agreeable proposed Stipulated Protective Order to the Court if discovery including that information proceeds in this case.

**4.   PROPOSED LAW AND MOTION SCHEDULE**

As to the deadline to hear dispositive motions, Plaintiffs and Defendants propose April 25, 2025, with—if the Court orders an initial expert phase as to the extrinsic test—either side potentially filing a separate early Rule 56 motion as to that test, only.

**5.   SETTLEMENT EFFORTS AND MEDIATION**

Plaintiffs and Defendants believe it is premature to discuss settlement and, accordingly, have not done so.  They respectfully elect ADR Procedure No. 3 under this Court's Local Rule 16-15.4.

**6.   PROPOSED PRETRIAL AND TRIAL DATES AND TRIAL ESTIMATE FOR JURY TRIAL**

Plaintiffs and Defendants have each timely requested a jury trial.  They estimate a trial of seven days, and Defendants respectfully reserve the right to seek bifurcation

///

of the trial, for example, an initial trial as to liability to be followed, in necessary, a trial as to remedies. Plaintiffs will oppose such further bifurcation of the trial.

**7.  MANUAL FOR COMPLEX LITIGATION**

Plaintiffs and Defendants agree that this case does not require utilization of any of the procedures of the Manual for Complex Litigation.

**8.  OTHER ISSUES AFFECT MANAGEMENT OF CASE**

Plaintiffs and Defendants are presently unaware of any additional issues affecting the management of this case.

Dated: February 16, 2024

_____
Gerard P. Fox, Esq.
Cirstan S. Fitch, Esq.
GERARD FOX LAW P.C.
Attorneys for Plaintiffs
ANDY STONE and
TROY POWERS

Dated: February 16, 2024

/s/ Peter Anderson
Peter Anderson, Esq.
Lindsay Samuels, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
SONY MUSIC ENTERTAINMENT,
and UNIVERSAL MUSIC CORP.

Dated: February 16, 2024

/s/ Kenneth D. Freundlich
Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW
Attorneys for Defendant
WALTER AFANASIEFF

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: February 16, 2024 | /s/ Patrick J. Somers |
| 4 | | Bert H. Deixler, Esq. |
| | | Patrick J. Somers, Esq. |
| 5 | | Emma M. Tehrani, Esq. |
| | | KENDALL BRILL AND KELLY LLP |
| 6 | | Attorneys for Defendant |
| | | KOBALT MUSIC PUBLISHING |
| 7 | | AMERICA, INC. |
| 8 | | |
| 9 | Dated: February 16, 2024 | /s/ Benjamin S. Akley |
| 10 | | Ilene S. Farkas, Esq. |
| | | Benjamin S. Akley, Esq. |
| 11 | | Shamar Toms-Anthony, Esq. |
| | | PRYOR CASHMAN LLP |
| 12 | | Attorneys for Defendant |
| 13 | | SONY MUSIC PUBLISHING (US) LLC |

### Attestation Regarding Signatures

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: February 16, 2024          /s/ Peter Anderson
                                   Peter Anderson, Esq.