**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY/ATV TUNES LLC., a Delaware limited liability company, SONY MUSIC ENTERTAINMENT, a New York General Partnership, KOBALT MUSIC PUBLISHING AMERICA, INC. a Delaware Corporation, UNIVERSAL MUSIC CORP., a Delaware Corporation, WALLY WORLD MUSIC LLC., a California limited liability company, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:23-CV-09216-MRA-JDEx<br><br>**ORDER ESTABLISHING AN INITIAL EXPERT PHASE AS TO THE EXTRINSIC TEST** |

On February 5, 2024, Defendants Mariah Carey, Sony Music Entertainment, and Universal Music Corp. (collectively, "Moving Defendants") filed a Motion for Order Establishing an Initial Expert Phase as to the Extrinsic Test ("Motion"). Dkt. 41. Defendants Sony/ATV Tunes LLC, Kobal Music Publishing America, Inc., and Walter Afanasieff joined the motion. Dkts. 42-44. Plaintiffs do not oppose the Motion. Dkt. 42. Having fully considered the briefing, the Court GRANTS the Motion for the following reasons:

1. In the interests of "expediting disposition of the action" and "discouraging wasteful pretrial activities," "district courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); Fed. R. Civ. P. 16(a)-(c). The district court may consider "whether discovery should be conducted in phases or be limited to or focused on particular issues." *See* Fed. R. Civ. P. 26(f)(3)(B). *See also Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970).

2. In their First Amended Complaint, the Plaintiffs assert a claim of direct infringement of a copyright they claim in a musical composition ("Plaintiffs' Song"). In this Circuit, a claim for infringement of a copyright must, among other things, satisfy an extrinsic test for substantial similarity in protected expression. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). In music cases, the extrinsic test "requires analytical dissection of a work and expert testimony." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

4. The parties agree that an initial expert phase as to the extrinsic test is the most judicially efficient way to manage this litigation. Dkt. 41 at 5-9. It would provide the parties an early opportunity to determine a dispositive issue and potentially avoid costly, time-consuming, and intrusive discovery as to other issues that would be rendered moot if Plaintiffs are unable to satisfy the extrinsic test.

5. Accordingly, there is good cause for an Order establishing an initial phase as to the extrinsic test, with other discovery stayed pending that initial phase. The parties do not agree on a specific schedule to complete the initial phase. Having considered both parties' interests and arguments, **IT IS HEREBY ORDERED**:

1. Expert disclosures and discovery as to extrinsic test to Plaintiffs' Song and the allegedly infringing work (the "Initial Expert Issue) shall proceed as follows:

    (a) By April 22, 2024, the parties shall exchange Federal Rule of Civil Procedure 26(a)(2) initial expert disclosures as to the Initial Expert Issue.

    (b) By May 20, 2024, the parties shall exchange Federal Rule of Civil Procedure 26(a)(2) rebuttal expert disclosures as to the extrinsic test;

    (c) By June 10, 2024, the parties shall complete expert discovery as to the extrinsic test; and

    (d) Following completion of that expert discovery, counsel for the parties shall confer, and by June 20, 2024, file a Joint Status Report and advise whether any parties intend to file a Federal Rule of Civil Procedure 56 motion as to the extrinsic test.

2. Until further Order of the Court, all other discovery in this action shall be and hereby is stayed.

3. This Order serves as the Federal Rule of Civil Procedure 16(b) scheduling Order in this action, subject to amendment or supplementation by the Court following the parties' Joint Status Report pursuant to paragraph 1(d) of this Order.

Dated: March 8, 2024

_____
HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE