Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Cathy A. Chittenden (338292)
cchittenden@gerardfoxlaw.com
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone:  (310) 441-0500
Facsimile:   (310) 441-4447

*Attorneys for Plaintiffs*
Andy Stone, Troy Powers

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY MUSIC ENTERTAINMENT, a New York Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-09216-MRA-JDEx<br><br>Hon: Mónica Ramírez Almadani<br>Courtroom: 10B<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS**<br><br>[Statement of Uncontroverted Facts, Declarations of Dr. Robert Fink, Dr. Matt Sakakeeney, and Gerard P. Fox and [Proposed] Judgment filed concurrently]<br><br>Hearing Date: October 31, 2024<br>Time:          1:30 p.m.<br>Courtroom:   10B |

**TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 31, 2024, 2024 at 1:30 p.m. or as soon as the matter may be heard, in Courtroom 10B of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs Andy Stone and Troy Powers, ("Plaintiffs") will, and hereby do, move the Court for Summary Judgment against Defendants as follows: As to the First Cause of Action Direct Copyright Infringement that Defendants copied the original expression of Plaintiffs' copyrighted work.

This motion is based on Fed. R. Civ. P. 51, L.R. 56-1, the Court's Order dated July 10, 2024 (Dkt. No. 65), the instant Notice of Motion, the attached Memorandum of Points and Authorities, Plaintiffs' Statement of Uncontroverted Facts, the Declarations of Dr. Robert Fink, Dr. Matt Sakakeeny, and Gerard P. Fox the exhibits thereto, the Request for Judicial Notice filed concurrently herewith, the pleadings on file herein, and on whatever other additional evidence is adduced at the hearing on the motion.

This motion follows a conference of counsel pursuant to Local Rule, which took place on July 8, 2024. 7-3. Fox Decl., at ¶ 4.

Dated: August 12, 2024             GERARD FOX LAW

                                    _/s/ Gerard P. Fox_____
                                    Gerard P. Fox
                                    Cathy A. Chittenden
                                    Attorneys for Plaintiff Andy Stone

# TABLE OF CONTENTS

I.	INTRODUCTION ..........................................................................................1

II.	STATEMENT OF FACTS ...........................................................................2

III.	LEGAL STANDARD ..................................................................................4

    A.	Plaintiffs Own Valid Copyright in the Vince Vance "All I Want for Christmas is You" released 1990. ...........................................................5

    B.	Defendants copied the Stone version of the Song......................................6

        i.	Defendants Undoubtedly Had Access to the Stone version. .........10

        ii.	The Remarkable Substantial Similarities Between the Stone and Carey versions of the Song Satisfy the Extrinsic Test...................10

V. CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 249 (1986) .......................................................................................4

*Batts v. Adams*,
  2011 WL 13217923 at *2 (C.D. Cal. Feb. 8, 2011)..............................................5

*Cavalier v. Random House, Inc.*,
  297 F.3d 815, 822 (9th Cir. 2002)......................................................................5, 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 323 (1986) .......................................................................................5

*Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*,
  499 U.S. 340, 361 (1991) .......................................................................................5

*Funky Films, Inc. v. Time Warner Entm't Co.*,
  462 F.3d 1072, 1077 (9th Cir. 2006).....................................................................5

*Hall v. Swift*,
  2021 WL 6104160 at *4 (C.D. Cal. Dec. 9, 2021) ..............................................13

*Loomis v. Cornish*,
  836 F.3d 991, 995 (9th Cir. 2016).......................................................................10

*Newton v. Diamond*,
  388 F.3d 1189, 1193 (9th Cir. 2004).....................................................................10

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
  952 F.3d 1051, 1065–66 (9th Cir. 2020)................................................................6

*Swirksy v. Carey*,
  376 F.3d 841, 845 (9th Cir. 2004).........................................................................5

*Swirsky v. Carey*,
  376 F.3d 841, 844 (9th Cir. 2004).......................................................................5

*Swirsky v. Carey*,

   376 F.3d 841, 849 (9th Cir. 2004) ............................................................... 11

*Three Boys Music Corp. v. Bolton*,

   212 F.3d 477, 481 (9th Cir. 2000) ................................................................. 5

*Williams v. Gaye*,

   895 F.3d 1106, 1120 (9th Cir. 2018) ........................................................... 11

*WMTI Prods., Inc. v. Healey*,

   2023 WL 5506712, at *2 (C.D. Cal. July 13, 2023) ...................................... 6

**Rules**

Fed. R. Civ. P. 56(a) ......................................................................................... 9

## I.    INTRODUCTION

Plaintiffs Andy Stone (a.k.a. Vince Vance), and Troy Powers, filed their Complaint on November 1, 2023 (Dkt. 1), with causes of action for Direct Copyright Infringement and Unjust Enrichment, related to the song *All I Want for Christmas is You* (the "Song").   On December 27, 2023, Plaintiffs filed a First Amended Complaint with a single claim for Direct Copyright Infringement. (Dkt. 31). Plaintiffs' allegations involve Defendants knowingly copying Plaintiffs' copyrighted material, including the compositional structure of an extended comparison between a loved one and trappings of seasonal luxury, and several lyrical phrases.

Defendants contend that there is no similarity between the two works, and where there is, the ideas, music and lyrics are all so commonplace in Christmas songs that they are not unique and any use by them in a subsequent song is unavoidable. Defendants also claim prior art obviates Plaintiffs' claims.

Plaintiffs offer the declarations of musicologists Prof. Robert W. Fink and Prof. Matthew Sakakeeny, both of whom are experts qualified to opine as to the standards of similarity at issue in this matter. (See attached declaration of Prof. Robert Fink (Fink Decl.) and Prof. Fink's CV attached hereto as Exhibit 2, and the declaration of Prof. Matthew Sakakeeny (Sakakeeny Decl.) and Prof. Sakakeeny's CV attached hereto as Exhibit 3).   These experts have established that there are substantial similarities between the two versions of the Song that go well beyond any of the common Christmas ideas presented in both versions.   Plaintiffs' experts have also shown that Defendants cannot credibly refute Plaintiffs' experts in this regard. Defendants rely instead on clipping and parsing through the versions of the Song, twisting the ideas, composition, and melody to give the false impression of dissimilarity. Defendants reliance on the manufactured variances in the two versions

simply cannot prevail here, where the obvious elements of the versions are strikingly similar. As such, Plaintiff is entitled to summary judgment on the extrinsic test, and this case should proceed on its merits.

## II.    STATEMENT OF FACTS

In 1988, Plaintiffs Stone and Powers co-authored the song entitled "*All I Want for Christmas Is You*," (**SSUF ¶ 1**) which was recorded by Vince Vance and Valiants and released in 1989. (the "Stone" version) (**SSUF ¶ 2**). After its release "All I Want for Christmas is You" became a Country Music hit. (**SSUF ¶ 3**). The song received extensive seasonal airplay in 1993, and appeared on Billboard's Hot country chart in 1994. (**SSUF ¶ 4**).

Also in 1994, only four years after making her debut with her self-titled freshman album, Mariah Carey released her fourth album which was a Christmas album. (**SSUF ¶ 5**). This album included the titular song "*All I Want For Christmas is You.*" (the "Carey" version). (**SSUF ¶ 6**).

Just like the Stone version, the Carey version contains a repeated two-part sequence wherein seasonal trappings are rejected in favor of a longing to be with an unnamed "you" through an extended comparison. (**SSUF ¶ 7**). In the Carey version, changes to the Stone version phrases are *de minimis*, including the term "wish" replacing the term "dream," and verb "want" replacing the verb "need." (**SSUF ¶ 8**). Regardless of these nominal alterations, the sequence in the Carey version is substantially similar to the sequence in the Stone version. (**SSUF ¶ 9**).

Defendants undoubtedly had access to "*All I Want for Christmas Is You*" prior to writing and releasing "*All I Want for Christmas Is You*" given its wide commercial and cultural success. (**SSUF ¶ 10**). The timeline of distribution of the two songs and the appearance of Vance's performing the work at the White House in the spring of

'94 and charting on the Billboard Hot Country Chart in January of 1994, 9 months before Carey's version was included in her own holiday album. (**SSUF ¶ 11**).

To play or use any part of a song that is copyright protected, you will need two different licenses: a sync license for the composition and master use license for the sound recording. (**SSUF ¶ 12**). This requires permission from the composer or songwriter as well as the music producer or record label. (**SSUF ¶ 13**). Despite this industry standard practice, and a 50% overlap in exact lyrical syntax, Defendants never sought a license or other permission from Plaintiffs or their producers nor label. (**SSUF ¶ 14**). At all relevant times, Plaintiffs were the owners of the copyright to "*All I Want for Christmas Is You*" which is the subject of a valid Certificate of Copyright Registration number: Pau001163343 issued by the Register of Copyrights on November 21st 1988. (**SSUF ¶ 15**).

Plaintiff's present two experts who by their education, training, and experience have made them familiar with the creation and analysis of music.

Professor Robert W. Fink is the Special Academic Senior Associate Dean and a Professor of Musicology/Music Industry at the UCLA Herb Alpert School of Music. (**SSUF ¶ 16**). He is also the Director of the Berry Gordy Music Industry Center at UCLA. (**SSUF ¶ 17**). Prof. Fink is a past president of IASPM-US, the US branch of the International Association for the Study of Popular Music. (**SSUF ¶ 18**). He holds a Ph.D. in Music History and Literature from the University of California, Berkeley and a M.A. in Music Theory from the Eastman School of Music at the University of Rochester. (**SSUF ¶ 19**). Additionally, he has developed and taught multiple courses on popular music at UCLA at both graduate and undergraduate levels. (**SSUF ¶ 20**). Prof Fink authored two books focusing on popular music and minimal music as well as many articles on popular music and its analysis in refereed journals. (**SSUF ¶ 21**). His areas of study and writing include analyzing and

historicizing diverse genres of both popular and classical music, as well as analyzing the poetic qualities of song lyrics. (**SSUF ¶ 22**).

Prof. Sakakeeny is an Associate Professor of Music, Tulane University and affiliated Africana Studies. (**SSUF ¶ 44**)**.** Prof. Sakakeeny holds a Ph.D. in Musicology from Columbia University and an M.A. in Musicology from Tulane University. (**SSUF ¶ 45**). Additionally, he was the co-producer of the American Routes public radio program in New Orleans, LA. (**SSUF ¶ 46**). He has authored three books focused on the study of music and written several other articles and book chapters. (**SSUF ¶ 47**). Prof. Sakakeeny currently teaches courses on New Orleans Music, Sound Studies, Black Music and Black Lives, and Music and Politics, among others. His areas of study and writing include analyzing and historicizing American popular music, as well as analyzing sonic properties of music and poetic qualities of song lyrics in American popular music. (**SSUF ¶ 48**). He was recently awarded a residential fellowship from the National Humanities Center to Pfinish my next book on music in New Orleans. (**SSUF ¶ 49**).

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As such, in ruling on a motion for summary judgment, the Court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of facts necessary for one or more essential elements of each claim upon which the

moving party seeks judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In order to establish a copyright infringement claim, Plaintiffs must prove, (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Batts v. Adams*, 2011 WL 13217923 at *2 (C.D. Cal. Feb. 8, 2011)(citing *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004)).

As to whether the Defendants' work is substantially similar, the 9th Circuit employs a two-part test. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). The first part, the extrinsic test, compares the objective similarities of specific expressive elements in the two works. *Id.* Second, under the intrinsic test, the trier of fact examines the two works for "similarity of expression from the standpoint of the ordinary reasonable observer with no expert assistance." *Skidmore*, 952 F.3d at 1064 (cleaned up). "Both tests must be satisfied for works to be deemed substantially similar." *Id.* (citing *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006)). At the summary judgment phase, however, a court may only decide whether the extrinsic test is met; "whether works are intrinsically similar must be left for the jury." *Swirksy v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004).

## IV.    ARGUMENT
### A. Plaintiffs Own Valid Copyright in the Vince Vance "All I Want for Christmas is You" released 1990.

At all relevant times, Plaintiffs were the owners of the copyright to "*All I Want for Christmas Is You*" which is the subject of a valid Certificate of Copyright

Registration number: Pau001163343 issued by the Register of Copyrights on November 21st 1988. (SSUF ¶ 15 ). As copyright owners, Plaintiffs have exclusive rights to reproduce and distribute the copyrighted materials to the public and prepare derivative works.

There is no dispute as to Plaintiffs' ownership of the valid copyright to "All I Want for Christmas Is You."

### B. Defendants copied the Stone version of the Song

Copying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements. *WMTI Prods., Inc. v. Healey*, 2023 WL 5506712, at *2 (C.D. Cal. July 13, 2023)(citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). Copyright infringement cases often boil down to the crucial question of substantial similarity. We have stated that "substantial similarity is inextricably linked to the issue of access." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin,* 952 F.3d 1051, 1065–66 (9th Cir. 2020).

Here, the declaration of Robert W. Fink provides competent testimony regarding the similarities and musical structure of both works. Prof. Fink's education, training, and experience have made him familiar with the creation of music and the likelihood of two works bearing such similarity by happenstance. Therefore, Prof. Fink's expert opinions regarding the musical structures of both songs should be taken as conclusive evidence by this court.

Prof. Fink opined that the respective works exhibit similarities in several key areas. (**SSUF ¶ 23**). Both songs use nearly identical words in nearly identical ways as the basis for the most memorable part of each song. (**SSUF ¶ 24**). Moreover, this usage is distinct from the way the words have appeared in prior songs. (**SSUF ¶ 25**) In both, the singer makes an elaborate list of the conventional material trappings of

Christmas, familiar from many other Christmas songs, and then states that they don't want any of those things, because *All I Want for Christmas Is You.* (**SSUF ¶ 26**). Lyrically, the two songs are more than based on the same idea; they use many of the same lyrical *realizations* of that idea. (**SSUF ¶ 27**). Many images and phrases appear both in Vance's version and Carey's version. (**SSUF ¶ 28**).

Fink goes on to opine that the musical style is generically different but related. (**SSUF ¶ 29**).  This is because Stone's version is in the "doowop" style of 1950s male vocal groups, featuring a slow rhythm & blues feel with prominent repeated triplets (*Da-da-da Da-da-da Da-da-da Da-da-da*) carried by the piano. (**SSUF ¶ 30**).  Carey's version is an obvious evocation of the 1960s Motown sound, a development of doo-wop, as made famous by girl groups like the Marvelettes and the Supremes. (**SSUF ¶ 31**).

The similarities are mostly noted in the harmonies.  The underlying root progression of the harmonies in the hook is the same. (**SSUF ¶ 32**).This progression of *predominant*, *dominant*, *tonic* is very basic in tonal harmony, but combined with a pronounced rhythmic-melodic similarity at the end (32-31), makes the two hooks extrinsically more similar. (**SSUF ¶ 33**). Both hooks also start by touching on the scale degree 1 in a preliminary way on the same important word, "want." In both cases, since the chord underneath is not the tonic, the effect is not to end, but to prefigure the end. (**SSUF ¶ 34**).  Around this key word "want," both hooks move from scale degree 3 through scale degree 1 to scale degree 6, but in reverse direction and order. (**SSUF ¶ 35**).  This difference, while real, also betrays the sorts of manipulation that creators of "sound alike" tracks tend to impose on the tracks that they copy. (**SSUF ¶ 36**). Several other aspects of larger musical structures are similar. (**SSUF ¶ 37**). Yet, Both songs lead lyrically and musically to a similar culmination. (**SSUF ¶ 38**). There is one distinctive chord in Carey's version, on the word

"Christmas" itself, that is not present in the hook of Vance's version. (**SSUF ¶ 39**).
Still, one can argue that, listening to Vance's version in order to make a sound alike
for it, a songwriter might absorb the idea that the generally major key of the song
should be inflected by prominent use of chords and melodies which, mixing major
and minor, emphasize the flat sixth scale degree (b6) for expressive effect. (**SSUF ¶
40**). Doing this during the hook itself would be an effective choice, but not as original
as the creators of Carey's version might think. (**SSUF ¶ 41**).

Fink further concludes that while Defendants claim their use of typical
Christmas terms in their song is unique and makes it different from Plaintiffs' chorus,
these common words do not alter the basic poetic structure and meaning of the
sequence, which is remarkably similar to that of Plaintiffs'. (**SSUF ¶ 42**). Thus, I do
not find this to be a substantial difference between the two works, especially in light
of their significant similarities. (**SSUF ¶ 43**).

Additionally, the Declaration of Professor Matthew Sakakeeny, provides
competent testimony regarding the similarities and musical structure of both works.
Prof. Sakakeeny's education, training, and experience have made him familiar with
the creation of music and the likelihood of two works bearing such similarity by
happenstance.  Therefore, Prof. Sakakeeny's expert opinions regarding the musical
structures of both songs should be taken as conclusive evidence by this court.

Prof. Sakakeeny has also concluded by independent review that the respective
works bear striking similarities in all key areas. (**SSUF ¶ 50**). And that it is virtually
impossible that the two musical and lyrical compositions at issue could have been
created independently or resulted from pure coincidence. (**SSUF ¶ 51**).

As set forth in his report, Prof. Sakakeeny believes that any differences are
negligible. (**SSUF ¶ 52**). Thus, for example, there are an enormous number of
similarities in the lyrics of the two works. (**SSUF ¶ 53**). Aside from the title of the

songs, the two works tell the same story and have the same "plot," of a woman who wants her partner more than material goods or seasonal comforts. (**SSUF ¶ 54**). Vance does not repeat words, lyrical phrases, or meanings from any previous song with anywhere near the same consistency as the Carey version does with Vance. (**SSUF ¶ 55**). In other words, in his opinion, none of the Defendants' asserted differences between the lyrical sequences at issue signifies a different purpose or character in *Carey*—rather, the latter merely repackages the original without adding any new insights, aesthetic or understanding. (**SSUF ¶ 56**). It is the same basic premise expressed in nearly identical way with numerous shared language and ideas. (**SSUF ¶ 57**). Further, the refrain or "hook" of each song exhibits the same lyrics set to a very similar melody and harmonic progression. (**SSUF ¶ 58**). This is a critical similarity because the hook is the most memorable and significant part of any popular song. (**SSUF ¶ 59**). Many of the "differences" can be attributed not to the "composition" but to Carey's vocal "performance," which adds embellishments or "ornaments" in her characteristic style. (**SSUF ¶ 60**).

Professor Sakakeeny further explains that, In the refrain as well as the verse, the harmonic progression of each song is similar. (**SSUF ¶ 61**). Additionally, many of the chords that make the Vance version unique appear at different locations in the Carey version, or the notes from those unusual chords appear in Carey's vocal melody. (**SSUF ¶ 62**). While not exactly the same, the accumulation of all the similar elements over the duration of each work shows that the overall "harmonic language" and "harmonic function" is shared. (**SSUF ¶ 63**). Several aspects of rhythm and meter are similar, but these similarities are masked by differences in tempo. (**SSUF ¶ 64**). The Carey version is faster and styled as a dance arrangement while the Vance version is a country ballad. (**SSUF ¶ 65**). These stylistic differences are unrelated to the compositional elements of the works. (**SSUF ¶ 66**). While many Christmas songs

use comparable rhythms and meters, the similarities between Vance and Carey are significant in light of the many other similarities analyzed. (**SSUF ¶ 67**).

### i. Defendants Undoubtedly Had Access to the Stone version.

Access is often proved by the wide dissemination of the copyrighted work. *Skidmore*, 952 F.3d at 1068; *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016).

In this instance, the Stone version of the song was widely disseminated and was a successful hit song for several years leading up to the Carey version. Defendants undoubtedly had access to "*All I Want for Christmas Is You*" prior to writing and releasing "*All I Want for Christmas Is You*" given its wide commercial and cultural success. (**SSUF ¶ 10**). The timeline of distribution of the two songs and the appearance of Vance's performing the work at the White House in the spring of '94 and charting on the Billboard Hot Country Chart in January of 1994, 9 months before Carey's version was included in her own holiday album. (**SSUF ¶ 11**).

Professor Sakakeeny also noted that Carey would have had ample access to the Vance song. *All I Want for Christmas* by Vance was originally released in 1989 and again in 1993 as part of a CD of Christmas songs. (**SSUF ¶ 68**). The song charted for the first time on January 8, 1994. Carey released her version on October 29, 1994, only nine months later. (**SSUF ¶ 69**).

### ii. The Remarkable Substantial Similarities Between the Stone and Carey versions of the Song Satisfy the Extrinsic Test

The "hallmark of 'unlawful appropriation'" is that the works share *substantial* similarities." *Skidmore*, 952 F.3d at 1074 (citing *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004)) (emphasis in original). Musical compositions are not confined to a narrow range of expression. *Williams v. Gaye*, 895 F.3d 1106, 1120 (9th Cir.

2018); See, *Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004)(noting that "[m]usic ... is not capable of ready classification into only five or six constituent elements," but "is comprised of a large array of elements"). As "[t]here is no one magical combination of ... factors that will automatically substantiate a musical infringement suit," and as "each allegation of infringement will be unique," the extrinsic test is met, "[s]o long as the plaintiff can demonstrate, through expert testimony ..., that the similarity was 'substantial' and to 'protected elements' of the copyrighted work." *Williams*, 895 F.3d at 1120.

In this case, the similarities between the two works are exhibited in several key areas. As discussed earlier by Prof Fink, both songs use nearly identical words in nearly identical ways as the basis for the most memorable part of each song. (**SSUF ¶ 24**). Moreover, this usage is distinct from the way the words have appeared in prior songs. (**SSUF ¶ 25**) In both, the singer makes an elaborate list of the conventional material trappings of Christmas, familiar from many other Christmas songs, and then states that they don't want any of those things, because *All I Want for Christmas Is You*. (**SSUF ¶ 26**). Lyrically, the two songs are more than based on the same idea; they use many of the same lyrical *realizations* of that idea. (**SSUF ¶ 27**). Many images and phrases appear both in Stone's version and Carey's version. (**SSUF ¶ 28**). Prof. Sakakeeny also notes an enormous number of similarities in the lyrics of the two works. (**SSUF ¶ 53**). Aside from the title of the songs, the two works tell the same story and have the same "plot," of a woman who wants her partner more than material goods or seasonal comforts. (**SSUF ¶ 54**).

And going beyond the lyrical hook "[a]ll I want for Christmas is you," Defendants directly copy and include the exact lyrics "I don't need . . . " presents "underneath the Christmas tree." Instead, like Plaintiffs' original work, Carey implores Santa to "bring me the one thing I really need," an unnamed "you," to make

their "wish come true." In all, the infringed copyrighted lyrics account for approximately 50% of *All I Want for Christmas Is You.*" The chord progression and melodic similarities push this percentage of infringement still higher.

As Professor Fink pointed out, the similarities are mostly noted in the harmonies. The underlying root progression of the harmonies in the hook is the same. (**SSUF ¶ 32**). This progression of *predominant*, *dominant*, *tonic* is very basic in tonal harmony, but combined with a pronounced rhythmic-melodic similarity at the end (32-31), makes the two hooks extrinsically more similar. (**SSUF ¶ 33**). Both hooks also start by touching on the scale degree 1 in a preliminary way on the same important word, "want." In both cases, since the chord underneath is not the tonic, the effect is not to end, but to prefigure the end. (**SSUF ¶ 34**). Around this key word "want," both hooks move from scale degree 3 through scale degree 1 to scale degree 6, but in reverse direction and order. (**SSUF ¶ 35**). This difference, while real, also betrays the sorts of manipulation that creators of "sound alike" tracks tend to impose on the tracks that they copy. (**SSUF ¶ 36**). Several other aspects of larger musical structures are similar. (**SSUF ¶ 37**). Yet, both songs lead lyrically and musically to a similar culmination. (**SSUF ¶ 38**). And Professor Sakakeeny also noted, in the refrain as well as the verse, the harmonic progression of each song is similar. (**SSUF ¶ 61**). Additionally, many of the chords that make the Stone version unique appear at different locations in the Carey version, or the notes from those unusual chords appear in Carey's vocal melody. (**SSUF ¶ 62**). While not exactly the same, the accumulation of all the similar elements over the duration of each work shows that the overall "harmonic language" and "harmonic function" is shared. (**SSUF ¶ 63**). Several aspects of rhythm and meter are similar, but these similarities are masked by differences in tempo. (**SSUF ¶ 64**).The Carey version is faster and styled as a dance

arrangement while the Stone version is a country ballad. (**SSUF ¶ 65**). These stylistic differences are unrelated to the compositional elements of the works. (**SSUF ¶ 66**).

The inquiry is properly framed to focus on the creative expression that Plaintiffs claim to have been infringed, which in this case includes, as described in more detail above, the chord progression, the overall sentiment of foregoing material gifts for love, and ultimately the "hook,"  the heart and soul of the Stone and Carey versions of the Song, which are identical.   While many Christmas songs use comparable rhythms and meters, the similarities between Vance and Carey are significant in light of the many other similarities analyzed. (**SSUF ¶ 67**).

In light of the myriad similarities, as more fully described above, including the fundamental aspects of the composition (chord progression, melody, and the "hook"), and ignoring the commonplace Christmas elements, it is clear that there are enough objective similarities to satisfy the substantial similarities required for the extrinsic test. *See, Hall v. Swift*, 2021 WL 6104160 at *4 (C.D. Cal. Dec. 9, 2021); *Skidmore*, 952 F.3d at 1069.

## V. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Summary Judgment as to the extrinsic test should be granted, and the case should proceed on its merits.


Dated: August 12, 2024                                  GERARD FOX LAW

                                                        */s/ Gerard P. Fox*
                                                        Gerard P. Fox
                                                        Cathy A. Chittenden
                                                        Attorneys for Plaintiff

**PROOF OF SERVICE**

I, Adriana Diaz, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above referenced matter. My business address is: GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On August 12, 2024, I served the following documents, described as: **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS** on the person(s) listed in the attached Service List.  The document was served by the following means :

| | |
|---|---|
| ☐ | **By personal service**.  I personally delivered the document to the persons at the addresses listed in the attached Service List.  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m.  For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**.  I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery**.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**.  I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List to and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**.  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed, is attached. |
| ☒ | **By electronic service**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 12, 2024

_____
_/s/ Adriana Diaz_
Adriana Diaz

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS

14

1

## SERVICE LIST

| | |
|---|---|
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Mariah Carey |
| Kenneth D. Freundlich (SBN 119806)<br>ken@freundlichlaw.com<br>Jonah A. Grossbardt (SBN 283584)<br>jonah@freundlichlaw.com<br>**FREUNDLICH LAW**<br>16133 Ventura Blvd. Ste. 645<br>Encino, CA 91436<br>T: (818)-377-3790<br>F: (310)-275-5351 | *Party Represented:* Walter Atanasiett |
| Benjamin S. Akley (SBN 278506)<br>bakley@pryorcashman.com<br>Ilene S Farkas<br>ifarkas@pryorcashman.com<br>Shamar Toms-Anthony (SBN 323246)<br>stoms-anthony@pryorcashman.com<br>**PRYOR CASHMAN LLP**<br>1801 Century Park East, 24th Floor<br>Los Angeles, California 90067-2302<br>T: (310) 683-6900<br>F: (310) 943-3397 | *Party Represented:* Sony/ATV Tunes LLC. DE LLC |
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Sony Music Entertainment NY G.P. |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS

15

| | |
|---|---|
| Bert H. Deixler (SBN 70614)<br>bdeixler@kbkfirm.com<br>Patrick J. Somers (SBN 318766)<br>psomers@kbkfirm.com<br>Emma M. Tehrani (SBN 329603)<br>etehrani@kbkfirm.com<br>**KENDALL BRILL & KELLY LLP**<br>10100 Santa Monica Blvd., Suite 1725<br>Los Angeles, California 90067<br>T: (310)-556-2700<br>F: (310)-556-2705 | *Party Represented:* Kobalt Music Publishing America, Inc. DE Corp. |
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Universal Music Corp. DE Corp. |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS

16