Peter Anderson, Esq. (Cal. Bar No. 88891)
peteranderson@dwt.com
Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
lindsaysamuel@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MARIAH CAREY, SONY MUSIC ENTERTAINMENT, and UNIVERSAL MUSIC CORP.

Kenneth D. Freundlich, Esq. (Cal. Bar No. 119806)
ken@freundlichlaw.com
Jonah A. Grossbardt, Esq. (Cal. Bar No. 283584)
jonah@freundlichlaw.com
FREUNDLICH LAW, APC
16133 Ventura Blvd., Ste. 645
Encino, California 91436
P: 818.377.3790
F: 310.275.5331

Attorneys for Defendant
WALTER AFANASIEFF

[*Additional Counsel on Following Page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ANDY STONE, *etc., et al.*,

Plaintiffs,

vs.

MARIAH CAREY, *etc., et al.*,

Defendants.

Case No. 2:23-cv-09216-MRA-JDEx

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND THE COURT'S INHERENT POWERS

Date: November 14, 2024
Time: 1:30 p.m.

Courtroom of the Honorable
Mónica Ramírez Almadani
United States District Judge

Benjamin S. Akley (Cal. Bar No. 278506)
bakley@pryorcashman.com
Shamar Toms-Anthony (Cal. Bar No. 323246)
stoms-anthony@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Tel: (310) 683-6900
Fax: (310) 943-3397

Ilene S. Farkas (admitted *pro hac vice)*
ifarkas@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
Telephone: (212) 421-4100

Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Bert H. Deixler (Cal. Bar. No. 70614)
bdeixler@kbkfirm.com
Patrick J. Somers (Cal. Bar. No. 318766)
psomers@kbkfirm.com
Emma Tehrani (Cal. Bar. No. 329603)
etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10B of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California, defendants Mariah Carey, Sony Music Entertainment, Universal Music Corp., Walter Afanasieff, Sony Music Publishing (US) LLC, and Kobalt Music Publishing America, Inc. ("Defendants") will and hereby do move the above-entitled Court, the Honorable Mónica Ramírez Almadani, United States District Judge presiding, for Sanctions against plaintiffs Andy Stone and Troy Powers ("Plaintiffs") and/or Plaintiffs' counsel of record, Gerard Fox Law P.C., as the Court deems appropriate.

This Motion is brought pursuant to Federal Rule of Civil Procedure 11, the Court's inherent authority, and Local Rule 83-8.1, and on the grounds that Plaintiffs filed a Motion for Summary Judgment (Doc. 69) that is legally frivolous, factually unsupported, and violates this Court's Order Establishing an Initial Expert Phase as to the Extrinsic Test ("Order") (Doc. 53) and this Court's Local Rules, because, as stated more fully in the accompanying Memorandum of Points and Authorities:

1. Plaintiffs sue for alleged copyright infringement, the required elements of which include Plaintiffs' ownership of a valid copyright, factual copying—which may include the issue of whether Defendants had "access," that is, a reasonable possibility of having heard Plaintiffs' work—and that the alleged copying is of expression that is protectable by copyright under this Circuit's extrinsic test;

2. The Court, after granting Defendants' Motion to Bifurcate, which Plaintiffs did not oppose, established an initial phase limited to the extrinsic test, and stayed all other discovery, including discovery as to Plaintiffs' claimed ownership of a valid copyright, factual copying, and access, *see* Order (Doc. 53);

3. Pursuant to that Order, Defendants filed their Motion for Summary Judgment as to the extrinsic test (Doc. 68);

4. Plaintiffs, however, filed a Motion for Summary Judgment that, by seeking to establish other elements of their claim—ownership of a valid copyright and factual copying (including access)—is a clear and willful violation of this Court's Order;

5. Plaintiffs' Motion is legally frivolous, including because:

(a) Plaintiffs rely on the "inverse ratio" rule, namely, that "substantial similarity is inextricably linked to the issue of access" (Pltfs' Memo. at 6 (quoting *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1065-66 (9th Cir. 2020) (en banc))), when in fact *Skidmore*—the same case Plaintiffs cite—expressly abrogated that rule and held that "access … in no way can prove substantial similarity" (*Skidmore*, 952 F.3d at 1069); and

(b) Plaintiffs fail to make any colorable argument under the extrinsic test, arguing merely that they have identified "enough" similarities without even attempting to show that any such similarity is protectable or that the similarities are protectable as a selection and arrangement;

6. Plaintiffs' "Separate Statement of Uncontroverted Facts" (Doc. 69-1) is wholly improper and violates Local Rule 56-1, including because, rather than state relevant material facts, it consists largely of legal arguments and copied fragments from Plaintiffs' First Amended Complaint and Declarations (for example, Plaintiffs' Fact 2 reads in its entirety: "which was recorded by Vince Vance and Valiants and released in 1989");

7. Plaintiffs' factual contentions in their Motion for Summary Judgment are largely unsupported by evidence, for example:

(a) Plaintiffs purport to establish factual copying by relying on Declarations from experts who lack personal knowledge of the asserted facts and who even state under oath that they were not retained to opine on factual copying;

(b) Plaintiffs purport to establish other facts solely by citing to allegations in their unverified First Amended Complaint, which is not evidence at summary judgment; and

(c) Plaintiffs purport to satisfy the extrinsic test by relying on baldly conclusory expert Declarations;

8. Plaintiffs' Motion, given its obvious and severe deficiencies, apparently was not filed for the purpose of establishing the elements of their claim, but instead for the improper purposes of confusing the issues, creating the illusion of factual disputes that do not exist, and burdening the Court in the hope it will erroneously deny Defendants' Motion for Summary Judgment; and

9. Defendants provided this Motion to Plaintiffs on September 23, 2024, but Plaintiffs failed to seek permission to withdraw their Motion for Summary Judgment within the twenty-one day safe harbor provided by Rule 11(c)(2).

Defendants seek as sanctions that Plaintiffs' Motion for Summary Judgment be stricken; that Plaintiffs and/or their counsel, as the Court deems appropriate, be required to reimburse Defendants their reasonable attorneys' fees and costs in preparing their Opposition to Plaintiffs' Motion for Summary Judgment and this Motion for Sanctions; and/or sanctions in such other form as the Court deems just and proper.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Peter Anderson, and [*Proposed*] Order, the pleadings and papers on file in this action, the matters of which this Court may

take judicial notice, and such additional matters and oral argument as may be offered in support of this Motion.

Pursuant to Federal Rule of Civil Procedure 11(c)(2), this Motion and all accompanying documents were served on September 23, 2024, twenty-one days prior to the filing of this Motion, by personal service and email to Plaintiffs' counsel of record, at the addresses registered with the Clerk of Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 7, 2024.

During that conference of counsel, Plaintiffs' counsel indicated that Plaintiffs would withdraw their access arguments from Plaintiffs' Motion for Summary Judgment, but refused to withdraw Plaintiffs' Motion entirely. However, as of the filing of this Motion for Sanctions, Plaintiffs have not withdrawn their access argument from their Motion.

Dated: October 15, 2024

*/s/ Peter Anderson, Esq.*

Peter Anderson, Esq.
Lindsay M. Samuel, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
SONY MUSIC ENTERTAINMENT,
and UNIVERSAL MUSIC CORP.

Dated: October 15, 2024

*/s/ Kenneth D. Freundlich, Esq.*

Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW
Attorneys for Defendant
WALTER AFANASIEFF

Dated: October 15, 2024

*/s/ Ilene S. Farkas, Esq.*

Ilene S. Farkas, Esq.
Benjamin S. Akley, Esq.
Shamar Toms-Anthony, Esq.
PRYOR CASHMAN LLP
Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Dated: October 15, 2024

*/s/ Patrick J. Somers, Esq.*

Bert H. Deixler, Esq.
Patrick J. Somers, Esq.
Emma M. Tehrani, Esq.
KENDALL BRILL AND KELLY LLP
Attorneys for Defendant
KOBALT MUSIC PUBLISHING AMERICA, INC.

**Attestation Regarding Signatures**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: October 15, 2024

*/s/ Peter Anderson, Esq.*

Peter Anderson, Esq.