Peter Anderson, Esq. (Cal. Bar No. 88891)
        peteranderson@dwt.com
Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
        lindsaysamuel@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
        ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MARIAH CAREY, SONY MUSIC
ENTERTAINMENT, and UNIVERSAL
MUSIC CORP.

Kenneth D. Freundlich, Esq. (Cal. Bar No. 119806)
        ken@freundlichlaw.com
Jonah A. Grossbardt, Esq. (Cal. Bar No. 283584)
        jonah@freundlichlaw.com
FREUNDLICH LAW, APC
16133 Ventura Blvd., Ste. 645
Encino, California 91436
P: 818.377.3790
F: 310.275.5331

Attorneys for Defendant
WALTER AFANASIEFF

[*Additional Counsel on Following Page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANDY STONE, *etc., et al.*,<br><br>              Plaintiffs,<br><br>       vs.<br><br>MARIAH CAREY, *etc., et al.*,<br><br>              Defendants. | Case No. 2:23-cv-09216-MRA-JDEx<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND THE COURT'S INHERENT POWERS<br><br>Date: November 14, 2024<br>Time: 1:30 p.m.<br><br>Courtroom of the Honorable<br>Mónica Ramírez Almadani<br>United States District Judge |

Benjamin S. Akley (Cal. Bar No. 278506)
    bakley@pryorcashman.com
Shamar Toms-Anthony (Cal. Bar No. 323246)
    stoms-anthony@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Tel: (310) 683-6900
Fax: (310) 943-3397

Ilene S. Farkas (admitted *pro hac vice)*
    ifarkas@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
Telephone: (212) 421-4100

Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Bert H. Deixler (Cal. Bar. No. 70614)
    bdeixler@kbkfirm.com
Patrick J. Somers (Cal. Bar. No. 318766)
    psomers@kbkfirm.com
Emma Tehrani (Cal. Bar. No. 329603)
    etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

# **TABLE OF CONTENTS**

1. INTRODUCTION ............................................................................................. 1

  (a)  Summary of Argument ................................................................. 1

  (b)  Summary of Facts....................................................................... 3

      (1)  The Court's Bifurcation Order ...................................... 3

      (2)  Plaintiffs Fail to Serve Rebuttal Reports ..................... 4

      (3)  Plaintiffs File Their Frivolous Rule 56 Motion ........... 4

      (4)  Plaintiffs' Counsel Refuses to Withdraw Their Motion ............. 5

2. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WARRANTS
RULE 11 SANCTIONS.................................................................................... 5

  (a)  The Standards Under Rule 11 ................................................... 5

  (b)  Plaintiffs' Motion Is Frivolous ................................................ 6

      (1)  Plaintiffs' Motion Violates This Court's Order ........... 6

      (2)  Plaintiffs' Motion Makes Frivolous Legal Contentions ............. 7

         (i)  Plaintiffs Rely on an Overruled Point of Law ................. 7

         (ii)  Plaintiffs' Motion Fails to Make Any Colorable
Extrinsic Test Argument.................................... 8

      (3)  Plaintiffs' Statement of Undisputed Facts Is
Wholly Improper............................................................ 10

      (4)  Plaintiffs' Factual Contentions Are Unsupported...................... 11

         (i)  Plaintiffs Offer No Actual Evidence of Factual
Copying........................................................ 11

         (ii)  Plaintiffs' Other Factual Contentions Are Also
Unsupported.................................................. 13

  (c)  Plaintiffs' Motion Was Brought for an Improper Purpose................... 15

i

(d)    The Court Should Sanction Plaintiffs and/or Their Counsel, Including an Award of Attorney's Fees ................................................. 17

3.    ALTERNATIVELY, THE COURT SHOULD ISSUE SANCTIONS UNDER ITS INHERENT AUTHORITY ....................................................... 18

4.    CONCLUSION ............................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Associated Gen. Contractors of Am., etc. v. California Dept.*
*of Transportation*,
713 F.3d 1187 (9th Cir. 2013) .................................................................. 12, 13

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ...............................................................................17

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ..........................................................................5, 16

*Corbello v. Valli*,
974 F.3d 965 (2020) ................................................................................9

*Dominguez v. Ford Motor Company*,
No. 2:22-cv-09064-AB-PVC,
2024 WL 3009303 (C.D. Cal. May 3, 2024) ...................................................11

*Falkenstein v. Shipco Transp., Inc.*,
2015 WL 11256664 (C.D. Cal. Aug. 19, 2015) ................................................11

*Fink v. Gomez*,
239 F.3d 989 (9th Cir. 2001) ...................................................................18

*G.C. & K.B. Investments, Inc. v. Wilson*,
326 F.3d 1096 (9th Cir. 2003) ...................................................................6

*Gilbert-Daniels v. Lions Gate Ent. Corp.*,
No. 2:23-cv-02147-SVW-AGR,
2023 WL 8351563 (C.D. Cal. Sept. 27, 2023) ..................................................8

*Gomez v. Vernon*,
255 F.3d 1118 (9th Cir. 2001) ...............................................................7, 18

*Hernandez ex rel. Hernandez v. City of Beaumont*,
2016 WL 8732460 (C.D. Cal. Sept. 30, 2016) .................................................10

*Hooks v. Target Corp.*,
No. 5:22-cv-00052-SSS-SPx,
2024 WL 2037151 (C.D. Cal. Mar. 1, 2024)....................................................11

*Islamic Shura Council of S. Cal. v. F.B.I.*,
    757 F.3d 870 (9th Cir. 2014) ................................................................5

*Kwok v. Recontrust Co., N.A.*,
    No. 2:09-cv-2298-RLH-LRL,
    2010 WL 4810704 (D. Nev. Nov. 19, 2010) .......................................18

*Lloyd v. Schlag*,
    884 F.2d 409 (9th Cir. 1989) ...............................................................8

*Mossman v. Roadway Exp., Inc.*,
    789 F.2d 804 (9th Cir. 1986) .............................................................12

*Persian Gulf Inc. v. BP W. Coast Prods. LLC*,
    632 F. Supp. 3d 1108 (S.D. Cal. 2022)..............................................13

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018) .............................................................7

*Skidmore v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) (en banc) ............................. 1, 7, 8, 9

*Smith v. Ricks*,
    31 F.3d 1478 (9th Cir. 1994) ...............................................................6

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir.1991) ................................................. 6, 15, 16

*Truesdell v. Southern Cal. Permanente Med. Grp.*,
    209 F.R.D. 169 (C.D. Cal. 2002) .......................................... 15, 16, 17

*U.S. v. Sierra Pac. Indus.*,
    879 F. Supp. 2d 1128 (E.D. Cal. 2012) ............................................12

*Zuniga v. United Can Co.*,
    812 F.2d 443 (9th Cir. 1987) ...............................................................6

**Rules**

C.D. Cal. Local Rule
    56-1 ..............................................................................................9, 10
    83-7(a)-(b) ..........................................................................................11
    83-8.1 ..................................................................................................17

iv

Fed. R. Civ. P.

   11(b) ............................................................................ 5, 6, 11, 12, 16, 17

   11(c) ............................................................................................6, 17

   56(a) ................................................................................................15

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

### (a)    Summary of Argument

In this first bifurcated phase of this copyright infringement action, expert discovery confirmed that Plaintiffs cannot satisfy the extrinsic test for substantial similarity in protectable expression because the claimed similarities are a random jumble of unprotectable words and fragmentary musical building blocks.  In fact, Plaintiffs lack any evidence that could satisfy the extrinsic test because their experts admittedly relied on fragmentary commonplace elements and failed to provide any rebuttal reports to Defendants' expert reports.  Defendants accordingly moved for summary judgment as to the extrinsic test (Doc. 68).

Proving that desperate people do desperate things, Plaintiffs responded by filing their own Motion for Summary Judgment (Doc. 69) (the "Motion"), which is legally frivolous, procedurally improper, and devoid of evidentiary support.  It is obvious that the Motion stands no chance of success and that Plaintiffs' counsel filed it merely to confuse the issues and burden the Court in the hope it will erroneously deny Defendants' Motion.  Federal Rule of Civil Procedure 11 provides remedies for such wasteful and costly litigation tactics.

To begin with, Plaintiffs' Motion violates this Court's Order establishing an initial phase as to the extrinsic test because that Motion asks the Court to adjudicate the unrelated issues of ownership and access, as to which discovery is stayed. Plaintiffs' counsel knows very well that Defendants have had no opportunity whatsoever to conduct discovery into these issues.  Plaintiffs' Motion also relies on an abrogated rule of law—that "substantial similarity is inextricably linked to the issue of access." Pltfs' Memo. (Doc. 69) at 6 (quoting *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1065-66 (9th Cir. 2020) (en banc) (overruling inverse ratio rule and holding that "[a]ccess … in no way can prove substantial similarity")).

Furthermore, in purporting to satisfy the extrinsic test, Plaintiffs simply ignore the initial and rebuttal reports and deposition testimony of Defendants' experts, not even trying to overcome the substantial reasons that Plaintiffs cannot satisfy that test. In fact, Plaintiffs' moving papers do not even argue that the claimed similarities are *protectable*. Instead, they simply claim there are "enough objective similarities" to satisfy the extrinsic test, and—remarkably—that the opinions of Plaintiffs' experts "should be taken as conclusive evidence by this court." Pltfs' Memo. at 6, 8, 13. Those are not even colorable arguments, let alone colorable arguments under the extrinsic test.

Furthermore, Plaintiffs' "Separate Statement of Uncontroverted Facts" (Doc. 69-1) ("SUF") fails to identify the specific claimed facts on which their Motion is based. Instead, it consists of conclusory assertions like "Defendants undoubtedly had access" and vague insinuations like "Doing this during the hook itself would be an effective choice, but not as original as the creators of Carey's version might think." SUF 10, 41. If Plaintiffs genuinely sought to establish their entitlement to judgment as a matter of law, they would not have packed their SUF with conclusory arguments they knew Defendants would dispute.

Finally, Plaintiffs' Motion was filed on an utterly deficient evidentiary record. For example, the first fourteen Facts in their SUF consist solely of quotes from their unverified First Amended Complaint, which they cannot use as evidence at summary judgment. They also attempt to establish that Defendants actually copied Plaintiffs' work by quoting their *musicologist expert's* Declaration, who has no personal knowledge of the facts asserted and who expressly averred he was not retained to opine on copying.

In short, Plaintiffs filed a frivolous Motion in violation of the Court's bifurcation Order and for an improper purpose—to make this Court's work harder and try to force an incorrect ruling on Defendants' Motion for Summary Judgment. Under Rule 11 or the Court's inherent powers, Plaintiffs' Motion for Summary Judgment

2

should be stricken, and Plaintiffs and/or their counsel, as the Court deems appropriate, required to reimburse Defendants their reasonable attorney's fees in opposing Plaintiffs' Motion for Summary Judgment and preparing this Motion for Sanctions.

**(b)** **Summary of Facts**

**(1)** **The Court's Bifurcation Order**

In their First Amended Complaint ("FAC") (Doc. 31), Plaintiffs assert a single claim for copyright infringement, alleging that Mariah Carey's *All I Want for Christmas Is You* ("Carey") infringes the copyright in a song they created with the same title ("Vance").

Before any discovery commenced, Defendants moved for an order bifurcating the proceedings with an initial, narrow phase of expert discovery and dispositive motion practice as to whether Plaintiffs can satisfy this Circuit's extrinsic test for substantial similarity in protectable expression. Doc. 41. Plaintiffs filed a Statement of Non-Opposition indicating that they agreed to this bifurcation. Doc. 45.

The Court granted Defendants' unopposed motion, noting the parties' agreement "that an initial expert phase as to the extrinsic test is the most judicially efficient way to manage this litigation" and would "provide the parties an early opportunity to determine a dispositive issue and potentially avoid costly, time-consuming, and intrusive discovery as to other issues…." Order, Doc. 53 at 2 ¶ 4. The Court's Order set deadlines for the parties to exchange initial and rebuttal expert disclosures and reports, to complete expert discovery, and to confer and file a Joint Status Report "advis[ing] whether any parties intend to file a … [Rule] 56 motion as to the extrinsic test." *Id.* at 3 ¶¶ 1-2. The Order also stayed all discovery on other issues in the action until "further Order of the Court." *Id.* at 3 ¶ 2.

The Court extended the aforementioned deadlines, but never expanded the scope of the initial phase beyond the extrinsic test or lifted the stay on all discovery as to any other issues or additional elements of their copyright claim, such as whether

Plaintiffs own a valid copyright and whether copying even occurred. *See* Orders, Docs. 58, 61, 65.

### (2)    Plaintiffs Fail to Serve Rebuttal Reports

The parties exchanged initial expert disclosures and reports. In their reports, Defendants' musicologist expert, Dr. Lawrence Ferrara, and literary expert, Prof. Nathaniel Lewis, meticulously applied extrinsic test principles to conclude that the claimed similarities in Vance and Carey are fragmentary, commonplace, public domain elements, randomly scattered throughout the overall different songs. *See* Ferrara Decl. iso Defs' MSJ Ex. 1 (Doc. 68-6); Lewis Decl. iso Defs' MSJ Ex. 4 (Doc. 68-9).

As initial expert reports, Plaintiffs served a three-page "Preliminary Report" by Prof. Robert Fink, a musicologist, and an eight-page report by Prof. Matt Sakakeeny, another musicologist. These reports fail to apply the extrinsic test. For example, Plaintiffs' experts later confirmed that they did not research prior art, which is required to determine, for example, whether the claimed similarities in Vance and Carey are commonplace and therefore unprotectable. *See* Lamm Decl. iso Defs' MSJ Ex. 9 (Doc. 68-14) (Fink Depo.) at 174:9-18; *id.* Ex. 10 (Doc. 68-15) (Sakakeeny Depo.) at 116:11-15, 196:19-23.

Defendants served rebuttal reports by Dr. Ferrara and Prof. Lewis, which, among other things, confirm that Plaintiffs' experts rely on commonplace and unprotectable elements. Ferrara Decl. iso Defs' MSJ Exs. 2, 3 (Docs. 68-7, 68-8); Lewis Decl. iso Defs' MSJ Exs. 5, 6 (Docs. 68-10, 68-11). Plaintiffs, on the other hand, failed to serve any rebuttal reports at all, leaving Defendants' expert reports unrebutted. Lamm Decl. iso Defs' MSJ (Doc. 68-5) at 2 ¶ 6.

### (3)    Plaintiffs File Their Frivolous Rule 56 Motion

The parties completed expert depositions and thereafter conferred regarding the required Joint Status Report. Defendants indicated that they intended to file a Rule 56 Motion as to the extrinsic test. Plaintiffs indicated that they intended to file a Rule

56 Motion as well, but did not state the grounds.  Anderson Decl. iso Opp. to Pltfs' MSJ (Doc. 72-4) at 2 ¶ 7.

Instead, after Defendants filed their Motion for Summary Judgment as to the extrinsic test (Doc. 68), Plaintiffs filed their Motion, which among other things, asked the Court to adjudicate—without the aid of any discovery—the totally unrelated issues of ownership and factual copying, which in turn includes the issue of access.  Doc. 69 at 5, 10.  Plaintiffs' counsel had not previously disclosed that they would seek summary judgment as to issues other than the extrinsic test and, had they done so, Defendants would have raised the impropriety of making such a motion at this time. Anderson Decl. iso Opp. to Pltfs' MSJ (Doc. 72-4) at 2 ¶ 7.

### (4)    Plaintiffs' Counsel Refuses to Withdraw Their Motion

On September 23, 2024, Defendants served a copy of this Motion, which establishes that Plaintiffs' Motion is sanctionable, and demanded that Plaintiffs withdraw their Motion.  Pursuant to the Rule 11 safe harbor, Defendants also advised Plaintiffs' counsel that they had twenty-one days to remedy this Rule 11 violation. Anderson Decl. iso Defs' Mot. for Sanctions at 1 ¶ 3, Ex. 1.  Plaintiffs have not withdrawn their Motion.

## 2.    PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WARRANTS RULE 11 SANCTIONS

### (a)    The Standards Under Rule 11

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

Federal Rule of Civil Procedure 11(b) provides, in relevant part: "By presenting to the court a … written motion, or other paper … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed

after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the … legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…."

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Sanctions under Rule 11(b) are warranted "on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1991). Improper purposes include to "harass, cause unnecessary delay, or needlessly increase in the cost of litigation." Fed. R. Civ. Pro. 11(b)(1). A frivolous filing is one that is "both baseless and made without a reasonable and competent inquiry" into the law and facts. *Townsend*, 929 F.2d at 1362.

"The standard governing both the 'improper purpose' and 'frivolous' inquiries is objective." *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003) (quoting *Townsend,* 929 F.2d at 1362). "Counsel can no[t] … avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987)).

**(b)     Plaintiffs' Motion Is Frivolous**

**(1)     Plaintiffs' Motion Violates This Court's Order**

First, Plaintiffs' Motion is frivolous because it was filed in direct violation of this Court's Order limiting the initial phase of this case to whether Plaintiffs can

6

satisfy the extrinsic test.  <u>Doc. 53</u>.  Despite the Court's clear Order, Plaintiffs inexplicably moved on the elements of copyright ownership and factual copying.  *See* <u>Pltfs' Memo. (Doc. 69) at 5-10</u>.  As discussed in Defendants' Opposition, the elements of copyright ownership and factual copying are irrelevant to the extrinsic test, and neither Defendants nor Plaintiffs have had an opportunity to conduct fact discovery related to those elements.  *See* Defs' Opp. to Pltfs' MSJ (Doc. 72) at 3-6; Anderson Decl. iso Opp. to Pltfs' MSJ (Doc. 72-4) at 1-4 ¶¶ 4-13; <u>Order (Doc. 53) at 3 ¶ 2</u>. Plaintiffs accordingly lack any reasonable basis to file a motion as to these issues during the initial phase of this case.  Their moving on those grounds warrants sanctions.  *See, e.g.*, <u>*Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001)</u> (courts have inherent power to issue sanctions for willful violations of court orders).

### (2)  Plaintiffs' Motion Makes Frivolous Legal Contentions

### (i)  Plaintiffs Rely on an Overruled Point of Law

In their Motion, Plaintiffs argue they can establish Defendants copied protectable elements of Vance by purporting to show "access" and "substantial similarity," because they claim that "substantial similarity is inextricably linked to the issue of access." <u>Pltfs' Mot. at 6</u> (quoting <u>*Skidmore*, 952 F.3d at 1065-66</u>).  But in the case on which Plaintiffs rely, the Ninth Circuit, sitting *en banc*, expressly abrogated that point of law.

Before *Skidmore*, there was a link between access and substantial similarity. However, even then, that link related solely to whether a plaintiff could demonstrate substantial similarities probative of copying (also known as probative similarity), not to substantial similarity in protectable expression under the extrinsic test. <u>*Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1124-25 (9th Cir. 2018)</u> (the "inverse ratio rule has no bearing" on unlawful appropriation), *overruled on other grounds by* <u>*Skidmore*, 952 F.3d 1051</u>.  Then, in *Skidmore*, the Court abrogated the inverse ratio rule entirely:

> We have stated that "substantial similarity is inextricably linked to
> the issue of access," and have adhered to "what is known as the

1        'inverse ratio rule,'" which requires "a lower standard of proof of

2        substantial similarity when a high degree of access is shown." …

3        Because the inverse ratio rule, which is not part of the copyright

4        statute, defies logic, and creates uncertainty for the courts and the

5        parties, we take this opportunity to abrogate the rule in the Ninth

6        Circuit and overrule our prior cases to the contrary.

7  *Skidmore*, 952 F.3d at 1065-66 (citations omitted).

8        Thus, the law in this Circuit is now settled that access plus *probative* similarity

9  can, when combined, serve as circumstantial evidence that a defendant copied a

10  plaintiff's work, but access and probative similarity are completely separate inquiries.

11  In so holding, *Skidmore* "join[ed] the majority of our sister circuits that have

12  considered the inverse ratio rule and have correctly chosen to excise it from copyright

13  analysis." *Id.* at 1069.  The Court concluded its discussion of the inverse ratio rule by

14  affirming that "access … in no way can prove substantial similarity."  *Id.*

15        Access is therefore completely irrelevant to this initial phase of these

16  proceedings, which is limited to unlawful appropriation under this Circuit's extrinsic

17  test.  *See also, e.g.*, *Gilbert-Daniels v. Lions Gate Ent. Corp.*, No. 2:23-cv-02147-

18  SVW-AGR, 2023 WL 8351563 at *2-*3 (C.D. Cal. Sept. 27, 2023) (denying motion

19  for additional discovery as to access on grounds that "[a]ccess is only relevant to the

20  question of actual copying" and has "no relevance to the extrinsic test").

21        Rule 11 imposes a non-delegable, "affirmative duty" upon the attorney to

22  conduct a reasonable inquiry into the law before filing a motion.  *Lloyd v. Schlag*, 884

23  F.2d 409, 412 (9th Cir. 1989).  Plaintiffs' reliance on *Skidmore* for a point of law that

24  case expressly overruled is incompatible with that duty.

25        **(ii)**    **Plaintiffs' Motion Fails to Make Any Colorable**

26                  **Extrinsic Test Argument**

27        Plaintiffs also fail to make any plausible argument under the extrinsic test.  As

28  an initial point, Defendants' Motion for Summary Judgment (Doc. 68) provided

expert reports and testimony, as well as the deposition testimony of Plaintiffs' experts, to show that Plaintiffs' experts did not apply the extrinsic test and do not establish a genuine dispute under that test.  In stark contrast, Plaintiffs' Motion simply states that their experts' opinions "should be taken as conclusive evidence by this court" and does not even try to establish that the Court may disregard Defendants' expert opinions, or the contrary deposition testimony of Plaintiffs' own experts.  *See* Pltfs' Memo. (Doc. 69) at 6, 8.

Plaintiffs' main extrinsic test argument is essentially that their experts identified *enough* similarities to establish substantial similarity as a matter of law.  *Id.* at 13. However, the extrinsic test does not ask how *many* claimed similarities there are; it asks whether the claimed similarities are in *protectable* expression.  *See* Defs' Opp. Memo. (Doc. 72) at 2, 10-11; *see, e.g.*, Corbello v. Valli, 974 F.3d 965, 974-984 (2020) (plaintiff could not satisfy extrinsic test as a matter of law because claimed similarities in more than twelve scenes of biography and musical were unprotectable). And neither Plaintiffs nor their experts provide any basis to find that a particular similarity is protectable.

The law is also clear that Plaintiffs cannot establish a protectable *selection and arrangement* simply by arguing that their experts identified many similarities.  That is because "a selection and arrangement copyright protects … the *particular* way in which the artistic elements form a coherent pattern, synthesis, or design." Skidmore, 952 F.3d at 1074.  For that reason, a plaintiff must show a similarity in the "overall selection and sequencing of … similarities."  *Id.*; *see also* Corbello, 974 F.3d at 974 n.2.  Yet, Plaintiffs fail to even argue there is a similarity in the overall selection and sequencing of the individual claimed similarities.  Furthermore, their experts admitted there is not.  *See, e.g.*, Lamm Decl. iso Defs' MSJ Ex. 9 (Fink Depo.) (Doc. 68-14) at 67:12-20; *id.* Ex. 10 (Sakakeeny Depo.) (Doc. 68-15) at 90:4-91:22.

In short, the legal positions asserted in Plaintiffs' Motion are flat-out frivolous.

### (3)    Plaintiffs' Statement of Undisputed Facts Is Wholly Improper

Plaintiffs' SUF also violates the Court's Local Rules.  *See* <u>C.D. Cal. L.R. 56-1</u> (moving parties must "set forth the material facts as to which the moving party contends there is no genuine dispute" in a statement of uncontroverted facts and "[e]ach such fact must supported by pinpoint citations (including page and line numbers, if available) to evidence in the record").

Rather than set forth *material facts*, Plaintiffs' SUF simply copy-and-pastes conclusory allegations from its First Amended Complaint and sentences from three Declarations accompanying their Motion.  Many of the claimed "Facts" are not facts at all, but vague, compound, and often incomprehensible mixtures of factual assertions and conclusions, subjective opinions, or other irrelevant material.  *See, e.g.*, <u>Pltfs' SUF (Doc. 69-1) at Facts 2, 5, 6, 8-14, 24-25, 27-34, 36-43, 47-64, 66-69</u>.

To make matters worse, the majority of these "Facts" are conclusory arguments that, for example, entire portions of Vance and Carey are "similar."  *See, e.g.*, *id.* <u>at Fact 9</u> ("Regardless of these nominal alterations, the sequence is substantially similar to the sequence in *'All I Want for Christmas Is You'* created by Plaintiffs"); <u>Fact 10</u> ("Defendants undoubtedly had access to *"All I Want for Christmas Is You"* prior to writing and releasing *"All I Want for Christmas Is You"* given its wide commercial and cultural success."); *see also id.* at <u>Facts 7-10, 12-15, 23-29, 32-33, 36-38, 40-43, 50-64, 66-68.</u>

Plaintiffs' SUF also violates <u>Local Rule 56-1</u> by failing to include pinpoint citations to its experts' reports.  Each of Facts 16-69 cites a quoted paragraph from one of the Declarations, followed by a general citation to that expert's entire report.  This improper practice makes it even more difficult for Defendants and the Court to decipher Plaintiffs' conclusory SUF.

Plaintiffs' conclusory and unsupported "Facts" required Defendants to expend substantial time preparing a response that discusses and cites to numerous undisputed

facts elsewhere in the record (including Defendants' Statement of Uncontroverted Facts, Doc. 68-2), and addresses Plaintiffs' improper legal conclusions. Thus, Plaintiffs' SUF completely defeated the purpose of having a statement of undisputed facts. *Hernandez ex rel. Hernandez v. City of Beaumont*, 2016 WL 8732460, at *1 n.1 (C.D. Cal. Sept. 30, 2016) (disapproving of inclusion in statement of undisputed facts of material that belonged in summary judgment motion, which "appears to be an attempt to circumvent the page limitations of [the local rules]"), *aff'd sub nom. Hernandez v. City of Beaumont*, 742 Fed. Appx. 257 (9th Cir. 2018); *Falkenstein v. Shipco Transp., Inc.*, 2015 WL 11256664, at *3 (C.D. Cal. Aug. 19, 2015) (sustaining defendant's objections to plaintiff's "statements regarding issues of law and legal and argument, which [p]laintiff attempted to disguise as 'facts'"); *Dominguez v. Ford Motor Company*, No. 2:22-cv-09064-AB-PVC, 2024 WL 3009303 at *2 (C.D. Cal. May 3, 2024) ("[S]ome of the parties' purported undisputed facts are not facts at all but are legal conclusions. The Court will not treat these as "facts" but instead will address the relevant legal disputes in the discussion.").

The improper SUF alone warrants sanctions. *See* C.D. Cal. L.R. 83-7(a)-(b) (authorizing sanctions for willful, grossly negligent, or reckless violations of the Local Rules or violations that rise "to the level of bad faith" or a "willful disobedience of a court order"); *Hooks v. Target Corp.*, No. 5:22-cv-00052-SSS-SPx, 2024 WL 2037151 at *1-*2 (C.D. Cal. Mar. 1, 2024) (issuing order to show cause re sanctions for failure to comply with local rules regarding page limitations and statements of uncontroverted facts).

### (4)    Plaintiffs' Factual Contentions Are Unsupported

Under Rule 11(b), attorneys also warrant that the factual contentions in their filings have an evidentiary basis. Many of Plaintiffs' factual contentions do not.

### (i)    Plaintiffs Offer No Actual Evidence of Factual Copying

Plaintiffs apparently hope to establish the element of factual copying by relying on a wide dissemination theory of access. *See* Pltfs' Memo. (Doc. 69) at 10.

In support of that access argument, Plaintiffs' Motion cites Facts 10, 11, 68, and 69 of their SUF.  _Id._  Fact 10 is nothing more than a bald legal conclusion that "Defendants undoubtedly had access to [Vance] … given its wide commercial and cultural success," and is supported solely by an allegation in their First Amended Complaint. Fact 11 is also supported solely by an allegation in their FAC.  Pltfs' SUF (Doc. 69-1) at Facts 10, 11.  But it is basic civil procedure that an unverified pleading "cannot form the basis of evidence considered at summary judgment."  _Associated Gen. Contractors of Am., etc. v. California Dept. of Transportation_, 713 F.3d 1187, 1195 (9th Cir. 2013).

Facts 68 and 69 quote the following statement from the Declaration of Prof. Sakakeeny, one of Plaintiffs' musicologist experts: "Carey would have had ample access to the Vance song. _All I Want for Christmas_ by Vance was originally released in 1989 and again in 1993 as part of a CD of Christmas songs.  The song charted for the first time on January 8, 1994.  Carey released her version on October 29, 1994, only nine months later."  Sakakeeny Decl. (Doc. 69-4) at 4 ¶ 14.  However, Prof. Sakakeeny was not designated as an expert on the factual copying issue of access— indeed, Prof. Sakakeeny's own Declaration admits that he was "not asked to determine whether [Carey] … did or did not copy … Vance." _Id._ at 3 ¶ 7; _see also_ Lamm Decl. iso Opp. to Pltfs' MSJ Ex. 16 (Doc. 72-8) (Pltfs' Initial Expert Disclosures) (stating that Prof. Sakakeeny "will testify in accordance with his report regarding his opinions concerning extrinsic analysis of the music in this case").  Prof. Sakakeeny also does not clarify his claim that Vance "charted," and he fails to explain how he has personal knowledge of that information.   Plaintiffs cannot establish facts by relying on a declaration from an expert who is retained to testify on unrelated issues.  _See, e.g._, _U.S. v. Sierra Pac. Indus._, 879 F. Supp. 2d 1128, 1137 (E.D. Cal. 2012) (declaration from expert as to factual contentions was improper where declaration was conclusory and failed to identify basis for declarant's personal knowledge).

Plaintiffs accordingly lacked *any* evidentiary support for their argument. A motion that is not supported by evidence is sanctionable under Rule 11(b). *See, e.g.*, <u>Mossman v. Roadway Exp., Inc.</u>, 789 F.2d 804, 806 (9th Cir. 1986) (summary judgment motion filed without supporting declarations was "not well grounded in fact" and was sanctionable under Rule 11).

### (ii)    Plaintiffs' Other Factual Contentions Are Also Unsupported

Plaintiffs' three Declarations and six exhibits also clearly fail to establish other factual contentions. In fact, many of Plaintiffs' claimed Facts rely solely on allegations in its First Amended Complaint, which as mentioned above, is improper. *See* Defs' Stmt. of Genuine Disputes (Doc. 72-2) at Facts 1-14[1]; <u>Associated Gen. Contractors</u>, 713 F.3d at 1195.

To establish ownership, Plaintiffs rely in part on a Declaration from Plaintiffs' *counsel of record*, Mr. Fox. That Declaration contains a boilerplate averment that Mr. Fox has "personal knowledge of the following facts" and then goes on to state that "[a]t all relevant times, Plaintiff was the owner of the copyright to '*All I Want for Christmas Is You*' which is the subject of a valid Certificate of Copyright Registration number: Pau001163343 issued by the Register of Copyrights on November 21st 1988. Attached here as Exhibit 6." <u>Fox Decl. (Doc. 69-2) at 2-3 ¶ 11</u>.[2] Mr. Fox does not explain how he has personal knowledge (or even could have personal knowledge) of the legal conclusion that either Plaintiff owned the copyright in Vance at "all relevant times." In any event, a conclusory averment from Plaintiffs' counsel of record is

---

[1]    Facts 1, 2, 3 and 5 cite other materials but those materials do not support the claimed Facts. *See id.*

[2]    Strangely, Mr. Fox's Declaration states that he represents "Plaintiff Andy Stone" and is silent on whether he also represents plaintiff Troy Powers. *See <u>id.</u>*

insufficient to establish a key element of Plaintiffs' claim.  *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 632 F. Supp. 3d 1108, 1131 (S.D. Cal. 2022).[3]

Plaintiffs' two expert Declarations are also deficient, including because they fail to apply the extrinsic test at all and consist mostly of conclusory statements of similarity.  *See* Fink Decl. (Doc. 69-3), Sakakeeny Decl. (Doc. 69-4), Defs' Evidentiary Objections (Doc. 72-3) at Objections 6, 29.  What is more, Plaintiffs' experts aver to statements that flatly contradict their deposition testimony.  To give just one example, Prof. Sakakeeny testified that, while his report claims Vance and Carey have the same "storyline," he "in retrospect," would have used "'idea' instead of … storyline.'"  Lamm Decl. iso Defs' MSJ Ex. 10 (Doc. 68-15) (Sakakeeny Depo.) at 106:5-107:22.  Yet, his Declaration, without justification or explanation, simply reverts to his report's conclusory claim that Vance and Carey have the same "story," and even doubles down by now claiming they have the "same 'plot.'"  Sakakeeny Decl. (Doc. 69-4) at 3 ¶ 8; Defs' Evidentiary Objections (Doc. 72-3) at Objection 35.  In a similar vein, Plaintiffs' expert Declarations incorporate their reports by reference, but fail to mention the numerous admitted inaccuracies in their reports.  *See, e.g.*, Fox Decl. Ex. 2 (Doc. 69-2) (Fink Report) at 1 ¶ 2 (claiming the words "sleigh bells" appears in Vance and Carey); Lamm Decl. Ex. 9 (Fink Depo.) (Doc. 68-14) at 69:21-22 (admitting the term "sleigh bells" in his report was an "error"), 154:10-15, 171:4-9 (testifying that his report mistakenly represented a chord as A minor flat 6 over D when in fact he agrees with Dr. Ferrara's analysis that the chord is C minor 6 over D); Fox Decl. Ex. 3 (Doc. 69-2) (Sakakeeny Report) at 2 (transcribing lyrics of Vance as "All that I want / *Can* be found") (emphasis added); Lamm Decl. Ex. 10 (Sakakeeny

---

[3]    Plaintiffs also attempt to prove ownership by relying on an exhibit that Mr. Fox fails to identify but which appears to be printouts from the Copyright Office website. *See* Fox Decl. Ex. 6 (Doc. 69-2).  Even assuming that is what those documents are, the exhibit suggests merely that Plaintiffs registered the copyright in 1988 and not that Plaintiffs are or were the copyright owners at "all relevant times."

Depo.) (Doc. 68-15) at 57:15-19 (agreeing that the correct lyrics are "All that I want / *It can't* be found") (emphasis added).

Because Plaintiffs' Motion lacks evidentiary support for its arguments—and because it violates this Court's Order, Local Rules, and forwards objectively unreasonable arguments—Plaintiffs' Motion is frivolous and warrants sanctions.

**(c)    Plaintiffs' Motion Was Brought for an Improper Purpose**

Although the "improper purpose" prong is "separate and distinct" from the frivolousness prong, "they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend*, 929 F.2d at 1362.

Here, Plaintiffs do not even attempt to avoid the reports and testimony of Defendants' experts as to the extrinsic test, do not even attempt to justify moving on ownership and factual copying when discovery has been stayed, and do not even attempt to support their arguments with actual evidence. Because Plaintiffs—or at least any reasonable person—must have known their Motion had no chance of success, their Motion can only be seen as an improper attempt to burden the Court and interfere with its review and ruling on Defendants' Motion. Filing a baseless motion for these purposes is the type of conduct that Rule 11 was designed to prevent. *See Truesdell v. Southern Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 176 (C.D. Cal. 2002).

Plaintiffs' improper purpose is most clearly shown by their improper SUF. If Plaintiffs sought to establish the absence of genuine disputes of fact, as their Motion must do under Rule 56(a), their SUF would identify facts that they contend are beyond dispute. Instead, their SUF is chock full of unsupported legal conclusions that Plaintiffs know Defendants *must* dispute. *See, e.g.*, P-SUF 9 ("Regardless of these nominal alterations, the sequence is substantially similar to the sequence in [Vance]," citing Pltfs' FAC ¶ 33), 7-10, 12-15, 23-29, 32-33, 36-38, 40-43, 50-64, 66-68. The only reasonable inference to draw from that conduct is that Plaintiffs are not seeking

to have their Motion granted, but merely to trick the Court into denying Defendants' Motion for Summary Judgment by creating the illusion of factual disputes that do not exist.

There are other reasons to conclude that Plaintiffs' Motion was brought for this improper purpose. Considering the Court's Order, and that Defendants have had no opportunity to conduct discovery into ownership or access, Plaintiffs cannot reasonably have expected to establish those elements as a matter of law at this juncture. Rather, Plaintiffs' apparent intent was merely to throw up other aspects of this case as a distraction because Plaintiffs cannot in good faith argue that the claimed similarities are protectable.

Plaintiffs' clearly deficient evidentiary record, conclusory arguments, expert Declarations that Plaintiffs know are contradicted by deposition testimony, and reliance on overruled legal authorities further confirm that Plaintiffs did not file their Motion with any realistic expectation of it being granted. *See Townsend*, 929 F.2d at 1365 ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose."). Furthermore, Plaintiffs do not even attempt to address Defendants' expert reports— which they cannot do because Plaintiffs' experts never rebutted them. Lamm Decl. iso Defs' MSJ (Doc. 68-5) at 2 ¶ 6. Instead, Plaintiffs' Motion simply pretends like Defendants' experts do not exist.

Finally, Plaintiffs' Motion evinces a basic lack of the due care that would be expected in a serious attempt at establishing liability in a case with a $20 million demand (which itself is outrageous). The Motion even misstates the basic standard for summary judgment, claiming that Plaintiffs are required to demonstrate the "absence of facts necessary for one or more essential elements of [their] claim[s]...." Pltfs' Memo. at 4. Their Proposed Order refers to their "Second Cause[] of Action," which does not exist in their operative First Amended Complaint, and further states that "[t]here are [sic] genuine issues of material fact" as to Plaintiffs' claims. Pltfs'

1    Proposed Order (Doc. 69-5).  The list goes on.  *See also* Defs' Opp. Memo. (Doc. 72)
2    at 7-8.

3    　　　　In short, Plaintiffs apparently filed their Motion, which lacks any possibility of
4    success, for the sole purpose of making litigating, and adjudicating, Defendants'
5    Motion for Summary Judgment more complicated and more labor intensive.
6    Deterring such baseless filings is a "central purpose" of Rule 11.  *Truesdell*, 209
7    F.R.D. at 176 (quoting *Cooter*, 496 U.S. at 393).

8    　　　　Sanctions are therefore warranted.

9    　　　**(d)**　　**The Court Should Sanction Plaintiffs and/or Their Counsel,**
10   　　　　　　　**Including an Award of Attorney's Fees**

11   　　　　Because Plaintiffs' Motion violates Rule 11(b), the Court should impose
12   sanctions against Plaintiffs and/or Plaintiffs' counsel amounting to the reasonable
13   attorney's fees Defendants incurred in preparing their Opposition to Plaintiffs' Motion
14   and this Rule 11 Motion.

15   　　　　If the Court "determines that Rule 11(b) has been violated, the court may
16   impose an appropriate sanction on any attorney, law firm, or party that violated the
17   rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  The sanctions may
18   include monetary and nonmonetary sanctions.  A monetary sanction may include, if
19   "warranted for effective deterrence," a penalty payable to the court, and "payment to
20   the movant of part or all of the reasonable attorney's fees and other expenses directly
21   resulting from the violation" as well as the fees incurred in preparing the Rule 11
22   motion.  *id.* subd. (c)(2), (4); *Truesdell*, 209 F.R.D. at 175.

23   　　　　Here, Plaintiffs and their counsel needlessly multiplied these proceedings by
24   filing a completely baseless and unwarranted motion for summary judgment.
25   Plaintiffs' counsel required Defendants to prepare substantial additional briefing in
26   opposing Plaintiffs' Motion for Summary Judgment, and this Motion for Sanctions.
27   Should the Court find Plaintiffs and/or their counsel violated Rule 11, Defendants
28   request an opportunity to submit a motion establishing the amount of attorney's fees

17

reasonably incurred in preparing their Opposition to Plaintiffs' Motion for Summary Judgment and this Motion.

## 3.    ALTERNATIVELY, THE COURT SHOULD ISSUE SANCTIONS UNDER ITS INHERENT AUTHORITY

Federal courts possess an inherent authority to *sua sponte* assess sanctions for bad faith conduct. <u>*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)</u>.  The Local Rules further "augment the inherent power of the Court" "to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." <u>C.D. Cal. L.R. 83-8.1</u>.  Under this inherent authority, Courts have power to sanction an attorney who acts in "'willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" <u>*Gomez*, 255 F.3d at 1133-1134</u> (alterations in original) (quoting <u>*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980))</u>.  Also, sanctions are available for bad faith conduct or "conduct tantamount to bad faith," which includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." <u>*Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)</u>.

Here, sanctions are also warranted under the Court's inherent powers because Plaintiffs' counsel's violations of the Court's bifurcation Order and Local Rules (*see above* at 3, 6-7, 10-11) are indisputably willful.  Plaintiffs' counsel were served with this Motion for Sanctions advising of their violations twenty-one days before it was filed.  Anderson Decl. iso Defs' Mot. for Sanctions at 1 ¶ 3.  They accordingly had ample time to withdraw their Motion for Summary Judgment.  Yet they failed to seek permission to withdraw it.  These willful violations alone warrant sanctions. *See* <u>*Kwok v. Recontrust Co., N.A.*, No. 2:09-cv-2298-RLH-LRL, 2010 WL 4810704 at *5 (D. Nev. Nov. 19, 2010)</u> (finding plaintiff's counsel's "failure to take any steps to insure compliance" with Court's order to show cause established willfulness and his

"submission of spurious motions and failure to comply with the Federal Rules of Civil Procedure, Local Rules, and the Court's orders constituted abusive litigation practices" warranted sanctions).

Furthermore, Plaintiffs' reliance on overruled case law and disregard for the requirements of a Rule 56 motion (*see above* at 4-5, 7-8), demonstrate, at very least, a reckless disregard for their filing.  That recklessness, combined with the frivolous nature and improper purpose of their Motion, warrants sanctions under the Court's inherent power.  *See Fink*, 239 F.3d at 994.

## 4. **CONCLUSION**

For the foregoing reasons, Plaintiffs' frivolous Motion for Summary Judgment violates the Court's bifurcation Order and Rule 11 and should be stricken, and Plaintiffs and/or their counsel, as the Court deems appropriate, should be required to reimburse Defendants' reasonable attorney's fees and costs in defending this action and bringing this Motion.

Dated: September 23, 2024          */s/ Peter Anderson, Esq.*
                                   Peter Anderson, Esq.
                                   Lindsay M. Samuel, Esq.
                                   Eric H. Lamm, Esq.
                                   DAVIS WRIGHT TREMAINE LLP
                                   Attorneys for Defendants
                                   MARIAH CAREY,
                                   SONY MUSIC ENTERTAINMENT,
                                   and UNIVERSAL MUSIC CORP.

Dated: September 23, 2024          */s/ Kenneth D. Freundlich, Esq.*
                                   Kenneth D. Freundlich, Esq.
                                   Jonah A. Grossbardt, Esq.
                                   FREUNDLICH LAW
                                   Attorneys for Defendant
                                   WALTER AFANASIEFF

19

1

2    Dated: September 23, 2024                    */s/ Ilene S. Farkas, Esq.*

3                                                  Ilene S. Farkas, Esq.

4                                                  Benjamin S. Akley, Esq.
                                                   Shamar Toms-Anthony, Esq.
5                                                  PRYOR CASHMAN LLP

6                                                  Attorneys for Defendant
                                                   SONY MUSIC
7                                                  PUBLISHING (US) LLC

8

9    Dated: September 23, 2024                    */s/ Patrick J. Somers, Esq.*

10                                                 Bert H. Deixler, Esq.

11                                                 Patrick J. Somers, Esq.
                                                   Emma M. Tehrani, Esq.
12                                                 KENDALL BRILL AND KELLY LLP

13                                                 Attorneys for Defendant
                                                   KOBALT MUSIC PUBLISHING
14                                                 AMERICA, INC.

15

16                      **<u>Attestation Regarding Signatures</u>**

17        The undersigned attests that all signatories listed, and on whose behalf this

18   filing is submitted, concur in this filing's content and have authorized its filing.

19

20

21   Dated: September 23, 2024                    */s/ Peter Anderson, Esq.*

22                                                 Peter Anderson, Esq.

23

24

25

26

27

28

1

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Mariah Carey, Sony Music Entertainment, and Universal Music Corp. certifies that this Memorandum contains 6,024 words, which complies with the word limit of L.R. 11-6.1.


Dated: September 23, 2024

                                    _/s/ Peter Anderson, Esq._
                                    Peter Anderson, Esq.