Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Cathy A. Chittenden (338292)
cchittenden@gerardfoxlaw.com
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone:   (310) 441-0500
Facsimile:   (310) 441-4447

*Attorneys for Plaintiffs*
Andy Stone, Troy Powers

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY/ATV TUNES LLC., a Delaware limited liability company, SONY MUSIC ENTERTAINMENT, a New York General Partnership, KOBALT MUSIC PUBLISHING AMERICA, INC. a Delaware Corporation, UNIVERSAL MUSIC CORP., a Delaware Corporation, WALLY WORLD MUSIC LLC., a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-09216-MRA-JDEx<br><br>Hon: Mónica Ramírez Almadani<br>Courtroom: 10B<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Response to Statement of Genuine Disputes filed concurrently herewith]**<br><br>Hearing Date: November 7, 2024<br>Time:          1:30 p.m.<br>Courtroom:   10B |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ARGUMENT

**I.**   Plaintiffs Seek Summary Judgment Solely on the Extrinsic Test

Defendants contend that Plaintiffs are going beyond the extrinsic test in their Motion for Summary Judgment to seek determinations on the issues of ownership and Access.  To be clear, Plaintiffs are not seeking summary judgment on those issues.  Plaintiffs are only moving on the extrinsic test.  To the extent that it could be perceived that Plaintiffs are adding to their motion the issues of Ownership and Access, Plaintiffs hereby withdraw any statements within their motion that could be construed as moving for summary judgment on any issue other than the extrinsic test.

## II.   **Plaintiff has not Violated the Bifurcation Order**

There are two essential elements under a copyright infringement claim: (1) ownership, and (2) copying. See, *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). The question of "access" is encompassed under the "copying" element, along with substantial similarity, which is precisely why Plaintiff's discussion of "access" is a sub-category.  However, Pursuant to a Meet & Confer between the parties on October 7, 2024, on the matter regarding violation of the bifurcation order.  Plaintiff agrees to withdraw any perceived argument that Plaintiff included regarding the issue of ownership and access. Therefore, Sections addressing ownership and access is withdrawn for the purposes of this motion.

Under Krofft, if the extrinsic test reveals similarities in ideas, the court proceeds to the second half of the analysis, the intrinsic test. *Sid & Marty Krofft Television Prods.*, 562 F.2d at 1165.  Here, Plaintiff's have shown by way of its experts that such similarities exist.

## III.   **Plaintiff is Not Required to Provide Evidence of Ownership at this Time**

Defendants assert that the issue of ownership has not been properly

Established.  Plaintiff admits that printouts from the US Copyright Office are not self-authenticating on their own.  This information was provided to establish foundation.  As the defendants have pointed out the bifurcation order limits the scope of these initial motions to the extrinsic test.  It was not the Plaintiffs intent to make a full argument as to ownership at this time and the full documentation and discovery will take place following a determination on the Motions

**IV.    Plaintiffs have Provided the Proper Applicable Standards**

**A. Defendants Skillfully Distort the Appropriate Procedural Process**

Defendants state in their Opposition to Plaintiff's Motion for Summary Judgment ("Opposition") that: "the extrinsic test requires **the Court to determine** whether the claimed similarities are *protectible*, **either individually or** as a **selection and arrangement**." (emphasis added) (ECF #72 at 2:14 – 16). Defendants later argue that: "**Plaintiffs and their experts have not even attempted to provide the Court a basis to make that determination** and, indeed, it is undisputed that the claimed similarities are unprotectable." (ECF #72 at 2:16 – 18) (emphasis added). Plaintiffs have provided the Court with expert opinions which will enable the Court to make a determination on the extrinsic test.

The correct procedural process involves the Court determining whether the claimed similarities are protectible or unprotectible, i.e. engaging in a competent 'filtration' process, based on *both or either* a selection & arrangement theory or individually as protectible expression.[1] The Court traditionally utilizes its intuition

---

[1] Plaintiff for the sake of clarity, reiterates the doctrine that unprotectable elements, within a lyrical or musical compilation, via a selection & arrangement theory, may receive copyright protection. (*See e.g. Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin,* 952 F.3d 1051, 1074 – 075 (9th Cir. 2020):

> "**We have extended copyright protection to "a combination of unprotectable elements** ... only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship."... Put another way, what a selection and arrangement copyright protects is the particular way in which the

and discernment in deciding about infringement on an objective basis for the extrinsic test, since judges are situated to provide juries with the instructions and other resources necessary to implement the idea/expression distinction and understand what will be considered protectible for the action. (*See Nichols v. Universal Pictures Corp.,* 45 F.2d 119, 121 (2d Cir. 1930)(Wherein Judge Hand famously noted of the enterprise of partitioning unprotectable ideas and protected expression, "[n]obody has ever been able to fix that boundary, and nobody ever can." And yet, the Court must fix the boundary in particular infringement cases).

Despite recognizing the Court's role in determining whether the compositions in this case are substantially similar in protectible elements, Defendants pivot and claim that Plaintiff must meet the burden of establishing what is protectible and unprotectible. But this is a standard that is not met by drawing hard lines in a musical infringement action related to a subject matter that: "is not capable of ready classification into only five or six constituent elements; music is comprised of a large array of elements, some combination of which is protectable by copyright." (*Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004)(Given *"*[t]here is no one magical combination of these factors that will automatically substantiate a musical infringement suit*;* each allegation of infringement will be unique. So long as the plaintiff can demonstrate, through expert testimony…that the similarity was "substantial" and to "protected elements" of the copyrighted work, the extrinsic test is satisfied").

Plaintiff instead must provide objective rationale, through expert testimony for this Court to analyze under the extrinsic test.[2] Plaintiff has provided the testimony

---

artistic elements form a coherent pattern, synthesis, or design. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850–51 (9th Cir. 2012) ("original selection, coordination, and arrangement" that result in the overall "design" are protectable)." (emphasis added).

[2] To belabor what this Court already knows: *See Swirsky*, *supra*, 376 F.3d at 844: "The extrinsic test "considers whether two works share a similarity of ideas and expression as measured by

and opinions of distinguished and qualified experts to aid this Court in making such

determinations.

### B. **Defendants Disingenuously Misrepresent the Applicable Standards**:

#### i. **Defendants Cite 'Shrimp Carrier Law' for their Stricter MSJ Standard:**

In Defendants' Opposition, they argue that: "Plaintiffs' initial burden on

summary judgment [is] to **establish each element of their claim** "**with evidence**

**which would entitle [them] to a directed verdict if the evidence went**

**uncontroverted at trial**." *C.A.R. Transp. Brokerage Co., Inc. v. Darden*

*Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965

F.2d 1532, 1536 (9th Cir.1992)). Plaintiffs have failed to satisfy that initial burden."

(emphasis added)(ECF #72 at 3:8 – 13). Defendants' cited authority, the *C.A.R.* case,

involved an appeal of two entirely distinct issues from this action:

"CAR appeals the district court's grant of summary judgment holding that

"Waiver of Claim by Subcontractor" forms **signed by truck drivers for the carriers**

**of the shrimp shipments** lawfully allocated liability for the freight charges under the

Interstate Commerce Act (ICA). CAR also appeals the court's holding that the drivers

had ostensible authority to sign the waivers on behalf of their principals." (emphasis

added)(213 F.3d at 476).

As for the case that *C.A.R.* was citing related to the MSJ standard Defendants

rely upon, i.e. *Houghton*, that court held that a Defendant seeking summary judgment

on the issue of qualified immunity must, to meet initial burden, submit  "evidence

---

external, objective criteria." *Id.* Application of "[t]he extrinsic test requires 'analytical dissection
of a work and expert testimony.' " *Id*. (*quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477,
485 (9th Cir. 2000). An analytical dissection, in turn, "requires breaking the works 'down into
their constituent elements, and comparing those elements for proof of copying as measured by
"substantial similarity." ' " *Id*. (*quoting Rice v. Fox Broad. Co.*, 148 F.Supp.2d 1029, 1051 (C.D.
Cal. 2001))."

which would entitle [him] to a directed verdict if the evidence went uncontroverted at trial." (965 F.2d at 1536 – 537; *See Also Molieri v. Cnty. of Marin*, No. C-10-5430 MMC, at 9* fn.8 (N.D. Cal. Oct. 25, 2012)(The Court cites *Houghton* and states the case represents that: "holding defendant seeking summary judgment on issue of qualified immunity must, to meet initial burden, submit "evidence which would entitle [him] to a directed verdict if the evidence went uncontroverted at trial").

It is incorrect to state that Plaintiff must "prove each element" of their claim as if it "went uncontroverted at trial." Only the objective analysis of the extrinsic test is at issue, and the question is not whether the evidence without a shadow of doubt supports Plaintiff, but "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." (*See* ECF #53; *See Also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but **whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented**")(emphasis added).

## ii. <u>Defendants Shift the Focus of an Infringement Analysis onto their Work and Incorrectly Argue for a Novelty Analysis</u>:

Defendants' Opposition reframes the substantial similarity analysis by comparing how they believe Plaintiff's work is different from theirs and focusing on what appears to be independent creation or novelty-oriented arguments. However, "the relevant inquiry is whether a substantial portion of the protectable material in the plaintiff's work was appropriated— not whether a substantial portion of defendant's work was derived from plaintiff's work."[3] (*See Worth v. Selchow &*

---

[3] This focus on the Plaintiff's work as a whole in relation to what is substantially similar in Defendant's work embodies the fundamental question in any infringement action, as expressed more than 150 years ago by Justice Story: whether "so much is taken…that the value of the original is sensibly diminished, or the labors of the original author are substantially to an injurious extent appropriated by another." (*Folsom v. Marsh*, 9 F. Cas. 342, 348 (C.C.D. Mass. 1841) (No. 4901).

*Righter Co.,* 827 F.2d 569, 570 n. 1 (9th Cir. 1987). Meaning, that a "substantial portion" need not be illustrated by numerosity or disproven by simply tallying up a considerable number of differences. (*See Worth*, *supra*, 827 F.2d at 570 fn.1: Although a 'sampling case,' the logic rings true: "Courts also focus on the relationship to the plaintiff's work because a contrary rule that measured the significance of the copied segment in the defendant's work would allow an unscrupulous defendant to copy large or qualitatively significant portions of another's work and escape liability by burying them beneath non-infringing material in the defendant's own work…").[4]

In regards to Defendants' arguments related to prior art, which appear to be focused less on originality and more on novelty: *See Sheldon v. Metro–Goldwyn Pictures Corp.*, 81 F.2d 49, 53 (2d Cir.1936) (L.Hand, J.) ("[I]t makes no difference how far the [copyrighted work] was anticipated by works in the public demesne which the plaintiffs did not use."), *aff'd*, 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940). This is because "the doctrine of anticipation ... does not apply to copyrights.... The 'author' is entitled to a copyright if he independently contrived a work completely identical with what went before...." (*Alfred Bell & Co. v. Catalda Fine Arts*, 191 F.2d 99, 103 (2d Cir.1951). As such, "[o]riginality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." (*Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 345 (1991).

### iii.  **Defendants' Misstate Plaintiff's Experts' Burden:**

Defendants' Opposition opines in multiple instances that Plaintiff's experts must explicitly analyze and render judgments on prior art; and make other definitive

---

[4] *Cf. Sheldon*, *supra*, 81 F.2d at 56 ("[I]t is enough that substantial parts were lifted; no plagiarist can excuse the wrong by showing how much of his work he did not pirate.").

legal conclusions related to what is and is not protectible expression. That is not Plaintiff's burden. As discussed above, Plaintiff must provide a rational basis, rooted in a myriad of objective criteria aimed to show substantial similarities, and the Court then draws conclusions based on what it deems protectible, unprotectible, expressions, ideas, independently created, within the public domain, etc. "In bringing a copyright infringement claim, Plaintiff must first "identify the source(s) of the alleged similarity" between its copyrighted work and the alleged copy. Then, the Court must determine "whether any of the allegedly similar features are protected by copyright." (emphasis added) (*YS Built, LLC v. Ya Hsing Chiang Huang*, Case No. 2:15-cv-01411-BJR, at 5* (W.D. Wash. Nov. 15, 2016); *Citing Apple Comp., Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994).

Plaintiff has provided ample objective criteria to meet "the requisite level of creativity [which] is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." (*Feist*, *supra*, 499 U.S. at 345) (citation and internal quotation marks omitted). For example, (pull some argument from our motion or our response brief with opinions from our experts and put it here, please)

**V.    Plaintiff has satisfied the Extrinsic Test**

Defendants have taken it upon themselves to define exactly what an extrinsic test must be comprised of and anything that does not meet their narrative is somehow invalid.  Defendants' application of the extrinsic test is conducted in a manner that shifts the focus of the test from filtering out unprotectible material to simply pointing out all the differences.

1    Ninth Circuit precedent, however, has substantially restricted the opportunity
2    for defendants to obtain dismissals of copyright claims. The Ninth Circuit has
3    affirmed dismissals where, after the district court filters out unprotectible material
4    from the plaintiff's work, it concludes that the complaint does not satisfy the extrinsic
5    test for substantial similarity.  However, where similarities remain after filtration, the
6    court's precedents hold that pre-discovery dismissal (and indeed summary judgment)
7    for lack of substantial similarity is improper.  *Rentmeester*, 883 F.3d at 1118; *Zindel*
8    *as Trustee for David Zindel Trust v. Fox Searchlight Pictures, Inc.*, 815 F. Appx. 158
9    (9th Cir. 2020) (Mem.); *Shaw v. Lindheim*, 919 F.2d 1353, 1358 (9th Cir. 1990).There
10   is no one magical combination of elements in a composition that will automatically
11   substantiate a musical infringement suit; each allegation of infringement will be
12   unique. So long as the plaintiff can demonstrate, through expert testimony that
13   addresses some or all of these elements and supports its employment of them, that
14   the similarity was "substantial" and to "protected elements" of the copyrighted work,
15   the extrinsic test is satisfied.  *Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004), as
16   amended on denial of reh'g (Aug. 24, 2004).  In this instance, Plaintiffs have shown
17   that within Vance and Carey there are substantial similarities within the idea and
18   structure. "The works tell the same story and have the same "arc" from beginning to
19   end, of a woman who wants her partner more than material goods or seasonal
20   comforts." (Sakakeeny Report at 1 I C). Plaintiffs' experts, Robert Fink and Matthew
21   Sakakeeny, have opined that the Carey version of *All I Want For Christmas Is You* is
22   substantially, and strikingly, similar to the Vance version. The experts opined, and
23   testified, that the lyrics, chords, melody, harmony, rhythm, and more generally the
24   compositions, of both versions are similar. Fink *Id.*
25   Music is analyzed routinely as a whole, and there is not one test or one set of
26   factors that proves or disproves substantial similarity under the extrinsic test. *Swirsky*
27

28

---

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT

9

1    *v.Carey*, 376 F.3d 841, 849 (9th Cir. 2004). As Plaintiffs have established, through

2    their experts, that some (if not all) of these elements are substantially similar, the

3    extrinsic test is satisfied. *Swirsky, supra,* 376 F.3d at 849.

4

5                                **<u>CONCLUSION</u>**

6            For all of the reasons stated herein, Plaintiffs have satisfied the extrinsic test

7    and Plaintiff's Motion for Summary Judgment should be granted.

8

9    Dated: October 15, 2024                    GERARD FOX LAW

10

11                                              */s/ Gerard P. Fox*

12                                              Gerard P. Fox
                                                Cathy A. Chittenden
13                                              *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Adriana Diaz, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above-mentioned matter. My business address is: GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On October 15, 2024, I served the following documents, described as: **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT & RESPONSE TO STATEMENT OF GENUINE DISPUTES** on the person(s) listed in the attached Service List.  The document was served by the following means :

| | |
|---|---|
| ☐ | **By personal service**.  I personally delivered the document to the persons at the addresses listed in the attached Service List.  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m.  For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**.  I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery**.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**.  I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List to and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**.  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed, is attached. |
| ☒ | **By electronic service**:  Based upon a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 15, 2024                    _____*/s/ Adriana Diaz*_____
                                                              Adriana Diaz

## SERVICE LIST

| | |
|---|---|
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Mariah Carey |
| Kenneth D. Freundlich (SBN 119806)<br>ken@freundlichlaw.com<br>Jonah A. Grossbardt (SBN 283584)<br>jonah@freundlichlaw.com<br>**FREUNDLICH LAW**<br>16133 Ventura Blvd. Ste. 645<br>Encino, CA 91436<br>T: (818)-377-3790<br>F: (310)-275-5351 | *Party Represented:* Walter Atanasiett |
| Benjamin S. Akley (SBN 278506)<br>bakley@pryorcashman.com<br>Ilene S Farkas<br>ifarkas@pryorcashman.com<br>Shamar Toms-Anthony (SBN 323246)<br>stoms-anthony@pryorcashman.com<br>**PRYOR CASHMAN LLP**<br>1801 Century Park East, 24th Floor<br>Los Angeles, California 90067-2302<br>T: (310) 683-6900<br>F: (310) 943-3397 | *Party Represented:* Sony/ATV Tunes LLC. DE LLC |
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Sony Music Entertainment NY G.P. |

---

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Bert H. Deixler (SBN 70614)<br>bdeixler@kbkfirm.com<br>Patrick J. Somers (SBN 318766)<br>psomers@kbkfirm.com<br>Emma M. Tehrani (SBN 329603)<br>etehrani@kbkfirm.com<br>**KENDALL BRILL & KELLY LLP**<br>10100 Santa Monica Blvd., Suite 1725<br>Los Angeles, California 90067<br>T: (310)-556-2700<br>F: (310)-556-2705 | *Party Represented:* Kobalt Music Publishing America, Inc. DE Corp. |
| 8<br>9<br>10<br>11<br>12<br>13 | Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Universal Music Corp. DE Corp. |