Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Cathy A. Chittenden (338292)
cchittenden@gerardfoxlaw.com
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiffs*
Andy Stone, Troy Powers

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY STONE, an individual, and TROY POWERS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARIAH CAREY, an individual, WALTER AFANASIEFF, an individual, SONY/ATV TUNES LLC., a Delaware limited liability company, SONY MUSIC ENTERTAINMENT, a New York General Partnership, KOBALT MUSIC PUBLISHING AMERICA, INC. a Delaware Corporation, UNIVERSAL MUSIC CORP., a Delaware Corporation, WALLY WORLD MUSIC LLC., a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-09216-MRA-JDEx<br><br>Hon: Mónica Ramírez Almadani<br>Courtroom: 10B<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION FOR SANCTIONS**<br><br>Hearing Date: November 4, 2024<br>Time:          1:30 p.m.<br>Courtroom:  10B |

## **TABLE OF CONTENTS**

I. Introduction ................................................................................................. 1

II. Factual Background .................................................................................... 1

III. Argument ................................................................................................... 2

    A. There is No Basis For Rule 11 Sanctions ........................................ 3

        1. Plaintiff's Claim is Not Frivolous ............................................. 3

        2. Defendants' Motion Rehashes the Arguments Made in Briefing the Motion for Summary Judgment ................................................ 6

        3. The Statement of Uncontested Facts Contains Background ........... 7

        4. Plaintiffs did not file their Motion for Summary Judgment for an Improper Purpose ................................................................... 8

    B. There is No Reason For The Court to Issue Sanctions Under its Inherent Authority, as Plaintiffs' Motion for Summary Judgment was Not Brought for an Improper Purpose ................................................................... 9

IV. Conclusion ............................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Am. Unites for Kids v. Rousseau*,
　985 F.3d 1075 (9th Cir. 2021) ..................................................................... 9

*California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*,
　818 F.2d 1466, 1472 (9th Cir. 1987) ........................................................... 5

*Christiansen v. Mattel*,
　286 F.3d 1118, 1127 (9th Cir. 2002) ........................................................... 5

*Conn v. Borjorquez*,
　967 F.2d 1418, 1420 (9th Cir.1992) ............................................................ 3

*Cooter & Gell v. Hartmarx Corp.*,
　496 U.S. 384, 393 (1990) ............................................................................ 3

*Estate of Blue v. Cnty. of Los Angeles*,
　120 F.3d 982, 985 (9th Cir. 1997) ............................................................... 3

*Evon*,
　688 F.3d at 1035 .......................................................................................... 9

*Fink v. Gomez*,
　239 F.3d 989, 992 ....................................................................................... 9

*Gold Glove Productions v. Handfield*,
　2014 WL 12560617, (C.D. Cal. June 4, 2014) ........................................... 8

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
　801 F.2d 1531, 1538 (9th Cir. 1986) ........................................................... 4

*Hudson v. Moore Business Forms, Inc.*,
　836 F.2d at 1159 .......................................................................................... 8

*Lawless v. The Sec. & Exch. Commission*,
　5:21-cv-01637-JWH-SPx (C.D. Cal. Oct 11, 2023) ............................... 2, 9

*Milton H. Greene Archives, Inc. v. BPI Communications, Inc.*,
   2005 WL 8158460, at *4 (C.D. Cal. January 21, 2005) ......................................... 5

*Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir.
   1988) .............................................................................................................. 2, 3

*Pilot Inc. v. TYC Brother Indus.*,
   Case No. 2:20-cv-02978-ODW (RAOx) at p. 4 (C.D. Cal. Jan 14, 2021) ............. 3

*Rachel v. Banana Republic, Inc.*,
   831 F.2d 1503, 1508 (9th Cir. 1988) .................................................................. 5, 8

*Roadway Exp. v. Piper*,
   447 U.S. at 766, 100 S.Ct. 2455 ............................................................................. 9

*Sanabria v. Small Bus. Lending*,
   2:23-cv-01096-ODW (MRWx) (C.D. Cal. Jul 12, 2024) ....................................... 3

*Seltzer v. Green Day, Inc.*,
   725 F.3d 1170, 1180 – 81 (9th Cir. 2013) .............................................................. 8

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358, 1362 (9th Cir. 1990) .................................................................. 4, 8

*Warren v. Guelker*,
   29 F.3d 1386, 1388 (9th Cir. 1994) ........................................................................ 3

*Yagman v. Republic Ins.*,
   987 F.2d 622, 628 (9th Cir. 1993) ........................................................................ 3

*Zaldivar v. City of Los Angeles*,
   780 F.2d at 830 ....................................................................................................... 8

**Rules**

Fed. R. Civ. P. 11(b) ..................................................................................................... 3

## I.     Introduction

Since the filing of summary judgment motions, Defendants Mariah Carey, Walter Afanasieff, Sony/ATV Tunes LLC., Sony Music Entertainment, Kobalt Music Publishing America, Inc., Universal Music Corp., and Wally World Music LLC,(collectively "Defendants"), have threatened twice to seek sanctions, and now have filed an unwarranted motion for sanctions, claiming that Plaintiffs' summary judgment motion is frivolous and was filed for an improper purpose, that Plaintiffs' motion must have been filed with the bad faith intent to confuse the Court with cross-motions for summary judgment, and that the motion contains errors.  Because the issues raised by Defendants are better suited as objections and argument on summary judgment, and not as an overblown attempt to intimidate Plaintiffs and condition the Court against Plaintiffs when no legitimate basis for sanctions exists, the motion should be denied in its entirety.

## II.    Factual Background

On March 8, 2024, the parties jointly filed an order establishing an initial phase to the extrinsic test (Dkt. 53).  Plaintiffs' experts filed reports on May 6, 2024, and were deposed in June, 2024.  Plaintiffs' experts did not refute or notably change their opinions that the two compositions at issue in this case are substantially similar for purposes of the extrinsic test. (*see* Prof. Sakakeeny declaration (Dkt 69-4 and 73-4), Prof. Robert Fink report and declaration (Dkt 69-3 and 73-3), served with Plaintiffs Motion for Summary Judgment and Opposition to Defendants Motion for Summary Judgment).

Prior to the filing of motions for summary judgment, Defendants were aware that Plaintiffs intended to file a motion for summary judgment, as Plaintiffs had

informed Defendants of their intent, and Defendants included language in the order indicating that Plaintiffs would also be filing a motion for summary judgment. During the briefing on the motions for summary judgment, Defendants' counsel sent a six page letter to Plaintiffs' counsel threatening to file a motion for sanctions if Plaintiffs did not withdraw their motion for summary judgment. Plaintiffs responded on September 23, 2024. Defendants sent their proposed motion for sanctions to Plaintiffs on the same day. The parties held a meet and confer on the Motion for Sanctions on October 7, 2024. On the same day that Plaintiffs filed their Reply brief on their Motion for Summary Judgment withdrawing any reference to purported argument on any issue other than the extrinsic test, Defendants filed the Motion for Sanctions, which includes argument on what Defendants claim is Plaintiffs' breach of the Bifurcation Order, namely that Plaintiffs are seeking summary judgment on issues outside of the extrinsic test. As Plaintiffs have already made clear, references to any issues other than the extrinsic test by Plaintiffs were intended only as background, so Plaintiffs withdrew any references to issues including access and ownership of the copyright, and made it clear, yet again, that they were not seeking summary judgment on any issue other than the extrinsic test.

### III.   Argument

There is a high bar for a Rule 11 motion or for sanctions pursuant to the Court's inherent powers. *Lawless v. The Sec. & Exch. Commission*, 5:21-cv-01637-JWH-SPx (C.D. Cal. Oct 11, 2023); *see In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (explaining that sanctions pursuant to Rule 11 or the court's inherent powers are "extraordinary" remedies to be exercised with "extreme caution") (citing *Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir. 1988)). Courts in the 9th Circuit apply an objective test to determine whether Rule

11 has been violated; a violation of the Rule does not require subjective bad faith. *Lawless*, *supra*, 5:21-cv-01637-JWH-SPx (C.D. Cal. Oct 11, 2023)(citing *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993)).

### A. There is No Basis For Rule 11 Sanctions

Sanctions under Rule 11 are "'an extraordinary remedy,'" only appropriate "for 'the rare and exceptional case," "when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Sanabria v. Small Bus. Lending*, 2:23-cv-01096-ODW (MRWx) (C.D. Cal. Jul 12, 2024); *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994); *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir.1992); *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1344 (9th Cir.1988). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Pilot Inc. v. TYC Brother Indus.*, Case No. 2:20-cv-02978-ODW (RAOx) at p. 4 (C.D. Cal. Jan 14, 2021)(quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). The court may sanction an attorney under Rule 11 for filing a pleading or other paper that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Id.* (quoting *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997)); Fed. R. Civ. P. 11(b).

### 1. Plaintiff's Claim is Not Frivolous

"Imposing sanctions under Rule 11 'is an extraordinary remedy, one to be exercised with extreme caution.' Operating Eng'rs Pension Tr. v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988)." Pilot Inc. v. TYC Brother Indus. , Case No. 2:20-cv-02978-ODW (RAOx) (C.D. Cal. Jan 14, 2021). Nonetheless, there is an objectively

reasonable basis for the position in both law and in fact at the time that the position is adopted, then sanctions should not be imposed. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

Defendants contend that Plaintiffs' Motion for Summary Judgment, ("Plaintiffs' Motion"), is "legally frivolous," "procedurally improper," and "devoid of evidentiary support." Also, that Plaintiffs' Motion was filed with an improper purpose to confuse the Court. But Defendants' claims on the purported frivolousness or any errors in evidence are properly the subject of objections under FRCP 56, not a basis for the extraordinary remedy of sanctions. And Plaintiffs' Motion is not procedurally improper; in fact, Plaintiffs informed Defendants of their intent to file a motion for summary judgment on the extrinsic test prior to the Court's entry of the July 10, 2024 order, (Dkt. 65), and the language of the order itself notes Plaintiffs' stated intent. Defendants did not raise any objections or concerns over the filing of cross-motions. Now, Defendants seek sanctions claiming a (nonexistent) nefarious intent behind Plaintiffs' filing of their Motion, notably that Plaintiffs' motion could confuse the Court. As a preliminary matter, Plaintiffs do not believe, as apparently Defendants do, that cross-motions would confuse the Court.

It should be obvious that Defendants are attempting to condition the against Plaintiffs with these arguments suggesting that Plaintiffs are "wasteful" and "willful" in their filing of a Motion that Defendants would have disagreements with on any given day under any circumstances. Doubling down, Defendants filed this baseless motion for sanctions, to emphasize their position on summary judgment and to denigrate Plaintiffs and their experts.

Despite defendants' contentions, for a claim to be "frivolous," the motion must be "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The notion of

"frivolousness" for purposes of Rule 11 has been limited to situations where a pleading is manifestly "baseless" or "lacking in plausibility." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1988); quoting *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987); *Christiansen v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002)( A frivolous pleading is "legally or factually 'baseless' from an objective perspective."). (See e.g. *Milton H. Greene Archives, Inc. v. BPI Communications, Inc.*, 2005 WL 8158460, at *4 (C.D. Cal. January 21, 2005) (denying Plaintiff's motion for Rule 11 sanctions against Defendant as the defenses brought did not reach the high threshold of frivolousness). Plaintiffs' Motion is not frivolous and was not filed for any improper purpose. That Defendants do not agree with Plaintiffs' positions is a given, but that is no reason to disparage Plaintiffs and claim malicious intent where none exists. Plaintiffs' Motion for Summary Judgment contains legitimate arguments and expert opinions comparing the two compositions at issue in this case. The arguments raised are neither manifestly baseless nor lacking in plausibility.

     In support of their arguments that Plaintiffs should be sanctioned, Defendants contend that while Plaintiffs argue a selection and arrangement theory, Plaintiffs' experts "admitted no similarity in selection and sequencing," citing testimony of both Dr. Fink and Professor Sakakeeny. But the testimony they cite goes solely to the issue of the order of specific words found in the lyrics of both songs at issue. (cite to brief, Fink deposition at 67:12-20; Sakakeeny deposition at 90:4-91:22). That narrow issue of the order of words is not selection and arrangement, and Defendants' misleading argument reveals the true nature of their Motion for Sanctions, to malign and intimidate.

     Similarly, Defendants make other arguments that fall short, like claiming that Plaintiffs' expert opinions "flatly contradict their deposition testimony," citing to a

statement by Professor Sakakeeny that he would refine his word choice from "storyline" to "idea," which is hardly a "flat" contradiction. (See Response at 14:8-11). And as to any cited "errors" by Plaintiffs' experts in their reports or testimony, they are simply errors or statements and findings that they corrected upon further consideration, not bad faith.

### 2. Defendants' Motion Rehashes the Arguments Made in Briefing the Motion for Summary Judgment

Defendants' Motion for Sanctions contains the same arguments they made in response to Plaintiffs' Motion for Summary Judgment, which in itself is multiplying the proceedings and creating hours of work to address arguments over and over again. And the Motion for Sanctions also includes argument on issues that Plaintiffs withdrew in their reply in support of their Motion for Summary Judgment. But rather than revise the draft Motion for Sanctions to take out argument that is no longer in play, Defendants filed their motion hammering on Plaintiffs' inclusion of facts unrelated to the extrinsic test, misstating that the background information which Plaintiffs did not include for any nefarious purpose was actually included as a request to the Court to adjudicate the issues of ownership, copying, and access, which is false. Again, Defendants had already raised the argument in their response to Plaintiffs' Motion for Summary Judgment, and Plaintiffs clarified that they were not seeking summary judgment on any issue other than the extrinsic test, and withdrew references to the offending "argument," which was really no argument at all.  Plaintiffs' inclusion of the information was blown out of proportion by Defendants, and Plaintiffs promptly resolved the matter, and yet, Defendants will not let up. Defendants continue to berate Plaintiffs in their efforts to cast Plaintiffs as acting with an improper purpose or vexatious bad faith, neither of which is even remotely true. Plaintiffs should not have to submit to Defendants' "demand" that Plaintiffs withdraw

their entire Motion, which contains argument and expert opinion that is rightly within the province of the Court to review and make determinations as to the extrinsic test. Defendants do not get to make those decisions. Their threats and demands seeking to have Plaintiffs bow to their will should be admonished, not rewarded. Defendants' Motion should be denied, minimally on the withdrawn issues that Plaintiffs did not seek summary judgment on and which after Defendants' overblown argument, Plaintiffs withdrew out of an abundance of caution.

### 3. The Statement of Uncontested Facts Contains Background

Defendants also claim that sanctions are warranted for Plaintiffs' Statement of Uncontested Facts, taking issue with the quality of the facts listed, suggesting that Plaintiffs intentionally put forward facts that Plaintiff thought would be disputed. (Motion at 2:15-17). This argument strains credulity. Rare is the occasion when every single fact listed in a separate statement is undisputed. Plaintiffs included background facts from their Complaint for the simple purpose of providing a historical context of the two works, certainly not as a bad faith tactic. There is no reason to sanction a party for including more, rather than less, factual information. Defendants likewise provide their opinion as to whether the facts stated are even facts at all, but those opinions are nothing more than objections. Defendants contend that they were required to spend "substantial time" to respond to facts with general citations and to address "improper legal conclusions," which is highly disingenuous considering that Defendants prepared a Statement of Uncontested Facts with lengthy deposition testimony and containing 234 purportedly "uncontested" facts at over 100 pages in length. Needless to say, Plaintiffs expended considerable time on responding to these facts, many of which were contested. The Motion for Sanctions should be denied.

### 4. Plaintiffs did not file their Motion for Summary Judgment for an Improper Purpose

Even if Plaintiffs' Motion for Summary Judgment is denied, that does not mean that it was brought with an improper purpose, and it has been determined by the courts "that the mere fact that a claim does not prevail, or that a court ultimately determines that a lawyer's view of the law is "wrong," is insufficient to warrant sanctions under any aspect of Rule 11. *Hudson v. Moore Business Forms, Inc.*, 836 F.2d at 1159; *Rachel v. Banana Republic, Inc.*, 831 F.2d at 1508; *Zaldivar v. City of Los Angeles*, 780 F.2d at 830. Rule 11 was never intended to punish attorneys simply because they do not prevail on their claims, nor should its overzealous application prevent them from raising innovative claims, even if they eventually fail. *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 792& 796 (9th Cir. 1989) (See Also *Gold Glove Productions v. Handfield*, 2014 WL 12560617, (C.D. Cal. June 4, 2014) at *1 – 4 (denying Rule 11 sanctions despite there being "no conceivable theory under which Plaintiffs' motion could have been successful" and ruling against impositions of sanctions under The Copyright Act after applying the five factors within *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180 – 81 (9th Cir. 2013). Given the limited scope of the Motions for Summary Judgment in this case, Plaintiffs deemed it appropriate to submit a cross-motion affirmatively stating their position and evidence in this matter, rather than only in response to Defendants extracted arguments. Plaintiffs respectfully submit that bringing the Motion was appropriate and brought in good faith. Plaintiffs believe generally that Defendants face an uphill battle on the extrinsic test, and that if and when the case moves forward, Plaintiffs will prevail.

///

///

///

---

PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS

---

**B. There is No Reason For The Court to Issue Sanctions Under its Inherent Authority, as Plaintiffs' Motion for Summary Judgment was Not Brought for an Improper Purpose**

"Unlike Rule 11 remedies, sanctions arising under the Court's inherent ability do require a finding of intent and a specific finding of bad faith." *Lawless v. The Sec. & Exch. Comm'n*, 5:21-cv-01637-JWH-SPx (C.D. Cal. Oct 11, 2023); *see Fink v. Gomez*, 239 F.3d 989, 992. When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075 (9th Cir. 2021); *see Evon*, 688 F.3d at 1035. As the Supreme Court has explained, a sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Roadway Exp. v. Piper*, 447 U.S. at 766, 100 S.Ct. 2455 ; *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). A finding of "bad faith, including conduct done vexatiously, wantonly, or for oppressive reasons, requires proof of bad intent or improper purpose." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075 (9th Cir. 2021); *Evon*, 688 F.3d at 1035 ; *Fink*, 239 F.3d at 993–94.

There has been no willful disobedience of a court order, so the Court must find, but should not find on this record, that Plaintiffs acted in bad faith. Defendants' focus on Plaintiffs' SUF as a basis for sanctions under the Court's inherent authority. (See Motion, at 15:21). At this stage of the litigation, Defendants argument that Plaintiffs SUF was drafted in bad faith because Plaintiffs included some facts that Defendants "must dispute," is laughable. (Defendants' Response at 15:24-25). While no party to a summary judgment motion in any circumstance would find every fact undisputed, this suggestion that Plaintiffs purposely crafted facts to be disputed shows how much Defendants are willing to bend over backward to find some supposed bad faith

conduct. There was no subversive or manipulative intent, Plaintiffs' facts were stated as they can be found in the complaint and the declarations. Similarly, Defendants presented 234 facts, of which most were disputed, and they like any other party could not have logically expected objections to every single fact or agreements to every single fact they enumerated. Defendants' long stretch of an argument for sanctions here is, unfortunately, par for the course.

Defendants raise the same arguments again that Plaintiffs made "conclusory" statements, raised issues not part of the extrinsic test, and Plaintiffs' experts "contradicted" themselves. Defendants continue to nit-pick and criticize Plaintiffs, claiming incorrectly that Plaintiffs only filed their Motion to complicate Defendants' Motion, rather than consider the possibility that the Court might agree with Plaintiffs that they have viable and meritorious arguments and claims. The plaintiffs' only purpose was to affirmatively raise their position rather than be forced into a completely defensive stance. Defendants' arguments on this Motion amount to nothing more than grievances, they do not reveal any bad faith or vexatious litigation tactics by Plaintiffs. It is up to the Court to determine whether the extrinsic test is satisfied, and Plaintiffs presented their evidence for the Court's consideration. If Plaintiffs' position or the manner of their presentation is disagreeable to Defendants, that is not a basis for sanctions.

## IV. Conclusion

For all the reasons stated herein, Defendants' Motion for Sanctions should be denied in its entirety.

///

///

///

Dated: October 24, 2024

GERARD FOX LAW

*/s/ Gerard P. Fox*
Gerard P. Fox
Cathy A. Chittenden
Attorneys for Plaintiff

---

PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS

---

# PROOF OF SERVICE

I, Adriana Diaz, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above referenced matter. My business address is: GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On October 24, 2024, I served the following documents, described as: **PLAINTIFFS' OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION FOR SANCTIONS** on the person(s) listed in the attached Service List. The document was served by the following means:

| | |
|---|---|
| ☐ | **By personal service**. I personally delivered the document to the persons at the addresses listed in the attached Service List. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m. For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**. I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**. I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List to and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached. |
| ☒ | **By electronic service**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 24, 2024            _____/s/ Adriana Diaz_____
                                                    Adriana Diaz

---
PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS
---
12

# SERVICE LIST

| | |
|---|---|
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Mariah Carey |
| Kenneth D. Freundlich (SBN 119806)<br>ken@freundlichlaw.com<br>Jonah A. Grossbardt (SBN 283584)<br>jonah@freundlichlaw.com<br>**FREUNDLICH LAW**<br>16133 Ventura Blvd. Ste. 645<br>Encino, CA 91436<br>T: (818)-377-3790<br>F: (310)-275-5351 | *Party Represented:* Walter Atanasiett |
| Benjamin S. Akley (SBN 278506)<br>bakley@pryorcashman.com<br>Ilene S Farkas<br>ifarkas@pryorcashman.com<br>Shamar Toms-Anthony (SBN 323246)<br>stoms-anthony@pryorcashman.com<br>**PRYOR CASHMAN LLP**<br>1801 Century Park East, 24th Floor<br>Los Angeles, California 90067-2302<br>T: (310) 683-6900<br>F: (310) 943-3397 | *Party Represented:* Sony/ATV Tunes LLC. DE LLC |
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Sony Music Entertainment NY G.P. |

PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS

13

| | |
|---|---|
| Bert H. Deixler (SBN 70614)<br>bdeixler@kbkfirm.com<br>Patrick J. Somers (SBN 318766)<br>psomers@kbkfirm.com<br>Emma M. Tehrani (SBN 329603)<br>etehrani@kbkfirm.com<br>**KENDALL BRILL & KELLY LLP**<br>10100 Santa Monica Blvd., Suite 1725<br>Los Angeles, California 90067<br>T: (310)-556-2700<br>F: (310)-556-2705 | *Party Represented:* Kobalt Music Publishing America, Inc. DE Corp. |
| Peter Anderson, Esq. (SBN 88891)<br>peteranderson@dwt.com<br>Eric H. Lamm<br>ericlamm@dwt.com<br>Lindsay Marie Samuel<br>lindsaysamuel@dwt.com<br>**DAVIS WRIGHT TREMAINE LLP**<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>T: (213)-633-6800<br>F: (213)-633-6899 | *Party Represented:* Universal Music Corp. DE Corp. |

---
PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS
---
14