1  Peter Anderson, Esq. (Cal. Bar No. 88891)
       peteranderson@dwt.com
2  Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
       lindsaysamuel@dwt.com
3  Eric H. Lamm, Esq. (Cal. Bar No. 324153)
       ericlamm@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
5  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
6  Fax: (213) 633-6899

7  Attorneys for Defendants
   MARIAH CAREY, SONY MUSIC
8  ENTERTAINMENT, and UNIVERSAL
   MUSIC CORP.
9
   Kenneth D. Freundlich, Esq. (Cal. Bar No. 119806)
10      ken@freundlichlaw.com
   Jonah A. Grossbardt, Esq. (Cal. Bar No. 283584)
11      jonah@freundlichlaw.com
   FREUNDLICH LAW, APC
12 16133 Ventura Blvd., Ste. 645
   Encino, California 91436
13 Telephone: (818) 377-3790
   Fax: (310) 275-5331
14
   Attorneys for Defendant
15 WALTER AFANASIEFF

16 [*Additional Counsel on Following Page*]

17                    **UNITED STATES DISTRICT COURT**

18                   **CENTRAL DISTRICT OF CALIFORNIA**

19                          **WESTERN DIVISION**

20  ANDY STONE, *etc., et al.*,              ) Case No. 2:23-cv-09216-MRA-JDEx
                                              )
21                    Plaintiffs,             ) REPLY MEMORANDUM OF POINTS
                                              ) AND AUTHORITIES IN SUPPORT OF
22        vs.                                 ) DEFENDANTS' MOTION FOR
                                              ) SANCTIONS PURSUANT TO RULE 11
23                                            ) AND THE COURT'S INHERENT
    MARIAH CAREY, *etc., et al.*,             ) POWERS
24                                            )
                      Defendants.             ) Date: November 7, 2024
25                                            ) Time: 1:30 p.m.
                                              )
26  _____)
                                              Courtroom of the Honorable
27                                             Mónica Ramírez Almadani
                                               United States District Judge
28

Benjamin S. Akley (Cal. Bar No. 278506)
    bakley@pryorcashman.com
Shamar Toms-Anthony (Cal. Bar No. 323246)
    stoms-anthony@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Fax: (310) 943-3397

Ilene S. Farkas (admitted *pro hac vice*)
    ifarkas@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
Telephone: (212) 421-4100

Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Bert H. Deixler (Cal. Bar No. 70614)
    bdeixler@kbkfirm.com
Patrick J. Somers (Cal. Bar No. 318766)
    psomers@kbkfirm.com
Emma Tehrani (Cal. Bar No. 329603)
    etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700
Fax: (310) 556-2705

Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

## **TABLE OF CONTENTS**

1. SUMMARY OF REPLY .................................................................................... 1

2. PLAINTIFFS HAVE WITHDRAWN THEIR OWNERSHIP AND ACCESS ARGUMENTS ................................................................................ 2

3. RULE 11 SANCTIONS ARE STILL WARRANTED ................................... 3

   (a)   Plaintiffs' Motion for Summary Judgment, Insofar as It Pertains to the Extrinsic Test, Is Frivolous ............................................... 3

        (1)   Plaintiffs Refused to Withdraw Their Motion Notwithstanding Its Reliance on Overruled Authorities ............. 3

        (2)   Plaintiffs' Motion Fails to Make Colorable Arguments Under the Extrinsic Test ............................................................... 5

        (3)   Plaintiffs' Motion for Summary Judgment Ignores Contrary Testimony from Their Own Experts ........................... 6

        (4)   Plaintiffs' Statement of Undisputed Facts Is Wholly Improper ............................................................................................. 7

   (b)   Plaintiffs' Motion Was Brought for an Improper Purpose .................... 9

4. ALTERNATIVELY, THE COURT SHOULD ISSUE SANCTIONS UNDER ITS INHERENT AUTHORITY ..................................................... 11

5. CONCLUSION ................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**
**Cases**

*Anderson v. Liberty Lobby*,
   477 U.S. 242 (1986) ..........................................................................................9

*Apple Computer, Inc. v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994) ............................................................................4

*Brown Bag Software v. Symantec Corp.*,
   960 F.2d 1465 (9th Cir. 1992) ..........................................................................4

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ........................................................................................10

*Corbello v. Valli*,
   974 F.3d 965 (9th Cir. 2020) ............................................................................5

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ..........................................................................11

*Gold Glove Prods. v. Handfield*,
   No. CV13-7247-DSF(RZx),
   2014 WL 12560617 (C.D. Cal. June 4, 2014) ...............................................10

*Havensight Capital LLC v. Nike, Inc.*,
   No. CV 14-8985-R,
   2015 WL 993344 (C.D. Cal. Feb. 18, 2015) ....................................................7

*Hooks v. Target Corp.*,
   No. 5:22-cv-00052-SSS-SPx,
   2024 WL 2037151 (C.D. Cal. Mar. 1, 2024) ....................................................9

*Hudson v. Moore Business Forms, Inc.*,
   836 F.2d 1156 (9th Cir. 1987) ........................................................................10

*Lloyd v. Schlag*,
   884 F.2d 409 (9th Cir. 1989) ............................................................................3

*Mercury Serv. Inc. v. Allied Bank of Texas*,
   117 F.R.D. 147 (C.D. Cal. 1987) ......................................................................7

*Metcalf v. Bocho*,
   294 F.3d 1069 (9th Cir. 2002) ................................................................................5

*Shaw v. Lindheim*,
   919 F.2d 1353 (9th Cir. 1990) ................................................................................4

*Sid & Marty Krofft Tel. Prods., Inc. v. McDonald's Corp.*,
   562 F.2d 1157 (9th Cir. 1977) ................................................................................4

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ...................................................................... 3, 4, 5

*Truesdell v. Southern Cal. Permanente Med. Grp.*,
   209 F.R.D. 169 (C.D. Cal. 2002) ..........................................................................10

**Statutes**

17 U.S.C. § 102(b) .......................................................................................................4

17 U.S.C. § 505 .........................................................................................................10

**Rules**

Federal Rule of Civil Procedure 11 ................................................... 2, 3, 7, 9, 10, 11

Federal Rule of Civil Procedure 56(a) ................................................................9, 12

Local Rule 7-3 .............................................................................................................2

Local Rule 56-1 ...........................................................................................................8

Local Rule 83-7 ...........................................................................................................9

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SUMMARY OF REPLY

Plaintiffs do not dispute that this Court's March 8, 2024, Order (Doc. 53) established an initial phase strictly limited to expert discovery and early summary judgment motions as to the extrinsic test. Nor do they seriously dispute that they violated that Order by moving for summary judgment on the separate and distinct issues of ownership and copying in fact. Instead, Plaintiffs attempt to avoid sanctions by abandoning their ownership and access arguments. But their Motion for Summary Judgment, even if limited to the extrinsic test, remains frivolous. Indeed, in opposing this Motion for Sanctions, Plaintiffs ignore that their Motion for Summary Judgment relies on abrogated law, does not even try to argue that the claimed similarities are protectable—the fundamental issue under the extrinsic test—and presents a factual record that is contradicted by their own experts' testimony. As a result, even after Plaintiffs abandoned the portions of their Motion that violate the Court's Order, their Motion is both baseless and filed without an objectively reasonable inquiry into the applicable law and the facts of this case. Their failure to withdraw it warrants sanctions.

Plaintiffs also ignore that their purported "Separate Statement of Uncontroverted Facts" ("SUF") (Doc. 69-1) violates the letter and spirit of the Local Rules. That itself warrants sanctions.

Plaintiffs' Motion was also filed for an improper purpose. Plaintiffs claim—without any supporting declaration—that they filed their Motion to have an opportunity to "affirmatively stat[e] their position" rather than just oppose Defendants' Motion for Summary Judgment. Pltfs' Opp. (Doc. 78) at 8. But that is not a basis for filing a Rule 56 motion that lacks any plausible chance of being granted. In any event, Plaintiffs' moving papers belie an intent not to establish the extrinsic test as a matter of law, but instead to try to force an unwarranted denial of Defendants' Motion by confusing the issues and creating the illusions of factual disputes that do

1

not exist. There is simply no other reasonable explanation for Plaintiffs filing a cross-Motion that ignores contradictory testimony of their own experts and Defendants' expert reports and testimony, and a SUF that consists of vague and unsupported legal arguments like "the sequence is substantially similar" or "the respective works bear striking similarities in all key areas." Pltfs' Resp. to Defs' Stmt. of Genuine Disputes (Doc. 77-1) at Facts 9, 50. Plaintiffs' attempt to write off these improper "Facts" as "background facts" provided for "historical context" (Pltfs' Opp. (Doc. 78) at 7-8) is certainly not a reasonable explanation.

In short, sanctions under Rule 11, or alternatively, this Court's inherent powers, are warranted, and Defendants' Motion should be granted.

## 2. **PLAINTIFFS HAVE WITHDRAWN THEIR OWNERSHIP AND ACCESS ARGUMENTS**

As a preliminary matter, Plaintiffs' Opposition to this Motion, as well as their Reply in support of their Motion for Summary Judgment, acknowledge that their Motion improperly raised issues of ownership and access. *See* Pltfs' Opp. (Doc. 78) at 2, Pltfs' Reply iso MSJ (Doc. 77) at 2, 3. Plaintiffs try to brush under the rug their violations of this Court's Order limiting discovery and dispositive motion practice in this initial phase to the extrinsic test by claiming that ownership and access were raised merely as "background information." Pltfs' Opp. (Doc. 78) at 6. But their Motion includes an entire argument section on access, including citations to authorities, and their SUF includes legal conclusions masquerading as purportedly material Facts, like "Defendants undoubtedly had access," and related (but unsupported) assertions. Pltfs' Resp. to Defs' Stmt. of Genuine Disputes (Doc. 77-1) at Facts 3-5, 10, 68, 69; Pltfs' Memo. iso MSJ (Doc. 69) at 10.

Plaintiffs also try to fault Defendants for raising the ownership and access issues in Defendants' Motion for Sanctions. However, as explained in the Notice accompanying Defendants' Motion for Sanctions, Plaintiffs' counsel indicated during the Local Rule 7-3 conference that they would withdraw their access and ownership

arguments. But they failed to withdraw them until *after* Defendants' Motion for Sanctions had been filed. *See* Defs' Notice of Mot. for Sanctions (Doc. 74) at 4; Pltfs' Reply iso MSJ (Doc. 77). In any event, Plaintiffs have confirmed that their ownership and access arguments were improper.

### 3.  RULE 11 SANCTIONS ARE STILL WARRANTED

#### (a)  Plaintiffs' Motion for Summary Judgment, Insofar as It Pertains to the Extrinsic Test, Is Frivolous

##### (1)  Plaintiffs Refused to Withdraw Their Motion Notwithstanding Its Reliance on Overruled Authorities

Even as it relates to the extrinsic test, Plaintiffs' Motion is indisputably frivolous within the meaning of Rule 11, as Plaintiffs failed to make an objectively reasonable inquiry into applicable law. As explained in Defendants' Motion for Sanctions, Plaintiffs' extrinsic test argument is predicated on an abrogated legal rule: that "substantial similarity is inextricably linked to the issue of access." Pltfs' Memo. iso MSJ (Doc. 69) at 6 (quoting *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1065-66 (9th Cir. 2020) (en banc)). The current rule—firmly established by the very case Plaintiffs cite—is that "access … in no way can prove substantial similarity." *Skidmore*, 952 F.3d at 1066-69 (overruling the inverse-ratio rule); *see* Defs' Memo. (Doc. 74-1) at 7-8.

Plaintiffs fail to even mention this fatal defect and instead simply conclude that their Motion "contains legitimate arguments." Pltfs' Opp. (Doc 78) at 5. But arguments based on abrogated law are not "legitimate"; they are frivolous within the meaning of Rule 11. *See* Fed. R. Civ. Pro. 11(b)(2) (attorneys who present motions to the Court "certify to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the "legal contentions are warranted by existing law …."); *Lloyd v. Schlag*, 884 F.2d 409, 412-13 (9th Cir. 1989) (upholding sanctions notwithstanding counsel's innocent, good-faith mistake of law).

1    Plaintiffs' Reply in support of their Motion for Summary Judgment doubles down on their reliance on abrogated legal standards. They once again conflate factual copying with the extrinsic test by misleadingly claiming that "substantial similarity" is "encompassed" under the element of "copying." Pltfs' Reply iso MSJ (Doc. 77) at 2. Factual copying is different from, and irrelevant to, the extrinsic test for unlawful appropriation, and as a result, is irrelevant in this initial phase of this case. *See* Defs' Memo iso MSJ (Doc. 68-1) at 4-5; Defs' Opp. to Pltfs' MSJ (Doc. 72) at 3-4.

Then, Plaintiffs claim that "[u]nder *Krofft*, if the extrinsic test reveals similarities in ideas, the court proceeds to the … intrinsic test." Pltfs' Reply iso MSJ (Doc. 77) at 2. That is also no longer good law. In *Krofft*, the Ninth Circuit initially conceived of the extrinsic test as a "test for similarity of ideas." Sid & Marty Krofft Tel. Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir. 1977), *overruled by* Skidmore, 952 F.3d 1051. However, for more than thirty years, the Ninth Circuit has repeatedly rejected *Krofft*'s formulation and held instead that "the line" between the extrinsic and intrinsic tests is "more properly drawn" not between ideas and expression, but "between objective and subjective analyses of expression." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1474 (9th Cir. 1992) (emphasis added) (citing Shaw v. Lindheim, 919 F.2d 1353, 1357 (9th Cir. 1990) ("the extrinsic test encompass all objective manifestations of creativity"), *overruled on other grounds by* Skidmore, 952 F.3d 1051); Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1442-43 (9th Cir. 1994). Indeed, similarity in ideas alone can *never* satisfy the extrinsic test because the Copyright Act explicitly provides that ideas are unprotectable. 17 U.S.C. § 102(b) ("In no case does copyright protection … extend to any idea"); Skidmore, 952 F.3d at 1069. Plaintiffs' reliance on these fundamentally incorrect legal principles confirms that they failed to conduct a reasonable inquiry into current law and that their Motion is baseless.

### (2) Plaintiffs' Motion Fails to Make Colorable Arguments under the Extrinsic Test

Plaintiffs' Motion for Summary Judgment is also frivolous because it makes arguments that could not plausibly satisfy the extrinsic test as a matter of law on the record here. For example, Plaintiffs' experts failed to analyze prior art and failed to distinguish between protectable and unprotectable elements of expression. *See* Defs' Memo. (Doc. 74-1) at 8-9; Defs' Memo. iso MSJ (Doc. 68-1) at 6-7; Defs' Opp. to Pltfs' MSJ (Doc. 72) at 9-11. And Plaintiffs' Motion does not seriously argue that any claimed similarity is protectable individually, or that the similarities can meet the test for a protectable selection and arrangement. *See* Defs' Opp. to Pltfs' MSJ (Doc. 72) at 10, 22. Plaintiffs' Reply does not either. *See* Pltfs' Reply iso MSJ (Doc. 77) at 9-10.

Plaintiffs' Opposition to this Motion for Sanctions further confirms that they have no colorable basis to satisfy the extrinsic test and their arguments are mere distraction. Plaintiffs point out that their experts admitted they could identify no similarities in the order or organization of the allegedly copied lyrics, then vaguely claim that "the order of words is not selection and arrangement." Pltfs' Opp. (Doc. 78) at 5; *see also* Defs' Resp. to Pltfs' Stmt. of Genuine Disputes (Doc. 76-1) at Facts 224-227. However, Plaintiffs ignore that a selection and arrangement copyright protects only an author's particular "selection and sequencing of … similarities," not "*random* similarities scattered throughout the works." *Skidmore*, 952 F.3d at 1074-75 (alteration in original) (quoting *Metcalf v. Bocho*, 294 F.3d 1069, 1074-1075 (9th Cir. 2002)). Also, it is **Plaintiffs' burden** to identify a similarity in a protectable selection and arrangement. *See id.* at 1074 (plaintiff's expert failed to present a purportedly similar selection and arrangement); *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020). Having failed to identify any objective similarity in the particular way the claimed similarities are sequenced or arranged in Vance and Carey, Plaintiffs

1  lacked any basis to argue that they could satisfy the extrinsic test via a protectable selection and arrangement.

Plaintiffs also ignore that their Motion for Summary Judgment does not even *raise* a selection and arrangement theory or even use the words "selection and arrangement." *See* Pltfs' Memo. iso MSJ (Doc. 69). At the same time, however, Plaintiffs' Motion fails to argue that any similarity is individually protectable. Instead, Plaintiffs' moving papers merely copy their experts' averments identifying random similarities, then claim to have identified "enough" similarities to satisfy the test. Id. at 13. However, the *number* of similarities is not the relevant issue. *See* Defs' Opp. Memo. (Doc. 72) at 10, 22.

Finally, Plaintiffs point out that Defendants' Motion for Sanctions raises some of the same arguments as Defendants' Opposition to Plaintiffs' Motion for Summary Judgment. Pltfs' Opp. (Doc. 78) at 6-7. While those briefs address two distinct sets of legal issues, there is necessary overlap because Plaintiffs' Motion is frivolous for many of the same reasons that it must be denied.

### (3) Plaintiffs' Motion for Summary Judgment Ignores Contrary Testimony from Their Own Experts

Plaintiffs' Motion also warrants sanctions because it was filed on a deficient factual record. Most notably, Plaintiffs' extrinsic test arguments rely solely on their experts' reports and Declarations while ignoring that many of the assertions in those documents are contradicted by their experts' sworn deposition testimony. *See* Defs' Memo. (Doc. 74-1) at 14-15.

Plaintiffs argue that sanctions are not warranted simply because their expert reports contain misstatements and errors, but that misses the point. *See* Pltfs' Opp. (Doc. 78) at 5-6. It is one thing to admit in deposition that assertions in a prior report are incorrect. It is quite another to thereafter file sworn declarations containing the same misstatements without even mentioning, let alone trying to justify, their contrary testimony. And while Plaintiffs identify just one example of this—Prof. Sakakeeny's

averment that the works share the same "story" when he previously testified he would have not used that term—there are many other instances as well. *See, e.g.*, Defs' Evidentiary Objections (Doc. 72-3) at Objections 23, 24, 30, 32, 35, 43, 46, 47.[1]

In light of that deposition testimony, Plaintiffs either knew or should have known that the factual contentions in their Motion were baseless. *See* Mercury Serv. Inc. v. Allied Bank of Texas, 117 F.R.D. 147, 158-59 (C.D. Cal. 1987) (awarding sanctions where plaintiffs filed declaration falsely asserting, among other things, that the declarant had personal knowledge), *aff'd* 907 F.2d 154 (9th Cir. 1990); Havensight Capital LLC v. Nike, Inc., No. CV 14-8985-R, 2015 WL 993344 at *2 (C.D. Cal. Feb. 18, 2015) (Rule 11 sanctions warranted where plaintiff filed pleading based on false declarations).

### (4) Plaintiffs' Statement of Undisputed Facts Is Wholly Improper

Defendants also identified many reasons why Plaintiffs' SUF violates the letter and spirit of this Court's Local Rules. *See* Defs' Memo. (Doc. 74-1) at 10-11; Defs' Objections to Pltfs' SUF (Doc. 72-1), Defs' Statement of Genuine Disputes (Doc. 72-2). Plaintiffs refused to seek leave to withdraw or amend their clearly deficient SUF. They also fail to meaningfully respond to these issues in opposing this Motion for Sanctions.

Instead, Plaintiffs claim their violations are harmless because they merely "included background facts from their Complaint for the simple purpose of providing a historical context of the two works." Pltfs' Opp. (Doc. 78) at 7. As an initial matter, the Local Rules provide that a statement of undisputed facts must set forth "*the material*

---

[1] Due to the timing requirements of the safe-harbor provision of Rule 11, this Motion for Sanctions concerns only Plaintiffs' Motion for Summary Judgment, not Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. However, it is worth noting that Plaintiffs filed Declarations in opposition to Defendants' Summary Judgment Motion that contain more of these admitted misstatements. *See* Defs' Evidentiary Objections iso Defs' MSJ (Doc. 76-2) at Objections 70, 80, 83, 88, 91, 97, 114, 115.

*facts*" that the moving party claims are undisputed.  *See* L.R. 56-1 (emphasis added).  Thus, if Plaintiffs believed that any of their "Facts" were merely "background," they should not have been included in the SUF.

However, claiming that Plaintiffs' improper "Facts" merely amount to "background information" fails the straight-face test.  Plaintiffs' SUF consists of sixty-nine copied snippets of Declarations, reports, and an unverified pleading (which is not even evidence at summary judgment), that are replete with legal argument, nonfactual assertions, and other irrelevant material.  *See, e.g.*, Defs' Stmt. of Genuine Disputes (Doc. 72-2) at Facts 9 ("Regardless of these nominal alterations, the sequence is substantially similar to the sequence in '*All I Want for Christmas Is You*' created by Plaintiffs") (citing FAC ¶ 33), 41 ("Doing this during the hook itself would be an effective choice, but not as original as the creators of Carey's version might think.").  Stating that some unidentified portion of Carey is "substantially similar" to Vance, for example, is not background information; it is vague legal argument that if true, would be dispositive of the extrinsic test.  Unfortunately for Plaintiffs, their argument is completely unsupported by the established facts and applicable law.

Finally, Plaintiffs argue that Defendants' own Statement of Uncontroverted Facts is lengthy.  As an aside, Defendants' Statement of Uncontroverted Facts is not particularly long as far as copyright cases are concerned.  But its length was required in part because Plaintiffs hired two musicologist experts who identified random, fragmentary similarities scattered throughout the entirely different works and failed to correct misstatements in their reports.  This required Defendants to establish, through the deposition testimony of Plaintiffs' own experts, that many of the assertions in those reports are false and unsupported.  Also, it is hard to believe that Plaintiffs "expended considerable time" in responding to Defendants' Facts considering their responses are devoid of evidentiary support and full of meaningless assertions like "[t]his is not an uncontroverted fact rather a statement of expert opinion."  *See generally* Defs' Resp. to Pltfs' Stmt. of Genuine Disputes (Doc. 76-1).

In any event, *Defendants*' Statement of Uncontroverted Facts is irrelevant to this Motion for Sanctions. Plaintiffs were notified that *their* SUF violates the Local Rules, they refused to amend or correct those violations, and they failed to explain or justify their violations in their Opposition to this Motion. Plaintiffs' SUF accordingly warrants sanctions. *See* L.R. 83-7(a)-(b); *Hooks v. Target Corp.*, No. 5:22-cv-00052-SSS-SPx, 2024 WL 2037151 at *1-*2 (C.D. Cal. Mar. 1, 2024).

### (b) Plaintiffs' Motion Was Brought for an Improper Purpose

Many of the reasons Plaintiffs' Motion is frivolous alternatively establish that Plaintiffs' Motion was brought merely to confuse the issues and make litigating Defendants' Motion for Summary Judgment more burdensome. *See* Defs' Memo. (Doc. 74-1) at 15-17.

Plaintiffs claim, without any supporting declaration from counsel, that they "deemed it appropriate to submit a cross-motion affirmatively stating their position and evidence in this matter, rather than only in response to Defendants' [Motion for Summary Judgment]." Pltfs' Opp. (Doc. 78) at 8, 10. Even accepting that at face value, there is a difference between affirmatively moving for summary judgment and opposing Defendants' Motion for Summary Judgment. Namely, when Plaintiffs are movants, it is *their* burden to establish "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).[2] Rule 11 does not permit

---

[2] Plaintiffs' moving papers state Plaintiffs must show the "absence of facts necessary for one or more essential elements of [their] claim" (Pltfs' Memo. (Doc. 69) at 4), and that there "are [sic] genuine issues of material fact" (Pltfs' Proposed Order (Doc. 69-5)). In light of Plaintiffs' burden under Rule 56(a), Defendants had assumed these were typos. *See* Defs' Memo. (Doc. 74-1) at 16-17. However, Plaintiffs' Reply doubles down, asserting that Plaintiffs, in moving for summary judgment on their own claim, must only show "whether reasonable jurors could find by a preponderance of evidence that [they are] entitled to a verdict." Pltfs' Reply iso MSJ (Doc. 77) at 6 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986)). As the Court is surely aware, that is what Plaintiffs must show in *opposing Defendants' Motion*, not in affirmatively moving for summary judgment on Plaintiffs' own claim. *See Anderson*, 477 U.S. at 252; Fed. R. Civ. Pro. 56(a).

9

Plaintiffs to avail themselves of additional pages of briefing by filing a cross-Motion for summary judgment that does not seriously attempt to meet that standard. Indeed, "the central purpose of Rule 11 is to deter baseless filings in District Court and thus … streamline the administration and procedure of the federal courts." *Truesdell v. Southern Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 176 (C.D. Cal. 2002) (alteration in original) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

Moreover, Plaintiffs' SUF belies their lack of any good faith attempt to secure summary judgment; it consists of legal arguments masquerading as "Facts" that Defendants *must* dispute. See Defs' Memo. (Doc. 74-1) at 15-16. Plaintiffs say this argument "strains credulity." Pltfs' Opp. (Doc. 78) at 7. What really strains credulity is that Plaintiffs believed they could establish the absence of any genuine dispute of material fact by completely ignoring Defendants' expert reports and testimony, and the testimony of their own experts, and filing a SUF with unsupported statements like "the sequence is substantially similar to the sequence in [Vance]." Defs' Stmt. of Genuine Disputes (Doc. 72-2) at Fact 9. To the contrary, the only reasonable conclusion to draw from that conduct is that Plaintiffs tried to manufacture illusory disputes of fact where none exist. Rule 11 prohibits such gamesmanship.

Finally, Plaintiffs argue that Rule 11 sanctions may not be awarded simply because their Motion is denied or the Court "ultimately determines that [their] view of the law is 'wrong.'" Pltfs' Opp. (Doc. 78) at 8 (quoting *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1161 (9th Cir. 1987)).[3] That is not why Defendants have moved for sanctions. Instead, Plaintiffs filed a frivolous Motion that relies on overruled case law, lacks colorable arguments that could satisfy the extrinsic test as a matter of law, ignores

---

[3] Plaintiffs also cite case law regarding fee awards under Section 505 of the Copyright Act. *See id.* (citing *Gold Glove Prods. v. Handfield*, No. CV13-7247-DSF(RZx), 2014 WL 12560617 at *1-*4 (C.D. Cal. June 4, 2014)); 17 U.S.C. § 505. While Defendants intend to seek fees under Section 505 should they prevail in this action, the standard for awarding fees under that Section is entirely different from Rule 11 and is inapplicable to this Motion.

1 their own experts' sworn testimony, violates this Court's Local Rules, and was filed in an
2 attempt to gain an improper litigation advantage. Such conduct meets both the
3 frivolousness and improper purpose prongs of Rule 11. Sanctions are therefore
4 appropriate.

## 4. ALTERNATIVELY, THE COURT SHOULD ISSUE SANCTIONS UNDER ITS INHERENT AUTHORITY

Defendants alternatively established that Plaintiffs' Motion warrants sanctions under the Court's inherent powers. *See* Defs' Memo. (Doc. 74-1) at 18-19. Even though Plaintiffs abandoned their ownership and access arguments, sanctions are still warranted because of their frivolous and improper extrinsic test arguments in their Motion and their objectively deficient factual record.

Plaintiffs argue merely that their SUF was not filed in bad faith. *See* Pltfs' Opp. (Doc. 78) at 9-10. However, they ignore that the Court has inherent power to sanction conduct that is "tantamount to bad faith," including "recklessness" when combined with "frivolousness" or an "improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001). At a minimum, Plaintiffs' reliance on abrogated case law, misconstruing the summary judgment standard, and deficient factual record demonstrates the requisite recklessness that, when combined with their Motion's frivolousness or its improper purposes discussed above, warrants sanctions. *See above* at 3-6, 9 n.2; Defs' Memo. (Doc. 74-1) at 19.

Furthermore, even with respect to their SUF, Plaintiffs ask the Court to believe it was not filed in bad faith because, according to them, it is not unusual for parties to dispute facts in a separate statement and Plaintiffs dispute Defendants' Facts. Pltfs' Opp. (Doc. 78) at 9-10. In reality, there are no genuine disputes of material fact—Plaintiffs' purported "disputes" are as frivolous and unsupported as their own "Facts." *See generally* Defs' Resp. to Pltfs' Stmt. of Genuine Disputes (Doc. 76-1). Again, however, the issue is not that Plaintiffs' SUF raises Facts that are disputed; indeed, Plaintiffs' SUF for the most part does not raise material facts at all. Instead, Plaintiffs'

SUF demonstrates that they could not have been seeking in good faith to establish "there is no genuine dispute as to any material fact." Fed. R. Civ. Pro. 56(a); *see above* at 9-11. Sanctions under the Court's inherent authority are warranted.

## 5. CONCLUSION

Defendants' Motion for Sanctions should be granted, and Plaintiffs and/or their counsel, as the Court deems appropriate, should be required to reimburse Defendants' reasonable attorney's fees and costs in opposing Plaintiffs' Motion for Summary Judgment and bringing this Motion.

Dated: October 31, 2024

*/s/ Peter Anderson, Esq.*
Peter Anderson, Esq.
Lindsay M. Samuel, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
SONY MUSIC ENTERTAINMENT,
and UNIVERSAL MUSIC CORP.

Dated: October 31, 2024

*/s/ Kenneth D. Freundlich, Esq.*
Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW APC
Attorneys for Defendant
WALTER AFANASIEFF

Dated: October 31, 2024

*/s/ Ilene S. Farkas, Esq.*
Ilene S. Farkas, Esq.
Benjamin S. Akley, Esq.
Shamar Toms-Anthony, Esq.
PRYOR CASHMAN LLP
Attorneys for Defendant
SONY MUSIC
PUBLISHING (US) LLC

| | | |
|---|---|---|
| 1 | Dated: October 31, 2024 | */s/ Emma M. Tehrani, Esq.* |
| 2 | | Bert H. Deixler, Esq. |
| | | Patrick J. Somers, Esq. |
| 3 | | Emma M. Tehrani, Esq. |
| | | KENDALL BRILL & KELLY LLP |
| 4 | | Attorneys for Defendant |
| | | KOBALT MUSIC PUBLISHING |
| 5 | | AMERICA, INC. |

**Attestation Regarding Signatures**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

| | | |
|---|---|---|
| Dated: October 31, 2024 | | */s/ Peter Anderson, Esq.* |
| | | Peter Anderson, Esq. |

13

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Mariah Carey, Sony Music Entertainment, and Universal Music Corp. certifies that this Memorandum contains 3,787 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 31, 2024

*Peter Anderson, Esq.*
Peter Anderson, Esq.