Peter Anderson, Esq. (Cal. Bar No. 88891)
  peteranderson@dwt.com
Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
  lindsaysamuel@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
  ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MARIAH CAREY, SONY MUSIC ENTERTAINMENT, and UNIVERSAL MUSIC CORP.

Kenneth D. Freundlich, Esq. (Cal. Bar No. 119806)
  ken@freundlichlaw.com
Jonah A. Grossbardt, Esq. (Cal. Bar No. 283584)
  jonah@freundlichlaw.com
FREUNDLICH LAW, APC
16133 Ventura Blvd., Ste. 645
Encino, California 91436
P: 818.377.3790
F: 310.275.5331

Attorneys for Defendant
WALTER AFANASIEFF

[*Additional Counsel on Following Page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ANDY STONE, *etc., et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MARIAH CAREY, *etc., et al.*,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-09216-MRA-JDEx<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DETERMINE THE AMOUNT OF ATTORNEY'S FEES TO BE AWARDED AS SANCTIONS<br><br>Date:　May 5, 2025<br>Time:　1:30 p.m.<br><br>Courtroom of the Honorable<br>Mónica Ramírez Almadani<br>United States District Judge |

Benjamin S. Akley (Cal. Bar No. 278506)
  bakley@pryorcashman.com
Shamar Toms-Anthony (Cal. Bar No. 323246)
  stoms-anthony@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Tel: (310) 683-6900
Fax: (310) 943-3397

Ilene S. Farkas (admitted *pro hac vice*)
  ifarkas@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
Telephone: (212) 421-4100

Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Bert H. Deixler (Cal. Bar. No. 70614)
  bdeixler@kbkfirm.com
Patrick J. Somers (Cal. Bar. No. 318766)
  psomers@kbkfirm.com
Emma Tehrani (Cal. Bar. No. 329603)
  etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

# **TABLE OF CONTENTS**

1. INTRODUCTION ...................................................................................................1

   (a) Summary of Argument ..............................................................................1

   (b) Summary of Facts .....................................................................................1

2. DEFENDANTS HAVE ESTABLISHED THE ATTORNEY'S FEES THAT SHOULD BE AWARDED TO THEM ...............................................2

   (a) The Amount of Attorney's Fees Sought Is Reasonable ........................2

      (1) Calculating the Lodestar ................................................................3

         (i) The Amount of Hours Expended Is Reasonable ..............3

         (ii) The Hourly Rates Charged Are Reasonable.....................5

         (iii) The "Presumptively Reasonable" Lodestar Amounts .................................................................................7

      (2) The Applicable *Kerr* Factors Confirm the Amount Sought Is Reasonable ...................................................................................8

3. CONCLUSION.................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AK Futures LLC v. Smoke Tokes, LLC*,
  No. 8:21-cv-01061-JVS(ADSx), 2022 WL 3574280
  (C.D. Cal. Jan. 13, 2022) ...................................................................................7

*Charlebois v. Angels Baseball LP*,
  993 F. Supp. 2d 1109 (C.D. Cal. 2012) ...............................................................5

*Christopher R. B. v. Colvin*,
  No. 8:23-CV-00249-BFM, 2025 WL 26796
  (C.D. Cal. Jan. 3, 2025) .......................................................................................7

*Counts v. Meriwether*,
  No. 2:14-cv-00396-SVW-CW, 2016 WL 1165888
  (C.D. Cal. Mar. 9, 2016) ......................................................................................9

*Discovery Commc'ns, Inc., v. Animal Planet, Inc.*,
  172 F. Supp. 2d 1282 (C.D. Cal. 2001) ...............................................................3

*In re Yagman*,
  796 F.2d 1165 (9th Cir. 1986) .............................................................................2

*Intel Corp. v. Terabyte Intern., Inc.*,
  6 F.3d 614 (9th Cir. 1993) ........................................................................ 3, 8, 9

*Kerr v. Screen Actors Guild, Inc.*,
  526 F.2d 67 (9th Cir. 1975) .................................................................... 1, 8, 10

*Mattel, Inc. v. Walking Mountain Prods.*,
  353 F.3d 792 (9th Cir. 2003) ...............................................................................9

*Perfect 10, Inc. v. Giganews, Inc.*,
  No. CV 11-07098-AB(SHx), 2015 WL 1746484
  (C.D. Cal. Mar. 24, 2015) ................................................................................7, 8

*PersonalWeb Techs., LLC v. Google Inc.*,
  No. C13-01317 EJD (HRL), 2014 WL 4090558
  (N.D. Cal., Aug. 19, 2014)...................................................................................8

*Steenwyk v. Steenwyk*,
  No. 2:20-cv-02375 FLA (AFM), 2022 WL 7162931 (C.D. Cal. 2022)...............7

*Truesdell v. Southern Cal. Permanente Med. Grp.*,
   209 F.R.D. 169 (C.D. Cal. 2002) ...................................................................................2, 3

*UM Corporation v. Tsuburaya Prods. Co., Ltd.*,
   793 Fed. Appx. 511 (9th Cir. 2019) ........................................................................................9

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   130 F. Supp. 3d 1331 (C.D. Cal. 2015) ...................................................................................7

*WB Music Corp. v. Royce Int'l Broad. Corp.*,
   No. EDCV 16-600 JGB(DTBx), 2018 WL 6177237 at *5
   (C.D. Cal. July 9, 2018) ...........................................................................................................7

**Rules**

Rule 11 ...............................................................................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

### (a) Summary of Argument

Defendants Mariah Carey ("Ms. Carey"), Sony Music Entertainment, and Universal Music Corp. (the "Carey Defendants"), Walter Afanasieff ("Mr. Afanasieff"), Sony Music Publishing (US) LLC ("Sony Music Publishing"), and Kobalt Music Publishing America, Inc. ("Kobalt") (collectively, "Defendants") respectfully submit this Memorandum in support of their Motion pursuant to the Court's March 19, 2025, Order (Doc. 85), establishing the attorney's fees they incurred in successfully opposing the Motion of plaintiffs Andy Stone and Troy Powers ("Plaintiffs") for Summary Judgment and in bringing their Motion for Sanctions. The attorney's fees are well supported by documentary evidence, were reasonably incurred, and none of the applicable *Kerr* factors warrant a reduction in the fees to be awarded. Therefore, Defendants respectfully request that the Court award attorney's fees in the amount of $185,602.30 as sanctions against Plaintiffs and/or their counsel, as the Court deems appropriate.

### (b) Summary of Facts

In this copyright infringement action, Plaintiffs alleged that *All I Want for Christmas Is You*, written by Ms. Carey and Mr. Afanasieff, infringed Plaintiffs' musical composition of the same title—which is also shared by many earlier songs. After the close of discovery as to the extrinsic test, Defendants filed their Motion for Summary Judgment (Doc. 68) on the grounds that there is no genuine dispute that the parties' respective works are not substantially similar in protected expression.

Plaintiffs also filed their own, cross-Motion for Summary Judgment on their claim for copyright infringement (Doc. 69). However, that cross-Motion went far beyond the Court's Order setting an initial phase of discovery limited to the extrinsic test, and sought to establish that Plaintiffs own the allegedly infringed copyright, that Defendants copied Plaintiffs, and that the parties' respective works are substantially

similar under the intrinsic test, which cannot be decided by summary judgment. In short, Plaintiffs filed a Motion for Summary Judgment they could not possibly win, let alone win after just the first phase of discovery. Further, Plaintiffs filed with their Motion a claimed "Separate Statement of Uncontroverted Facts" (Doc. 69-1) that, among other things, violated the Local Rules, improperly relied on allegations from their First Amended Complaint with no evidentiary support, and consisted largely of vague and irrelevant arguments rather than assertions of fact.

Defendants accordingly requested that Plaintiffs withdraw their Motion. When Plaintiffs failed to do that within the Rule 11 safe-harbor period, Defendants filed their Motion for Sanctions (Doc. 74).

Following full briefing and a hearing, the Court issued its Order on the parties' cross-Motions for Summary Judgment and the Motion for Sanctions. Doc. 85. The Court granted Defendants' Motion for Summary Judgment in full, denied Plaintiffs' Motion for Summary Judgment in full, and granted Defendants' Motion for Sanctions. Id. at 25, 33. The Court concluded that Plaintiffs' Motion is frivolous and was brought for an improper purpose, and found "that the punitive and deterrent ends of Rule 11 are best served by imposing sanctions in the amount of some or all attorneys' fees incurred by Defendants in preparing their Opposition to Plaintiffs' Motion." Id. at 27, 31, 32. The Court ordered Defendants to file within 14 days of the Order "a motion to determine the amount of reasonable attorneys' fees to be awarded." Id. at 33.

**2.   DEFENDANTS HAVE ESTABLISHED THE ATTORNEY'S FEES THAT SHOULD BE AWARDED TO THEM**

**(a)   The Amount of Attorney's Fees Sought Is Reasonable**

The amount of reasonable attorney's fees to be awarded as a sanction for Rule 11 violations "is governed by normal considerations delimiting what constitutes a 'reasonable' level of attorneys' fees and costs." *Truesdell v. Southern Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 178 (C.D. Cal. 2002) (*citing inter alia In re Yagman*, 796 F.2d 1165, 1183-85 (9th Cir. 1986)). The amount is accordingly

determined by (1) calculating the lodestar figure and (2) determining whether that lodestar figure should be adjusted, while "keep[ing] in mind the level of fees necessary to act as a deterrent." Truesdell, 209 F.R.D. at 178; see, e.g., Intel Corp. v. Terabyte Intern., Inc., 6 F.3d 614, 622 (9th Cir. 1993).

### (1) Calculating the Lodestar

In setting a fee, the Court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." Intel, 6 F.3d at 622. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation," and is "presumptively reasonable." Id. To establish the presumptively reasonable lodestar figure, the parties seeking fees may "provide (1) contemporaneous billing records, (2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney of like skill and experience." Discovery Commc'ns, Inc., v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001).

#### (i) The Amount of Hours Expended Is Reasonable

The six defendants in this action were represented by counsel at four different law firms. However, the majority of work in this matter, including the preparation of drafts of the Opposition to Plaintiffs' Motion for Summary Judgment and all supporting documents and drafts of the Motion for Sanctions and Reply in support of the same, was performed by the two attorneys and one paralegal at Davis Wright Tremaine LLP, who represents the Carey Defendants. Together, those attorneys and paralegal expended a total of 169.3 hours on the Opposition to Plaintiffs' Motion for Summary Judgment and 64.1 hours on the Motion for Sanctions and Reply in support of the same. See Anderson Decl. at 8-9 ¶¶ 15-18 (summarizing hours billed and discussing work being performed), Ex. 1.

Counsel for the other defendants also played a critical role in the review and preparation of additional drafts of these documents. In connection with the

Opposition to Plaintiffs' Motion for Summary Judgment, counsel for defendant Walter Afanasieff expended 9.1 hours, counsel for Sony Music Publishing expended 20 hours, and counsel for Kobalt expended 2.6 hours. In connection with the Motion for Sanctions and Reply in support of the same, counsel for defendant Walter Afanasieff expended 3.8 hours, counsel for defendant Sony Music Publishing expended 23 hours, and counsel for Kobalt expended 3.4 hours. *See* Freundlich Decl. at 3-5 ¶¶ 12-16 (summarizing hours billed and work performed) & Ex. 2; Akley Decl. at 4-5 ¶¶ 11-13 (similar) & Ex. 3; Somers Decl. at 1 ¶¶ 2-5, 3-4 ¶¶ 11-13 (similar) & Ex. 4. In all, counsel for Defendants expended a total of 201 hours on the Opposition to Plaintiffs' Motion for Summary Judgment and 94.3 hours on the Motion for Sanctions and Reply.

Those hours are reasonable. First, opposing Plaintiffs' Motion for Summary Judgment required, in addition to the usual opposition memorandum and supporting documentation, the preparation of approximately forty-three pages of evidentiary objections and a voluminous Statement of Genuine Dispute. *See* Docs. 72-1, 72-2, 72-3. The length of these documents was partly due to Plaintiffs' heavy reliance on assertions that Plaintiffs' experts had qualified or contradicted in their deposition testimony. *See, e.g.*, Order (Doc. 85) at 16-19 (sustaining objections to Prof. Fink's report), 19-22 (sustaining objections to Prof. Sakakeeny's report), 22-24 (sustaining objections to Prof. Fink's and Prof. Sakakeeny's declarations). Preparing these documents required Defendants' counsel to painstakingly review, analyze, and identify for the Court each statement in Plaintiffs' expert materials that Plaintiffs' experts had contradicted in their deposition testimony—which contradictions Plaintiffs had simply ignored. Furthermore, the need for those voluminous documents is underscored by the fact that the Court sustained many of Defendants' objections and, on that basis, denied Plaintiffs' Motion and granted Defendants' Motion for Summary Judgment. *See id.* at 16-24.

///

1 | Second, the time needed to prepare the Statement of Genuine Dispute and Evidentiary Objections was also compounded by Plaintiffs' "Statement of Uncontroverted Facts," which, as the Court recognized, was highly improper. <u>Id.</u> at <u>29-31</u>. Indeed, the vague, compound, and conclusory assertions in that document, which lacked supporting pin cites, required Defendants' counsel to spend substantial time reviewing the record and preparing detailed responses showing that each of Plaintiffs' assertions were unsupported.

Third, although Defendants were represented by attorneys from four separate law firms, the hours billed show the work was performed with little redundancy. Indeed, as shown above, 80% of the total hours were billed by the two attorneys and paralegal who represented the Carey Defendants. *See* <u>Charlebois v. Angels Baseball LP</u>, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012) (declining to reduce fees, including because "this was a leanly-staffed case where more than 75% of the hours were billed by only two attorneys").

Finally, due to an extension requested by Plaintiffs' counsel, the Oppositions were briefed over an extended six-week period between August 12, 2024 and September 23, 2024. *See* <u>Order (Doc. 65)</u>, <u>Stipulation (Doc. 70) at 2 ¶ 3</u>, <u>Order (Doc. 71)</u>.

Thus, the hours expended by Defendants' counsel in opposing Plaintiffs' Motion for Summary Judgment and moving for sanctions are decidedly reasonable.

### (ii) The Hourly Rates Charged Are Reasonable

The hourly rates of Defendants' counsel are also reasonable. Legal services for the Carey Defendants were performed by Peter Anderson, a partner at Davis Wright Tremaine LLP with nearly forty-five years' experience litigating copyright and entertainment matters; Eric Lamm, a seventh-year associate at Davis Wright Tremaine LLP who also has substantial experience in copyright and entertainment litigation; and Ben Planchon, a 25-year veteran paralegal. *See* Anderson Decl. at 6 ¶¶ 8-10. Mr. Anderson's services were billed at $995 per hour, Mr. Lamm's services

5

were billed at $615 per hour, and Mr. Planchon's services were billed at $374 per hour. These rates were substantially discounted from their standard hourly rates. *See* Anderson Decl. at 6 ¶¶ 8-10. These rates are also substantially below the median peer rates in 2024 (when the relevant work was performed in this matter), which were $1,513 per hour for attorneys of comparable experience to Mr. Anderson, $920 per hour for attorneys of comparable experience to Mr. Lamm, and $428 per hour for paralegals. Fanning Decl. at 1 ¶¶ 3-6.

Legal services for Mr. Afanasieff were performed by Kenneth Freundlich of Freundlich Law, APC, who has practiced in entertainment and copyright litigation for nearly forty years, and his associate Jonah Grossbardt, each at the rate of $575 per hour. This rate reflects a substantial discount from Mr. Freundlich's standard rate. Freundlich Decl. at 1-2 ¶¶ 5-7.

Legal services for Sony Music Publishing were performed by Benjamin Akley, Ilene Farkas, Donald Zakarin, and Shamar Toms-Anthony at Pryor Cashman LLP. Mr. Akley is a partner who has been practicing with a specialization in entertainment and media law for fifteen years. His hourly rate in 2024 was $850 per hour. Ms. Farkas and Mr. Zakarin are also partners, each of whom has decades of experience representing clients in copyright and other entertainment litigation. Their hourly rates in 2024 were $1,050 per hour and $1,325 per hour, respectively. Mr. Toms-Anthony is a seventh-year associate who also has substantial copyright and entertainment litigation experience. His hourly rate in 2024 was $695. Akley Decl. at 1-3 ¶¶ 3-7. However, each of these attorney's rates were billed at discount for this matter (*see id.* at 4 ¶ 11), and that discount is reflected in the total amounts discussed below.

Finally, legal services for Kobalt were performed by Bert Deixler, Patrick Somers, and Emma Tehrani at Kendall Brill & Kelly LLP. Mr. Deixler is a partner with nearly fifty years of experience, including entertainment, media, and intellectual property litigation. Mr. Deixler's rate is $1,475 per hour. Mr. Somers is also a partner who has been in practice for over seventeen years, and whose practice emphasizes

6

media and entertainment litigation. Ms. Tehrani is a sixth-year associate with substantial litigation experience, whose rate is $570 per hour. Somers Decl. at 1-3 ¶¶ 7-9.

Multiple courts in this District have found similar hourly rates to be reasonable in copyright infringement cases. *See, e.g.*, <u>Perfect 10, Inc. v. Giganews, Inc.</u>, No. CV 11-07098-AB(SHx), 2015 WL 1746484 at *15-16, *30 (C.D. Cal. Mar. 24, 2015) (approving as reasonable 2011-2014 rates up to $690 per hour for associates and rates between $825 and $930 per hour for partner in copyright infringement case, and a total of $5,213,117.06 in attorney's fees), *aff'd*, <u>847 F.3d 657 (9th Cir. 2017)</u>; <u>AK Futures LLC v. Smoke Tokes, LLC</u>, No. 8:21-cv-01061-JVS(ADSx), <u>2022 WL 3574280 at *2 (C.D. Cal. Jan. 13, 2022)</u> ("rates of $590.63 for a new associate, $809.38 for an associate with seven years of experience, and $962.50 for a partner with eleven years of experience are not excessive compared with prior awards in this forum"; rate of $1,137.50 for partner reasonable); <u>WB Music Corp. v. Royce Int'l Broad. Corp.</u>, No. EDCV 16-600 JGB(DTBx), 2018 WL 6177237 at *5 (C.D. Cal. July 9, 2018), *aff'd*, <u>814 F. App'x 286 (9th Cir. 2020)</u> (finding reasonable 2016-2018 hourly rates in copyright case of $778.50 for partner with three decades of experience and associate rates of $567-$702); <u>Universal Elecs., Inc. v. Universal Remote Control, Inc.</u>, 130 F. Supp. 3d 1331, 1337 (C.D. Cal. 2015) (finding reasonable rate of $768.50 per hour for intellectual property partners); <u>Steenwyk v. Steenwyk</u>, No. 2:20-cv-02375 FLA (AFM), 2022 WL 7162931 at *4 (C.D. Cal. 2022) (rates of $700 per hour for partners and between $550 and $600 for associates are reasonable); <u>Christopher R. B. v. Colvin</u>, No. 8:23-CV-00249-BFM, 2025 WL 26796 at *2 (C.D. Cal. Jan. 3, 2025) (noting that an "$876" per hour effective "rate is well within the rates that the Ninth Circuit and courts in this District have approved").

### (iii) The "Presumptively Reasonable" Lodestar Amounts

Multiplying (a) the hours that Defendants' counsel reasonably spent in opposing Plaintiffs' Motion for Summary Judgment and bringing their Motion for

7

Sanctions, by (b) counsel's hourly rates reasonably charged (inclusive of any discounts), results in the following amounts:

|  | Opp. to Pltfs' MSJ | Mot. for Sanctions |
|---|---|---|
| Carey Defendants | $101,652.50 | $39,807.80 |
| Mr. Afanasieff | $5,232.50 | $2,185.00 |
| Sony Music Publishing | $16,080.00 | $15,834.00 |
| Kobalt | $2,467.00 | $2,343.50 |
| Total | $125,432.00 | $60,169.80 |

*See* Anderson Decl. at 8 ¶ 15; Freundlich Decl. at 3 ¶ 12; Akley Decl. at 4 ¶ 12; Somers Decl. at 4 ¶ 13.  Adding the numbers together results in a grand total of $185,602.30.  That sum is the "'presumptively reasonable' lodestar figure." Intel, 6 F.3d at 622; *see* Perfect 10, Inc., 2015 WL 1746484 at *4.

### (2) The Applicable *Kerr* Factors Confirm the Amount Sought Is Reasonable

"[T]he district court may adjust the 'presumptively reasonable' lodestar figure based upon the [relevant] factors listed in Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) … that have not been subsumed in the lodestar calculations." Intel, 6 F.3d at 622 (citation omitted); PersonalWeb Techs., LLC v. Google Inc., No. C13-01317 EJD (HRL), 2014 WL 4090558 at *1 (N.D. Cal., Aug. 19, 2014) (analyzing *Kerr* factors in determining amount of attorney's fees to award for monetary sanctions).  The *Kerr* factors are:

> 1. The time and labor required; 2. The novelty and difficulty of the questions; 3. The skill requisite to perform the legal services properly; 4. The preclusion of other employment due to acceptance of the case; 5. The customary fee; 6. The contingent or fixed nature of the fee; 7. The limitations imposed by the client or the case; 8. The amount involved and the results obtained; 9. The experience, reputation, and ability of the

8

attorneys; 10. The undesirability of the case; 11. The nature of the professional relationship with the client; 12. Awards in similar cases.

*Intel*, 6 F.3d at 622.

Here, the majority of factors are already subsumed within the lodestar figure, or are inapplicable. However, as for the amount involved and the results obtained, the Court should consider that Plaintiffs' Motion for Summary Judgment attempted to establish liability in a claim seeking, among other things, $20 million in damages, injunctive relief, and even the "destruction of all copies of [*All I Want for Christmas Is You*]." FAC (Doc. 31) at 18 ¶¶ 5-6. Considering such drastic requested relief, and the results obtained, Defendants were perfectly justified in incurring the aforementioned attorney's fees to successfully oppose Plaintiffs' Motion for Summary Judgment and obtain sanctions that will deter similar conduct in the future.

As for awards in similar cases, it is worth noting that fees awarded in copyright cases often reach seven figures or more. *See, e.g.*, *UM Corporation v. Tsuburaya Prods. Co., Ltd.*, 793 Fed. Appx. 511, 516 (9th Cir. 2019) (affirming award of $3,938,227.22 in attorneys fees where defendants prevailed at summary judgment); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814-16 (9th Cir. 2003) (reversing denial of defendant's motion for $1,600,000 in attorney's fees and expenses following summary judgment for defendant); *see also* *Counts v. Meriwether*, No. 2:14-cv-00396-SVW-CW, 2016 WL 1165888 at *5, *7 (C.D. Cal. Mar. 9, 2016) (awarding fees and finding 1,120.4 hours of work performed by counsel for some defendants and an additional 413.2 hours for work performed by counsel for other defendants in copyright case that ended at summary judgment was reasonable). While this Motion involves only fees incurred in preparing Defendants' Opposition and Motion for Sanctions, Defendants seek far less than in these cases.

Additionally, Defendants' counsel did not charge hourly rates higher than customary rates in the community for attorneys of similar experience, and indeed, most of the hourly rates of Defendants' counsel were *substantially below* the

customary rate in the community for attorneys with comparable experience. *See above* at 5-6. Accordingly, while the *Kerr* factors may warrant increasing the lodestar amount, they do not warrant reducing it.

## 3. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs and/or Plaintiffs' counsel should be sanctioned in the amount of $185,602.30, which is the amount of attorney's fees reasonably incurred by Defendants in opposing Plaintiffs' frivolous Motion for Summary Judgment and bringing their Motion for Sanctions.

Dated: April 2, 2025

/s/ Peter Anderson, Esq.
Peter Anderson, Esq.
Lindsay M. Samuel, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
SONY MUSIC ENTERTAINMENT,
and UNIVERSAL MUSIC CORP.

Dated: April 2, 2025

/s/ Kenneth D. Freundlich, Esq.
Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW
Attorneys for Defendant
WALTER AFANASIEFF

| | | |
|---|---|---|
| 1 | Dated: April 2, 2025 | /s/ Ilene S. Farkas, Esq. |
| 2 | | Ilene S. Farkas, Esq.<br>Benjamin S. Akley, Esq. |
| 3 | | Shamar Toms-Anthony, Esq.<br>PRYOR CASHMAN LLP |
| 4 | | Attorneys for Defendant<br>SONY MUSIC |
| 5 | | PUBLISHING (US) LLC |
| 6 | | |
| 7 | | |
| 8 | Dated: April 2, 2025 | /s/ Patrick J. Somers, Esq. |
| 9 | | Bert H. Deixler, Esq.<br>Patrick J. Somers, Esq. |
| 10 | | Emma M. Tehrani, Esq.<br>KENDALL BRILL AND KELLY LLP |
| 11 | | Attorneys for Defendant<br>KOBALT MUSIC PUBLISHING |
| 12 | | AMERICA, INC. |

### Attestation Regarding Signatures

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: April 2, 2025                                         */s/ Peter Anderson, Esq.*
                                                                          Peter Anderson, Esq.

11

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Mariah Carey, Sony Music Entertainment, and Universal Music Corp. certifies that this Memorandum contains 2965 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 2, 2025                     */s/ Peter Anderson, Esq.*
                                              Peter Anderson, Esq.