Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone:(310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiffs*
Sun Bright Assests N.V.
& Sun Bright (USA) Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY STONE, et. al,<br><br>               Plaintiffs,<br><br>v.<br><br>MARIAH CAREY, et. al.,<br><br>            Defendants. | Case No. 2:23-CV-09216-MRA-JDE<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MARIAH CAREY, SONY MUSIC ENTERTAINMENT, AND UNIVERSAL MUSIC CORP.'S MOTION FOR ATTORNEYS FEES**<br><br>DATE:  May 12, 2025<br>TIME:   1:30 P.M<br>DEPT:   Courtroom 10B<br>JUDGE: Hon. Monica Ramirez-Almadani<br><br>Complaint Filed: November 26, 2024 |

Plaintiff Andy Stone ("Plaintiff") an individual hereby submits his Memorandum in Opposition ("Opposition") to Defendants Mariah Carey, Sony Music Entertainment and Universal Music Corp.'s (collectively "Defendants") Motion for Attorneys' Fees ("Motion"), as follows:

## I.    INTRODUCTION

Plaintiff is an elderly man now without vast resources. He hired two of the most esteemed musicologists in the country and asked them to provide independent opinions about whether the Defendant's released and published song "All I Want for Christmas" infringed his song. They both opined that there was infringement. In a truncated proceeding not well defined and without the chance to take discovery or work up his case, this court disagreed with those experts. The oppositions to Plaintiff's Motion for Summary Judgment introduces nominal new case law from the Defendants' motions for summary judgment and there is overlap in the oppositions, and the notion that $185,000 is needed to oppose a single motion is simply not reasonable.

## II.    ATTORNEYS' FEES SHOULD NOT BE AWARDED IF THE COURT APPLIES THE FACTORS THE LAW REQUIRES

There are three factors the Court's require be applied in first determining whether to award attorney's fees to the prevailing party in a copyright infringement case. All three factors are important. These factors are as follows: (1) the degree of success obtained by the defendants; (2) the motivation upon bringing a copyright claim; and (3) the need in particular circumstances to deter future copyright actions. See, *Halicki Films, LLC. v. Sandersson Sales*, 547 F.3d. 1213, 1230 (9th Cir 2008); *Fantasy v. Fogerty*, 94 F3d 553, 556 (9th Cir. 1996).

The defendants secured an expedited and ill-defined process before discovery could be sought and won a ruling where the Court decided two of the top musicologists in the country were wrong when they found there was infringement. They did win, but in a proceeding that replaced a fair amount of time for Plaintiff to build his case. The motivation is something the Court should consider carefully. This is a lawsuit between

1  a successful artist from one generation against another successful artist from a later
2  generation. These musicians know more than any lawyer or the Court what they hear in
3  another song. This Plaintiff does not have a history of filing lawsuits. He heard
4  something that to him seemed substantially similar and spent money that is sparse for
5  him on two of the top musicologists in the country and asked them for their independent
6  opinions, and they both gave him the same opinion: there was infringement. The loss of
7  this case without they typical civil procedure allowed in a case and the reality it does not
8  matter what two independent musicologists say, is staggering enough for this plaintiff
9  and saddling him with $185,000 of big law firm billing that is unreasonable and forcing
10 him to sell parts of his catalogue of music will accomplish nothing. This Court should
11 realize that each music case stands on its own, and there is nothing about this ruling,
12 especially if it is appealed, that would deter any other artist or publishing company
13 believing infringement exists to stop from seeking justice.

14     **III.    LEGAL ARGUMENT**

15         **A. The Amount of Attorney's Fees Sought Are Patently Unreasonable**

16         How many artists or clients could or would willingly agree to pay $185,000 to an
17 opposition to a summary judgment motion when that opposition uses a great deal of the
18 case law from the parties' own motion for summary judgment, there is overlap between
19 the work done by the defendant law firms? There is nothing about this set of oppositions
20 that should cost anyone $185,000, in whole or in part. Plaintiff's opposition to the
21 Defendants' summary judgment motions cost $40,000. One must determine what is
22 reasonable under the context of the proceedings, which were truncated, and the
23 circumstances of the parties, where in this case the Plaintiff is elder and living off his
24 music catalog and some touring. One artist should not push another artist to the brink of
25 a financial collapse. Not where there was just one motion to oppose.

26         Attorneys fees must be reasonable not through the prism of big law firm billing,
27 the rates charged must be reasonable in the industry as a whole, and the total amount of
28 attorneys fee billed must viewed under the circumstances of the case to be reasonable. It

is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rates.  See *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2nd 40 (1983); see also *Camacho v. Bridgeport Fin., Inc.*, 523 F. 3d 973, 980 (9th Cir. 2008).  If this Court is inclined to award attorneys fees to this group of defendants, to award the entire group more than $70,000 would be reversible error. The applicable test for specific jurisdiction over out-of-state defendants can be asked to defend themselves and pay to bring themselves to the jurisdiction in which they found, defrauded and severely injured their chosen victim.

## IV.    CONCLUSION

Where the Plaintiff is forced into a truncated proceeding that denies the normal civil procedure benefits, and where the Plaintiff hired two of the more renown musicologists in the United States and asked them independently whether infringement occurred, and this Court decided to reject these renown musicologists, it does not advance justice to award attorneys fees, and it certainly does not advance justice to award this group of defendants $185,000 to oppose one single motion. For the foregoing reasons, Defendants Mariah Carey, Sony Music Entertainment, and Universal Music Corp.'s Motion for Attorneys Fees should be denied in its entirety.

Respectfully Submitted,

Dated:  April 21, 2025            **GERARD FOX LAW P.C.**


By:*/s/ Gerard P. Fox*_____
Gerard P. Fox
*Attorneys for Plaintiffs*
Andy Stone

1
2

## <u>CERTIFICATE OF COMPLIANCE</u>

3

The undersigned, counsel of record for Plaintiff Andy Stone hereby certifies that this

4

Memorandum contains 921 words, which complies with the word limit of L.R. 11-6.1.

5
6
7

Dated: April 21, 2025                        GERARD FOW LAW P.C.

8

By: _/s/ Gerard P. Fox_

9

Gerard P. Fox

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, Heather Kyles, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above-mentioned matter. My business address is: Gerard Fox Law P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On April 21, 2025, I served the following documents, described as: **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MARIAH CAREY, SONY MUSIC ENTERTAINMENT AND UNIVERSAL MUSIC CORP'S MOTION FOR ATTORNEYS FEES** on the person(s) listed in the attached Service List. The document was served by the following means:

| | |
|---|---|
| ☐ | **By United States mail**. I enclosed the document in a sealed envelope or package addressed to the people listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☒ | **By electronic service**: Either based on a court order, or an agreement of the parties to accept service by electronic transmission, or by the mandatory electronic filing requirement via CM/ECF, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: April 21, 2025                    _/s/ Heather Kyles_
                                         Heather Kyles

1

**PROOF OF SERVICE**

# SERVICE LIST

**Peter J. Anderson**
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-9998
213-633-6800
Fax: 213-633-6899
Email: peteranderson@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric H Lamm**
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-9998
213-633-6800
Fax: 213-633-6899
Email: ericlamm@dwt.com
*ATTORNEY TO BE NOTICED*

**Lindsay Marie Samuel**
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
213-633-8665
Fax: 213-633-6899
Email: lindsaysamuel@dwt.com
*ATTORNEY TO BE NOTICED*

Attorneys for Mariah Carey and Universal Music Corp.

**Kenneth D. Freundlich**
Freundlich Law, APC
16133 Ventura Boulevard, Suite 1270
Encino, CA 90212
818-377-3790
Email: ken@freundlichlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonah A. Grossbardt**
Freundlich Law APC
16133 Ventura Boulevard, Suite 645
Encino, CA 91436
818-377-3790
Fax: 310-275-5351
Email: jonah@freundlichlaw.com
*ATTORNEY TO BE NOTICED*

Attorneys for Walter Afanaseiff

1

**Benjamin S. Akley**
Pryor Cashman LLP
1901 Avenue of the Stars Suite 900
Los Angeles, CA 90067
310-683-6900
Email: bakley@pryorcashman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212-421-4100
Fax: 212-326-0806
Email: ifarkas@pryorcashman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shamar Jastin Toms-Anthony**
Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
310-683-6900
Fax: 310-943-3397
Email: stoms-anthony@pryorcashman.com
*ATTORNEY TO BE NOTICED*

Attorneys for Sony/ATV Tunes LLC
and Sony Music Entertainment

**Emma M. Tehrani**
Kendall Brill and Kelly LLP
10100 Santa Monica Boulevard, Suite 2500
Los Angeles, CA 90067
310-272-7928
Fax: 310-556-2705
Email: etehrani@kbkfirm.com
*ATTORNEY TO BE NOTICED*

**Patrick J Somers**
Kendall Brill and Kelly LLP
10100 Santa Monica Boulevard, Suite 2500
Los Angeles, CA 90067
310-272-7918
Fax: 310-556-2705
Email: psomers@kbkfirm.com
*ATTORNEY TO BE NOTICED*

**Bert H Deixler**
Kendall Brill and Kendall LLP
10100 Santa Monica Boulevard, Suite 2500
Los Angeles, CA 90067
310-272-7910
Email: bdeixler@kbkfirm.com
*ATTORNEY TO BE NOTICED*

Attorneys for Kobalt Music

2
**SERVICE LIST**