1 | Peter Anderson, Esq. (Cal. Bar No. 88891)
    peteranderson@dwt.com
2 | Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
    lindsaysamuel@dwt.com
3 | Eric H. Lamm, Esq. (Cal. Bar No. 324153)
    ericlamm@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
    350 South Grand Ave, 27th Floor
5 | Los Angeles, California 90071
    Telephone: (213) 633-6800
6 | Fax: (213) 633-6899

7 | Attorneys for Defendants
    MARIAH CAREY, SONY MUSIC
8 | ENTERTAINMENT, and UNIVERSAL
    MUSIC CORP.
9
10 | Kenneth D. Freundlich, Esq. (Cal. Bar No. 119806)
    ken@freundlichlaw.com
11 | Jonah A. Grossbardt, Esq. (Cal. Bar No. 283584)
    jonah@freundlichlaw.com
12 | FREUNDLICH LAW, APC
    16133 Ventura Blvd., Ste. 645
13 | Encino, California 91436
    P: 818.377.3790
14 | F: 310.275.5331

15 | Attorneys for Defendant
    WALTER AFANASIEFF

16 | [*Additional Counsel on Following Page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ANDY STONE, *etc., et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARIAH CAREY, *etc., et al.*,<br><br>    Defendants. | Case No. 2:23-cv-09216-MRA-JDEx<br><br>DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION RE AMOUNT OF SANCTIONS TO BE AWARDED<br><br>Date: May 12, 2025<br>Time: 1:30 p.m.<br><br>Courtroom of the Honorable<br>Mónica Ramírez Almadani<br>United States District Judge |

Benjamin S. Akley (Cal. Bar No. 278506)
  bakley@pryorcashman.com
Shamar Toms-Anthony (Cal. Bar No. 323246)
  stoms-anthony@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Tel: (310) 683-6900
Fax: (310) 943-3397

Ilene S. Farkas (admitted *pro hac vice*)
  ifarkas@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
Telephone: (212) 421-4100

Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Bert H. Deixler (Cal. Bar No. 70614)
  bdeixler@kbkfirm.com
Patrick J. Somers (Cal. Bar No. 318766)
  psomers@kbkfirm.com
Emma Tehrani (Cal. Bar No. 329603)
  etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

# TABLE OF CONTENTS

1. SUMMARY OF REPLY ................................................................................. 1

2. FEES IN THE AMOUNT OF $185,602.30 SHOULD BE AWARDED ........ 2

   (a)  Plaintiffs Do Not Seriously Dispute Defendants' Lodestar Calculation ............................................................................................ 2

      (1)  Plaintiffs Fail to Rebut Defendants' Showing as to the Hours Reasonably Spent Opposing Plaintiffs' Motion for Summary Judgment ................................................................................ 2

      (2)  The Hourly Rates of Defendants' Counsel Are Very Reasonable ............................................................................... 4

   (b)  Plaintiffs Offer No Basis To Reduce Defendants' Presumptively Reasonable Lodestar Amount ................................................................ 5

      (1)  Plaintiffs' Reliance on Section 505 of the Copyright Act Is Totally Misplaced ..................................................................... 5

      (2)  Plaintiffs Falsely Argue They Were Deprived of the Right to Engage in Normal Civil Procedure and Discovery ...................... 7

      (3)  Plaintiffs Impeach Their Unsupported Assertion that Mr. Stone Lacks "Vast Resources" and Ignore that Sanctions May Be Awarded Against Mr. Powers and/or Plaintiffs' Counsel ........... 7

      (4)  Defendants Have Established That Their Attorney's Fees Were Actually Incurred ................................................................ 8

      (5)  Plaintiffs' Suggested Award of $70,000 in Attorney's Fees Is a Made-Up Number ....................................................................... 9

      (6)  Plaintiffs' Claim That Their Opposition "Cost $40,000" Is Not a Basis to Reduce Fees ................................................................. 9

3. CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Camacho v. Bridgeport Financial, Inc.*,
   523 F.3d 973 (9th Cir. 2008) ............................................................................... 5

*Charlesbois v. Angels Baseball LP*,
   993 F. Supp. 2d 1109 (C.D. Cal. 2012) ......................................................... 4, 10

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ............................................................................................ 6

*Cunningham v. County of Los Angeles*,
   879 F.2d 481 (9th Cir. 1988) .............................................................................. 9

*Dahl v. City of Huntington Beach*,
   84 F.3d 363 (9th Cir. 1996) ................................................................................ 8

*Estate of Randall v. First Solar, Inc.*,
   No. EDCV 15-1066, 2016 WL 11728953 (C.D. Cal. Aug. 11, 2016), *aff'd*,
   711 Fed. Appx. 410 (9th Cir. 2018) .................................................................... 9

*Fantasy v. Fogerty*,
   94 F.3d 553 (9th Cir. 1996) ................................................................................ 6

*Griffin v. Strauss*,
   No. 22-cv-06183, 2024 WL 647650 (C.D. Cal. Jan. 3, 2024) ............................ 9

*Halicki Films, LLC v. Sanderson Sales & Marketing*,
   547 F.3d 1213 (9th Cir 2008) ............................................................................. 5

*Harvest Aid, LLC v. Steven Paul, et al.*,
   No. 2:21-cv-04154, 2025 WL 1172023 (C.D. Cal. Mar. 21, 2025) .................... 5

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ............................................................................ 4

*Olivier v. Baca*,
   913 F.3d 852 (9th Cir. 2019) .............................................................................. 7

*Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Assoc.*,
   953 F.3d (9th Cir. 2020) ..................................................................................... 6

*Truesdell v. Southern Cal. Permanente Med. Grp.*,
   209 F.R.D. 169 (C.D. Cal. 2002) ........................................................................7, 9

*Yuga Labs, Inc. v. Ripps*,
   No. 2:22-cv-04355, 2024 WL 489248 (C.D. Cal. Jan. 11, 2024) ........................4

**Statutes**

17 U.S.C. § 505 ................................................................................................. 1, 5, 6

**Rules**

Fed. R. Civ. P. 11 .............................................................................................. 1, 6, 8

Fed. R. Civ. P. 54 ....................................................................................................6

L.R. 54-1 .................................................................................................................6

L.R. 54-2.1 ..............................................................................................................6

<b><u>REPLY MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**1.    SUMMARY OF REPLY**

After careful consideration, the Court granted Defendants' Motion for Sanctions against Plaintiffs and/or their counsel for filing a Motion for Summary Judgment that violated this Court's bifurcation Order, made frivolous arguments, and was filed for improper purposes, including to cause delay and increase the burden on Defendants and the Court.  That ruling left only the amount of attorney's fees Defendants reasonably incurred in opposing Plaintiffs' ill-conceived Motion for Summary Judgment and in moving for sanctions.  Defendants' moving papers, detailed Declarations, and supporting invoices establish that $185,602.30 is the presumptively reasonable lodestar amount of attorney's fees to award, and that the relevant factors confirm this lodestar amount is reasonable.

Plaintiffs' Opposition is rife with misstatements, misdirection, and conclusory assertions unsupported by any declarations or other evidence.  For example, it argues that attorney's fees should not be awarded under Section 505 of the Copyright Act, which is irrelevant to this Motion—the Court already found that attorney's fees are warranted as sanctions under Federal Rule of Civil Procedure 11.  Plaintiffs also vaguely state that plaintiff Andy Stone is "without vast resources," but Plaintiffs offer no supporting declaration and fail to even mention Mr. Stone's co-plaintiff, Troy Powers, or Plaintiffs' counsel.[1]

Plaintiffs' Opposition also does not seriously dispute Defendants' lodestar calculation, including the hours Defendants' counsel reasonably spent and their reasonable hourly rates.  Instead, Plaintiffs argue that, for example, Defendants' counsel performed redundant work, but Plaintiffs fail to identify any redundancies and

---

[1]    Plaintiffs also claim that this Motion was brought only by the Carey Defendants (*see* Opp. (Doc. 88) at 2:1-4), when, instead, the Motion is jointly made by all Defendants, including Walter Afanasieff—the co-songwriter of *All I Want For Christmas*—and his music publishers, Sony Music Publishing (US), LLC, and Kobalt Music Publishing America, Inc.

1

there are none. Plaintiffs also repeatedly complain that they were deprived of "civil procedure" (Opp. (Doc. 88) at 3, 4), but that argument is not a basis to reduce the amount of attorney's fees to be awarded as sanctions. It is also false: Plaintiffs stipulated to and completed an initial discovery phase as to the extrinsic test, and they were unable to satisfy that test. Plaintiffs' remaining arguments are likewise conclusory and not grounds to reduce the presumptively reasonable lodestar amount.

## 2. FEES IN THE AMOUNT OF $185,602.30 SHOULD BE AWARDED

### (a) Plaintiffs Do Not Seriously Dispute Defendants' Lodestar Calculation

As shown in Defendants' moving papers, multiplying the hours reasonably expended by Defendants' attorneys and staff at four law firms by their respective hourly rates results in the following presumptively reasonable lodestar amounts:

|                      | Opp. to Pltfs' MSJ | Mot. for Sanctions |
|----------------------|--------------------|--------------------|
| Carey Defendants     | $101,652.50        | $39,807.80         |
| Mr. Afanasieff       | $5,232.50          | $2,185.00          |
| Sony Music Publishing| $16,080.00         | $15,834.00         |
| Kobalt               | $2,467.00          | $2,343.50          |
| Total                | $125,432.00        | $60,169.80         |

See Defs' Memo. (Doc. 86-1) at 7:26-8:13. Plaintiffs make little effort to challenge this lodestar calculation, and their conclusory arguments fail.

### (1) Plaintiffs Fail to Rebut Defendants' Showing as to the Hours Reasonably Spent Opposing Plaintiffs' Motion for Summary Judgment

Defendants have submitted four Declarations and numerous invoices establishing the hours that Defendants' counsel and staff, across four law firms, reasonably expended in opposing Plaintiffs' Motion for Summary Judgment and in bringing their Motion for Sanctions. See Anderson Decl. (Doc. 86-2) at 8 ¶ 15, Ex. 1; Freundlich Decl. (Doc. 86-4) at 3 ¶ 12, Ex. 2; Akley Decl. (Doc. 86-5) at 4-5 ¶ 12, Ex.

2

3; Somers Decl. (Doc. 86-6) at 4 ¶ 13, Ex. 4.  Defendants have also thoroughly explained why these hours were reasonably expended, and indeed necessary, to address Plaintiffs' frivolous filings.  *See* Defs' Memo. (Doc. 86-1) at 3-5.

Plaintiffs argue that Defendants' Opposition to Plaintiffs' Motion for Summary Judgment "uses a great deal of case law" from Defendants' own Motion for Summary Judgment. Opp. (Doc. 88) at 3.  In fact, Defendants' Opposition required substantial additional research, including to address Plaintiffs' arguments that were not properly raised at that stage in the bifurcated proceedings and in connection with Defendants' Evidentiary Objections.  *See* Defs' Opp. Memo. (Doc. 72); Defs' Evidentiary Objections (Doc. 72-3).  Furthermore, the vast majority of hours were not spent researching case law, but instead preparing opposition papers with sufficient detail to address the numerous misstatements in Plaintiffs' frivolous moving papers.  *See, e.g.*, Defs' Statement of Genuine Disputes (Doc. 72-2); Defs' Evidentiary Objections (Doc. 72-3).  For example, Plaintiffs filed a purported "Statement of Undisputed Facts" that was full of random snippets from their expert declarations and reports, taken out of context, and that failed to identify their experts' contradictory deposition testimony.  *See, e.g.*, Order (Doc. 85) at 21, 30-31.  In doing so, Plaintiffs put the burden on Defendants to explain those random snippets and what facts the record actually established.  *See generally* Defs' Memo. (Doc. 86-1) at 4.

Plaintiffs also argue that there was "overlap between the work done by the defendant [sic] law firms." Opp. (Doc. 88) at 3.  But that argument, like all others in Plaintiffs' Opposition, is conclusory and unsupported.  Plaintiffs fail to identify any overlap in particular, and in fact, Defendants' counsel worked with little redundancy: 80% of the total hours were billed by just two attorneys and one paralegal.  *See* Defs' Memo. (Doc. 86-1) at 3-4.  The remaining hours were billed by counsel for *other* defendants who each spent only modest time reviewing, revising, and providing valuable input on the filings.  *See* Freundlich Decl. (Doc. 86-4) at 4-5 ¶¶ 13-17, Ex. 2; Akley Decl. (Doc. 86-5) at 3-4 ¶¶ 8-9, Ex. 3; Somers Decl. (Doc. 86-6) at 1 ¶¶ 2-6,

1  Ex. 4. That work is not duplicative. See <u>Charlesbois v. Angels Baseball LP</u>, 993 F.
2  Supp. 2d 1109, 1125 (C.D. Cal. 2012) (rejecting argument that "hours billed by one
3  attorney reviewing another's work or on internal communications are duplicative" and
4  noting that "many motions this Court denies would have benefitted from a second
5  read and more strategizing by the attorneys involved.").

6  Courts "defer to the winning lawyer's professional judgment as to how much
7  time … was required." <u>Id.</u> at 1123 (quoting <u>Moreno v. City of Sacramento</u>, 534 F.3d
8  1106, 1112 (9th Cir. 2008)). Plaintiffs fail to offer any nonconclusory basis to dispute
9  Defendants' competent evidence of the hours they spent. It is accordingly beyond
10 dispute that the hours billed by Defendants' counsel were reasonable.

**(2)   The Hourly Rates of Defendants' Counsel Are Very Reasonable**

13 Defendants have also established that their attorneys' discounted hourly rates
14 for this matter are reasonable. See <u>Defs' Memo. (Doc. 86-1) at 5-7</u>.

15 Plaintiffs argue that Defendants' hourly rates reflect "big law firm billing," but
16 it is unclear what that means. <u>Opp. (Doc. 88) at 3:26</u>. Hourly rates charged by
17 attorneys at "big law" firms are often found to be reasonable. See, e.g., <u>Yuga Labs,</u>
18 <u>Inc. v. Ripps</u>, No. 2:22-cv-04355, 2024 WL 489248 at *3 (C.D. Cal. Jan. 11, 2024)
19 (finding Fenwick & West's 2022 and 2023 hourly rates for attorneys of up to $1,410
20 per hour for a partner were reasonable), *report & recommendation adopted*, No. 2:22-
21 cv-04355, Doc. 448 (C.D. Cal. Jan. 23, 2024). Furthermore, not all Defendants'
22 counsel are "big law" firms,[2] and while the majority of work was performed by
23 attorneys and staff at Davis Wright Tremaine LLP, the rates charged for that work are
24 substantially below the median billing rates of other "big law" firms of comparable
25 size, expertise, and location. See <u>Fanning Decl. (Doc. 86-3) at 3 ¶¶ 3-6</u>.

---

27 [2]   Freundlich Law, APC, counsel for Defendant Walter Afanasieff, and Kendall
28 Brill & Kelly LLP, counsel for Kobalt Music Publishing America, Inc., are boutique litigation firms consisting of only two and twenty-two attorneys, respectively.

4

Plaintiffs then claim, without any authority, that "the rates charged must be reasonable in the industry as a whole." Opp. (Doc. 88) at 3:27. Rather, courts determine reasonable hourly rates by reference to the "prevailing hourly rate in … the [forum district] for work that is similar to that performed in this case, by attorneys with the skill, experience and reputation comparable to that of [the moving parties' counsel]." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980-81 (9th Cir. 2008); *see also Harvest Aid, LLC v. Steven Paul, et al.*, No. 2:21-cv-04154-SSS-KSx, 2025 WL 1172023 at *4 (C.D. Cal. Mar. 21, 2025) (determining reasonable hourly rates by reference to rates approved in other decisions within this district). Also, Plaintiffs fail to support their assertion that the rates charged by Defendants' counsel are not reasonable "in the industry as a whole" (Opp. (Doc 88) at 3:27), nor do they identify what they claim a reasonable "industry-as-a-whole" rate would be.

Defendants have thus established that the hourly rates in their lodestar calculation are patently reasonable.

### (b) Plaintiffs Offer No Basis To Reduce Defendants' Presumptively Reasonable Lodestar Amount

Defendants also have shown that there is no basis to reduce the presumptively reasonable lodestar amount, including under the *Kerr* factors. See Defs' Memo. (Doc. 86-1) at 8-10. None of Plaintiffs' arguments come close to rebutting this presumption.

### (1) Plaintiffs' Reliance on Section 505 of the Copyright Act Is Totally Misplaced

Plaintiffs' Opposition devotes an entire section to arguing that fees should not be awarded in this case under the fee shifting provision of the Copyright Act, 17 U.S.C. § 505. See Opp. (Doc. 88) at 2:15-3:13 (citing *Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F.3d 1213, 1230 (9th Cir 2008) (discussing discretionary awards of attorney's fees under Section 505 of the Copyright Act) and *Fantasy v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) (same)). But the issue of whether

///

to award Defendants their remaining attorney's fees under Section 505 of the Copyright Act is not yet before the Court.³

As relevant here, Plaintiffs' arguments miss the mark because the Court has already awarded sanctions and left only the issue of "the amount of reasonable attorneys' fees to be awarded." Order (Doc. 85) at 32-33. Furthermore, the Court held that sanctions are warranted under *Federal Rule of Civil Procedure 11*, which employs a different test and serves a different purpose than Section 505 of the Copyright Act. *Compare* Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (the "central purpose of Rule 11" is to "streamline the administration and procedure of the federal courts" by "deter[ring] baseless filings in district court") *with* Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Assoc., 953 F.3d at 653-54 (9th Cir. 2020) ("The touchstone of the decision to award attorneys' fees [under Section 505] is whether the successful defense … further[s] the Copyright Act's 'essential goals.'"). Indeed, Plaintiffs' conclusory arguments under Section 505—for example, that they filed this lawsuit in good faith—have nothing to do with the reason the Court awarded sanctions; namely that Plaintiffs' counsel filed a frivolous Motion for Summary Judgment for an improper purpose. Order (Doc. 85) at 31.

Thus, Plaintiffs' conclusory arguments under Section 505 offer no reason to reduce the lodestar amount of attorney's fees to be awarded as sanctions. They should accordingly be disregarded.

///

///

---

³ Because Section 505 permits the Court to award "reasonable attorney's fee[s] to the prevailing party *as part of the costs*," Defendants will move for an award of attorney's fees under that Section within fourteen days after entry of judgment. *See* 17 U.S.C. § 505 (emphasis added); C.D. Cal. L.R. 54-1 ("'prevailing party' entitled to costs … is the party in whose favor judgment is entered"), 54-2.1 (applications to tax costs must be filed "[w]ithin 14 days after entry of judgment or order under which costs may be claimed"); Fed. R. Civ. Pro. 54(d)(2)(B)(i) (motions for award of attorney's fees must be "filed no later than 14 days after entry of judgment").

### (2) Plaintiffs Falsely Argue They Were Deprived of the Right to Engage in Normal Civil Procedure and Discovery

Plaintiffs argue that they were somehow deprived of "normal" or "typical" "civil procedure benefits" and discovery. Opp. (Doc. 88) at 3, 4. That is false. Plaintiffs stipulated to an initial phase of expert discovery as to the extrinsic test, and they represented to the Court that they had "completed [that] initial expert discovery phase" before summary judgment briefing began. Joint Status Report (Doc. 64) at 1. Also, Plaintiffs fail to identify what additional discovery they claim was necessary to oppose Defendants' Motion for Summary Judgment as to the extrinsic test. Indeed, their argument suggests that Plaintiffs are *still* conflating the extrinsic test with the element of factual copying—a legal position that the Court expressly recognized is frivolous. See Order (Doc. 85) at 28.

In any event, Plaintiffs' argument does not warrant reducing the lodestar amount to be awarded. The requested attorney's fees were incurred as a "direct result" of Plaintiffs' filing an improper and frivolous motion. Id. at 32 (quoting Truesdell v. Southern Cal. Permanente Med. Grp., 209 F.R.D. 169, 175 (C.D. Cal. 2002)). Plaintiffs' argument in no way excuses that improper conduct.

### (3) Plaintiffs Impeach Their Unsupported Assertion that Mr. Stone Lacks "Vast Resources" and Ignore that Sanctions May Be Awarded Against Mr. Powers and/or Plaintiffs' Counsel

Plaintiffs' Opposition states that "Plaintiff [Andy Stone] is … without vast resources." Opp. (Doc. 88) at 2. As an initial matter, "[l]egal memoranda ... are not evidence," and Plaintiffs filed no declaration from Mr. Stone regarding his ability or his inability to pay. Olivier v. Baca, 913 F.3d 852, 861 (9th Cir. 2019) (alteration in original). Also, the Opposition impeaches its own assertion by stating that Mr. Stone owns a "music catalog" he could look to in order to pay a sanction award. See

///

7

Opp. (Doc. 88) at 3 (noting that Mr. Stone is "living off his music catalog and some touring").

Even if Mr. Stone is "without vast resources," however, the Opposition also ignores that these sanctions may properly be assessed, in whole or in part, against Plaintiffs' counsel. See Fed. R. Civ. Pro. 11(c)(1); Defs' Mot. for Sanctions (Doc. 74) at 3:20-21 (requesting that sanctions be imposed on "Plaintiffs and/or their counsel, as the Court deems appropriate"). Indeed, the Court found that "Plaintiffs' counsel is at fault for the offending conduct." Order (Doc. 85) at 28, 29, 31. The Opposition also says nothing about the other plaintiff, Mr. Powers, and his resources.[4]

Accordingly, even if the Court were to accept that Mr. Stone is "without vast resources" (Opp. (Doc. 88) at 2), that claim would not justify reducing the attorney's fees to be awarded.

### (4) Defendants Have Established That Their Attorney's Fees Were Actually Incurred

Plaintiffs suggest that Defendants may not have actually incurred their requested attorney's fees, asking "[h]ow many artists or clients could or would willingly agree to pay $185,000 to an opposition [sic] to a summary judgment motion[?]" Opp. (Doc. 88) at 3. The answer to Plaintiffs' question is undoubtedly that many artists and clients would incur those fees, especially in defending against a claim seeking $20 million in damages and the destruction of a beloved artistic work. See FAC (Doc. 31) at 18 ¶¶ 5-6. In any event, Defendants have established by competent evidence that they actually incurred the attorney's fees they seek to recover in this Motion. See Anderson Decl. (Doc. 86-2) at 8 ¶ 15, Ex. 1; Freundlich Decl.

---

[4] While sanctions may only be awardable against Plaintiffs' counsel for the frivolous contentions of law in their Motion for Summary Judgment (see Fed. R. Civ. Pro. 11(c)(5)(A)), they are properly awarded against Plaintiffs for the frivolous factual contentions and other violations in Plaintiffs' Motion. See Dahl v. City of Huntington Beach, 84 F.3d 363, 366-367 (9th Cir. 1996) (noting that a party may be penalized for his counsel's actions).

8

1 (Doc. 86-4) at 3 ¶ 12, Ex. 2; Akley Decl. (Doc. 86-5) at 4-5 ¶¶ 11-12, Ex. 3; Somers Decl. (Doc. 86-6) at 4 ¶¶ 12-13, Ex. 4.

### (5) Plaintiffs' Suggested Award of $70,000 in Attorney's Fees Is a Made-Up Number

Plaintiffs also state that it would be "reversible error" to "award the entire group [of Defendants] more than $70,000." Opp. (Doc 88) at 4:4-6. Plaintiffs identify no authority for that proposition and that number appears to have been chosen randomly. Courts often award fees in excess of $70,000 under similar circumstances. *See, e.g.*, *Estate of Randall v. First Solar, Inc.*, No. EDCV 15-1066, 2016 WL 11728953 at *5 (C.D. Cal. Aug. 11, 2016) (awarding fees in the amount of $110,784.15 as sanctions under Rule 11 for pursuing frivolous case to summary judgment), *aff'd*, 711 Fed. Appx. 410 (9th Cir. 2018); *Griffin v. Strauss*, No. 22-cv-06183, 2024 WL 647650 at *8 (C.D. Cal. Jan. 3, 2024) (awarding fees of $117,549.41 for partially-successful anti-SLAPP motion and fees motion).

Furthermore, the Court of Appeals instructs the district courts to determine a reasonable fee award using the lodestar method, not simply by choosing a random number. *See* *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988); *Truesdell v. Southern Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 178 (C.D. Cal. 2002). The Court should accordingly disregard Plaintiffs' suggestion.

### (6) Plaintiffs' Claim That Their Opposition "Cost $40,000" Is Not a Basis to Reduce Fees

Finally, Plaintiffs submit the unsworn assertion that their "opposition to Defendants' summary judgment motions [sic] cost $40,000." Opp. (Doc. 88) at 3. But assuming that figure is correct, the cost of preparing an unsuccessful and clearly deficient opposition that ignores the record is not an accurate measure of the cost of preparing a successful and detailed one that is based upon the record. In any event, as noted above, courts "defer to the winning lawyer's professional judgment"—not

///

the losing lawyer's judgment—"as to how much time ... was required." *Charlesbois*, 993 F. Supp. 2d at 1123.

Plaintiffs accordingly fail to identify any grounds to reduce the presumptively reasonable lodestar amount of attorney's fees to be awarded.

**3.    CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that the Court should award monetary sanctions against Plaintiffs and/or their counsel in the amount of $185,602.30, as shown above and in Defendants' Motion.

Dated: April 28, 2025

/s/ Peter Anderson, Esq.
Peter Anderson, Esq.
Lindsay M. Samuel, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
SONY MUSIC ENTERTAINMENT,
and UNIVERSAL MUSIC CORP.

Dated: April 28, 2025

/s/ Kenneth D. Freundlich, Esq.
Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW
Attorneys for Defendant
WALTER AFANASIEFF

Dated: April 28, 2025

/s/ Ilene S. Farkas, Esq.
Ilene S. Farkas, Esq.
Benjamin S. Akley, Esq.
Shamar Toms-Anthony, Esq.
PRYOR CASHMAN LLP
Attorneys for Defendant
SONY MUSIC
PUBLISHING (US) LLC

| | |
|---|---|
| Dated: April 28, 2025 | /s/ Emma M. Tehrani, Esq. |
| | Bert H. Deixler, Esq. |
| | Patrick J. Somers, Esq. |
| | Emma M. Tehrani, Esq. |
| | KENDALL BRILL AND KELLY LLP |
| | Attorneys for Defendant |
| | KOBALT MUSIC PUBLISHING AMERICA, INC. |

### Attestation Regarding Signatures

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

| | |
|---|---|
| Dated: April 28, 2025 | /s/ Peter Anderson, Esq. |
| | Peter Anderson, Esq. |

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Mariah Carey, Sony Music Entertainment, and Universal Music Corp., certifies that this Memorandum contains 2,985 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 28, 2025                                        /s/ Peter Anderson, Esq.
                                                                  Peter Anderson, Esq.