UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
| Title | Andy Stone, et al. v. Mariah Carey, et al. | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER AWARDING REASONABLE ATTORNEYS' FEES AS RULE 11 SANCTION [86]

Before the Court is Defendants' Motion to Determine the Amount of Attorney's Fees to be Awarded as Sanctions (the "Motion"). ECF 86. The Court read and considered the moving, opposing, and reply papers and held a hearing on March 12, 2025. ECF 90. For the reasons stated herein, the Court **GRANTS** the Motion in part.

I.  **BACKGROUND**

Plaintiffs Andy Stone ("Stone") and Troy Powers ("Powers") commenced this copyright infringement action against Defendants Mariah Carey ("Carey"), Walter Afanasieff ("Afanasieff"), Sony/ATV Music Publishing, LLC ("Sony/ATV"), Sony Entertainment ("Sony"), Kobalt Music Publishing America, Inc. ("Kobalt"), and Universal Music Corporation ("Universal") (collectively, "Defendants") on November 1, 2023, alleging that *All I Want for Christmas Is You*, written by Carey and Afanasieff, infringed Plaintiffs' copyright in a musical composition by the same title. ECF 1; ECF 31.

On March 19, 2025, upon completion of briefing and following a hearing, the Court issued its Order granting Defendants' Motion for Summary Judgment and Motion for Sanctions and denying Plaintiffs' Motion for Summary Judgment. ECF 85. In relevant part, the Court found that Plaintiffs, by and through their counsel Gerard P. Fox ("Fox"), presented their Motion for Summary Judgment for "an improper purpose, specifically to cause unnecessary delay and needlessly increase the costs of litigation, and that their Motion is 'both baseless and made without a reasonable and competent inquiry' into the law and facts." *Id.* at 31 (citation omitted). The Court concluded that Plaintiffs' counsel is at fault for the sanctionable conduct and "the punitive and deterrent ends of Rule 11 are best served by imposing sanctions in the amount of some or all attorneys' fees incurred by Defendants[.]" *Id.* at 31-32. The Court ordered Defendants to file within 14 days of the Order a motion to determine the amount of reasonable attorneys' fees to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

awarded. *Id.* at 33.

On April 2, 2025, Defendants filed the instant Motion, requesting a fee award in the amount of $185,602.30 against Plaintiffs and/or their counsel. ECF 86. Plaintiff Stone, by and through Fox, filed an Opposition. ECF 88. No opposition was filed on behalf of Plaintiff Powers. *See id.* Defendants filed a Reply. ECF 89.

## II.   DISCUSSION

### A.   Need for Deterrence

Federal Rule of Civil Procedure 11 is "intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)); *see also* Fed. R. Civ. P. 11(b)(1)-(3). If the Court "determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

The Court is not convinced that Fox appreciates why his conduct was found sanctionable. In the Opposition and again at the hearing, he suggested that Plaintiffs are being faulted for relying on two "renown" musicologists and that he would not be deterred from relying on musicologists in future music copyright cases. ECF 88 at 4. These assertions miss the mark entirely. Although the Court excluded the testimony of Plaintiffs' experts as legally irrelevant, unreliable, and unhelpful, ECF 85 at 15-24, this is ***not*** why the Court found sanctions are warranted, *see id.* at 27-31. Rather, the sanctionable conduct was described as follows: Fox inexplicably disregarded the Court's Bifurcation Order, "failed to conduct a reasonable inquiry into the law," and "made no reasonable effort to ensure that the factual contentions asserted have evidentiary support." *Id.* at 27-31.

The Opposition primarily protests that Defendants took advantage of "an expedited and ill-defined process"—presumably referring to the Court's Bifurcation Order—to prevail on summary judgment and that Powers was "forced into a truncated proceeding" that denied him "the normal civil procedure benefits." ECF 88 at 2, 4. The Court takes exception to Fox's attempts to impugn the fairness of process afforded in this matter. Fox is reminded that far from being "forced into" any proceedings, Plaintiffs did not oppose and in fact stipulated to an initial phase of expert discovery as to the extrinsic test and a stay of all other discovery, *see* ECF 45; ECF 46 at 6. Plaintiffs agreed with Defendants that substantial similarity under the extrinsic test is "a discrete and dispositive issue requiring analytical dissection and expert testimony, and separate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

from all other liability issues and all remedy issues in this case." ECF 46 at 6. The parties *jointly* proposed a schedule for discovery during the initial phase as to the extrinsic test. *Id.* at 7-8. The Court's Bifurcation Order reflected the parties' *shared* understanding and set clear deadlines for expert disclosures and discovery as to the extrinsic test. ECF 53. Plaintiffs represented to the Court that they had "completed the initial expert phase" and did not apprise the Court of any need for additional discovery as to the extrinsic test. ECF 64 at 2. Fox's perplexing assessment that the *as-requested* bifurcated discovery process ordered by the Court was somehow "expedited" and "ill-defined" or that it "replaced a fair amount of time for Plaintiff to build his case" strains credulity. *See* ECF 88 at 2.

If anything, Fox's blatant mischaracterizations of the record reinforce the need to award sanctions against Fox for purposes of punishment and deterrence. Far from taking accountability for violating the Bifurcation Order and for filing an improper and frivolous Motion for Summary Judgment, Fox attempts to shift the blame on to others—the Court for bifurcating discovery (as proposed) and Defendants for incurring substantial legal fees in opposing Plaintiffs' Motion. Even with respect to the instant Motion, Fox misconstrues the issue at hand. *See* ECF 85 at 32. Instead of briefing the standard for awarding attorneys' fees as a Rule 11 sanction, Fox raises numerous legally irrelevant arguments as to why attorneys' fees should not be awarded under the fee shifting provision of the Copyright Act, 17 U.S.C. § 505. *See* ECF 88 at 2-3. Such carelessness is reflective of Fox's conduct throughout this litigation.

    **B.**    **Reasonableness of the Fee Award**

An attorneys' fee award as a Rule 11 sanction is "governed by normal considerations delimiting what constitutes a 'reasonable' level of attorneys' fees and costs." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 178 (C.D. Cal. 2002). The Court has "an independent duty to determine the appropriate 'lodestar' amount based on a reasonable hourly rate multiplied by a reasonable number of hours expended," while "keep[ing] in mind the level of fees necessary to act as a deterrent." *Id.* "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

//

Under the lodestar method, a district court must first "calculate[] the lodestar figure by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

multiplying the number of hours reasonably expended . . . by a reasonable hourly rate." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The fee applicant may provide "(1) contemporaneous billing records, (2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney of like skill and experience." *Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397-98 (citations omitted).

In support of their lodestar figures, Defendants' counsel submitted declarations and billing invoices. *See generally* ECF 86-2 (Anderson Decl.); ECF 86-3 (Fanning Decl.); ECF 86-4 (Freundlich Decl.); ECF 86-5 (Akley Decl.); ECF 86-6 (Somers Decl.). As explained below, Fox makes no serious effort to dispute the reasonableness of the requested fee award.

  1.  ***Reasonableness of Hourly Rates***

"A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'" *Kelly*, 822 F.3d at 1099 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (citing *Hensley*, 461 U.S. at 433; *Camacho*, 523 F.3d at 980). "Affidavits of the [fee applicants]' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Camacho*, 523 F.3d at 980.

The Court, having reviewed the evidence submitted, finds that Defendants' counsel's uncontested hourly rates are reasonable. Most hours expended were charged by Davis, Wright, and Tremaine LLP ("DWT") at billing rates below the median billing rates of other peer firms. Fanning Decl. ¶¶ 3-6. The rates charged by Defendants' counsel at other firms also generally fall short of the median billing rates. *See id.* Fox does not dispute the hourly rates charged by Defendants' counsel. Instead, he contends without support that Defendants' counsel's hourly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

rates reflect "big law firm billing." ECF 88 at 3. But not all Defendants' counsel are "big law" firms, *see* ECF 89 at 9 n.2, and although the majority of work was performed by DWT, it charged at rates substantially below the median billing rates of other "big law" firms, *see* Fanning Decl. ¶¶ 3-6.

### 2. *Reasonableness of Hours*

Defendants explain that two attorneys and one paralegal at DWT, counsel for Carey Defendants, performed "the majority of work" related to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Motion for Sanctions and Reply in support of the same. ECF 86-1 at 8. Specifically, DWT expended a total of 169.3 hours on the Opposition and 64.1 hours on the moving and reply papers for the Motion for Sanctions. *See* ECF 86-2 (Anderson Decl.) ¶¶ 15-18; Ex. 1. Counsel for the other Defendants also reviewed drafts of Defendants' Opposition and Motion for Sanctions. Counsel for Afanasieff expended 9.1 hours on the Opposition and 3.8 hours on the Motion for Sanctions, including reviewing Plaintiffs' Motion for Summary Judgment, providing input on DWT's draft of the Opposition and Motion for Sanctions, and preparing a draft of the Reply in support of the Motion for Sanctions. ECF 86-4 (Freudlich Decl.) ¶¶ 12-16; Ex. 2. Counsel for Sony/ATV expended 20 hours on the Opposition and 23 hours on the Motion for Sanctions, primarily reviewing drafts of the filings and providing DWT with feedback. ECF 86-5 (Akley Decl.) ¶¶ 11-13; Ex. 3. Counsel for Kobalt likewise expended 2.6 hours on the Opposition and 3.4 hours on the Motion for Sanctions, also mostly reviewing the draft filings and proposing revisions. ECF 86-6 (Somers Decl.) ¶¶ 2-5, 11-14; Ex. 4.

The Court next considers whether any hours must be excluded because they are not reasonable. This includes "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. (recognizing that "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely"); *see also Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (explaining that to reduce the number of hours worked, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances" (citation omitted)). Fox does not dispute any of the billing entries submitted by Defendants' attorneys. However, the Court, having reviewed each and every billing entry in Defendants' fee request, finds that certain fees should be excluded. As reflected in the summary table below, the Court reduces the fees requested by each billing professional for (1) tasks on which excessive time was spent, (2) unnecessary, duplicative, or vague entries, and (3) time charged for clerical or secretarial tasks.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

| Attorney/Paralegal | Party | Hourly Rate | Hours Requested | Deduction | Hours Awarded | Lodestar |
|---|---|---|---|---|---|---|
| Anderson | Carey | $995.00 | 35.6 | 7.8 | 27.8 | $27,661.00 |
| Lamm | Carey | $615.00 | 178.9 | 105.9 | 73.0 | $44,895.00 |
| Planchon | Carey | $374.00 | 73.4 | 20.6 | 52.8 | $19,747.20 |
| Freundlich | Afanasieff | $575.00 | 11.4 | 10.2 | 1.2 | $690.00 |
| Grossbardt | Afanasieff | $575.00 | 1.5 | 0.9 | 0.6 | $345.00 |
| Farkas | Sony | $1,050.00 | 25.25 | 14.25 | 11.0 | $11,550.00 |
| Akley | Sony | $850.00 | 10.75 | 8.25 | 2.5 | $2,125.00 |
| Toms-Anthony | Sony | $695.00 | 5.25 | 3.75 | 1.5 | $1,042.50 |
| Zakarin | Sony | $1,325.00 | 1.75 | 1.75 | 0.0 | $0.00 |
| Deixler | Kobalt | $1,475.00 | 0.5 | 0.5 | 0.0 | $0.00 |
| Somers | Kobalt | $905.00 | 2.8 | 0.5 | 1.3 | $1,176.50 |
| Tehrani | Kobalt | $570.00 | 2.7 | 1.4 | 1.3 | $741.00 |
| **Total** | | | | | | **$109,973.20** |

3.   *Adjustments to Lodestar*

After computing the lodestar figure, the court "may adjust that figure pursuant to a 'variety of factors'" set forth in the *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975). *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013). Under the lodestar approach, however, "many of the *Kerr* factors have been subsumed as a matter of law" and are not to be considered at the second step of the analysis. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (collecting cases and noting that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored

Case 2:23-cv-09216-MRA-JDE   Document 93   Filed 12/23/25   Page 7 of 8   Page ID #:3797

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

procedure").

Fox offers no basis for reducing the lodestar figure under the *Kerr* factors. Instead, he contends that "award[ing] the entire group more than $70,000 would be reversible error." ECF 88 at 4. Saying so does not make it so. Fox does not cite *any* authority in support of this proposition, and his proposed figure appears to have been chosen at random. Similarly, Fox suggests that Defendants' lodestar figure is unreasonable because Plaintiffs only expended $40,000 in opposing Defendants' summary judgment motion. ECF 88 at 3. This assertion, like others made by Fox, is not only conclusory, but also irrelevant to determining the reasonableness of the fee award.

Any Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "Rule 11 provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party." *United States ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989); *see also Truesdell*, 209 F.R.D. at 175. Here, the lodestar amount is proportional to the clear need for deterrence and punishment in this case. Fox did not present this Court with any evidence or meaningful argument, in writing or at the hearing, to rebut Defendants' request for sanctions. For example, he did not file a declaration in support of his Opposition, and he did not identify which, if any, fees were unreasonable and why. The purpose of Rule 11 is to prevent frivolous litigation and ensure the integrity of the judicial process. Fox has been given many opportunities to engage fairly in this litigation, but he has failed to do so and must now face the consequences.

### III.   ORDER TO SHOW CAUSE

Separately, as noted above, no opposition was filed on behalf of Plaintiff Powers. *See* ECF 88 (referring to Stone as "Plaintiff" in the singular and making no mention of Powers). At oral argument, Fox explained that he no longer had contact with Powers, tacitly admitting that he had effectively withdrawn as Powers' attorney. Yet Powers is still a party in this case, and Fox and his co-counsel Douglas M. Schmidt ("Schmidt") have not sought leave of the Court to withdraw as his attorney.

Attorneys practicing in this district must comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act and the California Rules of Professional Conduct. L.R. 83-3.1.2. Under the California Rules of Professional Conduct, an attorney may withdraw from representation when a client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Pro.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-09216-MRA-JDE | Date | December 23, 2025 |
|---|---|---|---|
| Title | *Andy Stone, et al. v. Mariah Carey, et al.* | | |

Conduct 1.16(b)(4).  However, where "permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission."  *Id.* 1.16(c).  This district's Local Rules prohibit an attorney from withdrawing from representation except by leave of court.  L.R. 83-2.3.2.

Until leave to withdraw is granted, Fox and Schmidt remain under a professional duty to represent Powers' interests to the best of their ability.  It does not appear that Plaintiffs' counsel have upheld their ethical obligation to Powers.  Moreover, in the several months that the instant Motion has been pending, Fox and Schmidt have yet to file a motion to withdraw as Powers' attorney.

Thus, Fox and Schmidt are **ORDERED TO SHOW CAUSE** in writing no later than **January 5, 2026**, why their failure to comply with the California Rules of Professional Conduct and the Local Rules regarding withdrawal should not be the subject of disciplinary action (*e.g.*, referral to the District's Standing Committee on Discipline and/or the State Bar of California for further investigation).  *See* L.R. 83-3.1.  Failure to file a timely response carries its own sanctions.

### IV.   CONCLUSION

For the foregoing reasons, the Court **AWARDS** the amounts set forth below as sanctions payable to Defendants by Plaintiffs' counsel Gerard P. Fox.  Payment must be made within **90 days** of the date of this Order.

| Defendants | Total |
|---|---|
| Carey | $92,303.20 |
| Afanasieff | $1,035.00 |
| Sony | $14,717.50 |
| Kobalt | $1,917.50 |
| Total | $109,983.20 |

**IT IS SO ORDERED.**

Initials of Deputy Clerk   mku

cc: Fiscal Section