Peter Anderson, Esq. (Cal. Bar No. 88891)
    peteranderson@dwt.com
Lindsay M. Samuel, Esq. (Cal. Bar No. 320075)
    lindsaysamuel@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
    ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MARIAH CAREY, SONY MUSIC
ENTERTAINMENT, and UNIVERSAL
MUSIC CORP.

Kenneth D. Freundlich, Esq. (Cal. Bar No. 119806)
    ken@freundlichlaw.com
Jonah A. Grossbardt, Esq. (Cal. Bar No. 283584)
    jonah@freundlichlaw.com
FREUNDLICH LAW, APC
16133 Ventura Blvd., Ste. 645
Encino, California 91436
P: 818.377.3790
F: 310.275.5331

Attorneys for Defendant
WALTER AFANASIEFF

[*Additional Counsel on Following Page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ANDY STONE, *etc., et al.*,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>MARIAH CAREY, *etc., et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-09216-MRA-JDEx<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES<br><br>Date:    April 21, 2026<br>Time:    10:00 a.m.<br><br>Courtroom of the Honorable Mónica Ramírez Almadani<br>United States District Judge |

Benjamin S. Akley (Cal. Bar No. 278506)
    bakley@pryorcashman.com
Shamar Toms-Anthony (Cal. Bar No. 323246)
    stoms-anthony@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Tel: (310) 683-6900
Fax: (310) 943-3397

Ilene S. Farkas (admitted *pro hac vice)*
    ifarkas@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
Telephone: (212) 421-4100

Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Bert H. Deixler (Cal. Bar. No. 70614)
    bdeixler@kbkfirm.com
Patrick J. Somers (Cal. Bar. No. 318766)
    psomers@kbkfirm.com
Emma Tehrani (Cal. Bar. No. 329603)
    etehrani@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.    SUMMARY OF REPLY

Defendants respectfully submit this Reply in support of their Motion for Attorney's Fees (Doc. 100) pursuant to Section 505 of the Copyright Act, 17 U.S.C. Sections 101 *et seq.*

Throughout this case, Plaintiffs and their counsel have pursued an unreasonable claim that Plaintiffs have exclusive rights to include references to Christmas trees, Santa, mistletoe, and other Christmas tropes in Christmas songs with very different music. In their latest facially defective filing, Plaintiffs' Opposition to Defendants' Motion for Attorney's Fees—mislabeled as their Opposition to the already-ruled-upon Motion Re Amount of Sanctions to be awarded (Doc. 110)—relies on misrepresentations and conclusory assertions contradicted to the record.

Plaintiffs claim that one of their lawyers was not served with Defendants' Motion for Attorney's Fees. However, that is not only demonstrably false but ignores that Plaintiffs are represented by two firms and Plaintiffs do not deny that their other lawyer was served with the Motion.

As to the merits, Plaintiffs' Opposition nowhere mentions the factors relevant to ruling on a Section 505 motion for attorney's fees. As a result, Defendants' showing is unrebutted that all the relevant factors cut in favor of granting Defendants' Motion for Attorney's fees and, indeed, that denying their Motion would be contrary to case law, including *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 654-55 (9th Cir. 2020) (district court abused its discretion in denying motion for attorney's fees to defendants who successfully defended unreasonable claims by an "overreaching" copyright plaintiff). That leaves Plaintiffs with their conclusory assertions that the amount sought is excessive. But Plaintiffs fail to identify any charges—specific or otherwise—and rely instead on Plaintiff's false assertion that Defendants' counsel did no more than file a summary judgment motion and oppose another.

1

Defendants respectfully submit that their Motion for Attorney's Fees should be granted, that $938,890.50 in attorney's fees—which excludes the attorney's fees Defendants incurred in opposing Plaintiffs' cross-Motion for Summary Judgment—is reasonable in this case, and that Plaintiffs should be deemed jointly and severally liable for the $109,983.20 in attorney's fees the Court has already concluded are the reasonable fees Defendants incurred in opposing that cross-Motion and which the Court awarded against Mr. Fox as sanctions.[1]

**2. <u>PLAINTIFFS FAIL TO REBUT DEFENDANTS' STRONG SHOWING THAT THEIR MOTION FOR ATTORNEY'S FEES SHOULD BE GRANTED</u>**

**(a) <u>Plaintiffs Falsely Claim That Their Counsel Was Not Served with Defendants' Motion for Attorney's Fees</u>**

Plaintiffs represent to the Court that one of their lawyers, Mr. Fox of Gerard Fox Law, P.C., "did not receive service of" Defendants' Motion for Attorney's Fees. Pltfs' Oppn. at 1:25-2:10. As an initial point, Plaintiffs simply ignore that they also are represented in this action by Mr. Fox's co-counsel, Douglas M. Schmidt of Douglas M. Schmidt, APLC. *See* Jul. 17, 2024, PHV Order (Doc. 66). They do not dispute he was served with Defendants' Motion. Moreover, Plaintiffs' representation that Mr. Fox was not served—which is unsupported by any declaration or other proof—unravels quickly.

Plaintiffs state that the Court's Notice of Electronic Filing ("NEF") directs that Mr. Fox be served by mail, but that he did not receive a mailed copy. *See* Pltfs' Oppn. at 1:25-2:7. However, the NEF language Plaintiffs rely upon—"Notice has been delivered by First Class U.S. Mail"—is part of the NEF form and identifies any

---

[1] Ordering that Plaintiffs are jointly and severally liable for the $109,983.20 in attorney's fees in opposing Plaintiffs' cross-Motion is especially important because Mr. Fox has failed to comply with the Court's December 23, 2025, Order (Doc. 93) that he pay that sanction within 90 days, *i.e.*, by March 23, 2026. He and his co-counsel, Mr. Schmidt also have ignored the Court's Order to Show Cause. *Id.* at 8.

2

counsel or parties who are not registered CM/ECF users and, as a result, they are to be served by mail. Here, that portion of the Court's February 3, 2026, NEF transmitting a link to Defendants' Motion for Attorney's Fees is blank; it does not state, as Plaintiffs claim, that their counsel was to get notice by mail. Instead, that NEF lists Plaintiffs' counsel among those to whom "[n]otice has been electronically mailed…." Further, the NEF identifies the e-mail addresses used to serve "Gerard P. Fox" with Defendants' Motion for Attorney's Fees and those e-mail addresses include Mr. Fox's email, gfox@gerardfoxlaw.com, which is the e-mail address that has been used throughout this case to e-mail him. Reply Decl. at 1 ¶¶ 3-4, and Ex. 5.

Remarkably, after denying Mr. Fox was served, Plaintiffs go on to seemingly acknowledge that he received the NEF e-mail with its link to Defendants' Motion. Plaintiffs argue in a footnote that Mr. Fox depends on his paralegals or executive assistants to provide him with documents served electronically, and he had no paralegals or executive assistants when Defendants filed their Motion for Attorney's Fees on February 3, 2026. Pltfs' Oppn. at 2 n. 1. Of course, whatever his practice with respect to NEFs he receives, he does not dispute that he received the February 3, 2026, NEF serving Defendants' Motion on him. Further, Plaintiffs go on to state that Mr. Fox hired his current paralegal the very next day, February 4, 2026. Id. Even assuming that Mr. Fox's new paralegal did not bother to provide him with a copy of Defendants' Motion for Attorney's fees filed the day before, and even assuming Mr. Fox did not open the NEF's link to Defendants' Motion itself, the NEF he does not dispute receiving on February 3, 2026, states in bold letters and blue:

**NOTICE OF MOTION AND MOTION for Attorney Fees filed by Defendants ….**

Reply Decl. Ex. 5. Mr. Fox did not need to click the NEF's link or obtain a copy of Defendants' Motion from a paralegal or executive assistant: The NEF he received by e-mail on February 3, 2026, prominently stated that Defendants had moved for attorney's fees.

3

Plaintiffs' argument that Mr. Fox was not served with Defendants' Motion for Attorney's Fees is simply not true.

**(b)** **Plaintiffs Fail to Respond to Defendants' Showing That All the Applicable Factors Confirm Defendants' Entitlement to Attorney's Fees**

Plaintiffs do not even attempt to rebut Defendants' showing that all of the *Fogerty* factors, as well as the most important factor of furthering the Copyright Act's purposes, cut strongly in favor of awarding attorney's fees:

- Defendants prevailed completely and on the merits;

- Plaintiffs took frivolous and objectively unreasonable positions;

- Plaintiffs' motivation in using a frivolous claim for $20,000,000 and threat of a permanent injunction against Defendants' *All I Want for Christmas Is You* to extract undeserved payments was base;

- the Individual Songwriters and other Defendants should be compensated for successfully defending their iconic song;

- Awarding attorney's fees will deter Plaintiffs and others from filing unreasonable and frivolous claims for copyright infringement; and

- Defendants' successful defense of Plaintiffs' claim furthers the purposes of the Copyright Act by preserving public access to Defendants' iconic Christmas song, by helping maintain a vigorous public domain in which all may write songs using such common property as Christmas trees, mistletoe, snow, and presents, and by helping to demarcate the boundaries of copyright law as clearly as possible.

Defs' Memo. iso Motion for Atty's Fees (Doc. 100-1) at 2-11.

///

4

Plaintiffs' complete and utter failure to address the relevant factors concedes the grounds establishing that Defendants are properly awarded attorney's fees under Section 505.

**(c)** **Plaintiffs Falsely Claim That Defendants' Counsel's Only Work Was on the Summary Judgment Motions, and Plaintiffs Fail to Identify Any Supposedly Excessive Charges**

Plaintiffs do argue against the amount of attorney's fees sought. But that is all Plaintiffs do, argue, and "attorney arguments cannot be offered as evidence in any proceeding…." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1062 (S.D. Cal. 2007). Plaintiffs provide no declaration or other proof, they do not identify any charges that are supposedly beyond reasonable amounts, and they do not challenge defense counsel's respective hourly rates. *See, e.g.*, *Counts v. Meriwether*, No. 2:14-CV-00396-SVW-CW, 2016 WL 1165888, at *6 (C.D. Cal. Mar. 9, 2016) (attorney's fees awarded to defendant prevailing on summary judgment, where, *inter alia*, "Plaintiffs have not identified any specific hours expended that are unreasonable.").

Instead, Plaintiffs assert that the attorney's fees sought are excessive because Defendants' counsel only moved for summary judgment and opposed Plaintiff's cross-motion for summary judgment. *See* Pltfs' Oppn. at 2:11-24 (the amount "cannot be deemed a reasonable amount of attorneys' fees to make a motion and oppose another"; Defendants' counsel only filed "a motion and an opposition to a motion"). But Defendants' counsel did much more, including, for example, pleading to Plaintiffs' Amended Complaint, preparing the briefing on the Defendants' Motion for an Order establishing an initial phase as to this Circuit's extrinsic test, preparing and exchanging initial and rebuttal expert reports, and conducting expert discovery and depositions. *See also Counts*, 2016 WL 1165888, at *6 (plaintiff's contention that defense just prepared motions to dismiss and for summary judgment and spent a single

///

5

week in depositions, "fails to consider Defendants' detailed billing statements, which identify all of the work performed.").

As for Defendants' Motion for Summary judgment, Plaintiffs refer to it as just a motion, but summary judgment briefing—especially in music cases—is time-consuming, and substantial fees were incurred in drafting opening and reply papers, including memoranda, separate statements, and objections.  Defendants have already provided examples—which Plaintiffs ignore—where attorney's fees awarded in copyright cases resolved by summary judgment significantly exceed those Defendants incurred here.  *See* Defs' Memo. iso Mtn. for Attorney's Fees at 17 (citing *UM Corporation v. Tsuburaya Prods. Co., Ltd.*, 793 Fed. Appx. 511, 516 (9th Cir. 2019) (affirming award of $3,938,227.22 in attorney's fees where defendants prevailed at summary judgment); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814-16 (9th Cir. 2003) (reversing denial of defendant's motion for $1,600,000 in attorney's fees and expenses following summary judgment for defendant).  Moreover, Plaintiffs' Opposition to Defendants' Motion triggered additional attorney's fees in, for example, successfully objecting to Plaintiffs' claimed experts on *Daubert* grounds and for failure to apply this Circuit's extrinsic test.  *See* Mar. 19, 2025, Order (Doc. 85) at 15-25.

Plaintiffs' Opposition next quotes *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008), as stating that counsel are required to make "a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary."  Pltfs' Oppn. at 2:18-22.  But that quote does not appear in *Moreno*, nor do the words good faith, exclude, or redundant.  *See* 534 F.3d 1106.  And, once again, Plaintiffs do not identify any charges as being excessive or improper.

Finally, Plaintiffs end their Opposition by twice urging the court to "reduce" the attorney's fees below those sought and then asking that the Motion "be denied in its entirety."  Pltfs' Oppn. at 3:1-4.  Having failed to identify any supposedly improper charges, Plaintiffs provide no basis to reduce the attorney's fees.  And having failed

to even mention the factors relevant to granting Section 505 attorney's fees, Plaintiff concedes those factors cut in favor of granting Defendants' Motion. Plaintiffs also argue that they "are older music artists who relied on some of the top musicologists in the industry." Pltfs' Oppn. at 3:1-2.[2] But as older musical artists supposedly guided by "top musicologists," they, their musicologists, and their counsel knew it was unreasonable and even frivolous to claim exclusive rights to refer to Christmas trees, mistletoe, and other Christmas tropes in Christmas songs that are musically and lyrically very different.

## 3.    CONCLUSION

Defendants successfully defended Plaintiffs' claim and, in doing so, furthered the purposes of the Copyright Act. Plaintiffs do not even try to rebut Defendants' showing and, instead, rely on conclusory assertions and misrepresentations as to the work done. Defendants respectfully submit that attorney's fees are properly awarded here.

Dated: April 7, 2026

/s/ Peter Anderson

Peter Anderson, Esq.
Lindsay M. Samuel, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MARIAH CAREY,
SONY MUSIC ENTERTAINMENT,
and UNIVERSAL MUSIC CORP.

---

[2]    Plaintiffs do not dispute their ability to pay an attorney's fees award. *See, e.g.*, First Am. Compl. (Doc. 31) at 4-5 ¶¶ 15-17 (Mr. Stone, who performs under the name Vince Vance, "has performed his hit songs in over 8,000 concerts across more than twenty countries" and "released 30 CD albums," which include three Number One hits), and 18 (Mr. Powers co-authored their allegedly copied recording, which "became a country music hit.").

7

Dated: April 7, 2026

/s/ Kenneth D. Freundlich

Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW
Attorneys for Defendant
WALTER AFANASIEFF

Dated: April 7, 2026

/s/ Ilene S. Farkas

Ilene S. Farkas, Esq.
Benjamin S. Akley, Esq.
Shamar Toms-Anthony, Esq.
PRYOR CASHMAN LLP
Attorneys for Defendant
SONY MUSIC PUBLISHING (US) LLC

Dated: April 7, 2026

/s/ Bert H. Deixler

Bert H. Deixler, Esq.
Patrick J. Somers, Esq.
Emma M. Tehrani, Esq.
KENDALL BRILL AND KELLY LLP
Attorneys for Defendant
KOBALT MUSIC PUBLISHING
AMERICA, INC.

## Attestation Regarding Signatures

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: April 7, 2026

/s/ Peter Anderson

Peter Anderson, Esq.

8